| | | |
|---|---|---|
| VERONICA POLLARD, et al | * | IN THE |
| Plaintiffs | * | UNITED STATES |
| v. | * | DISTRICT COURT |
| THE UNITED STATES OF AMERICA, et al | * | FOR THE |
| | * | DISTRICT OF MARYLAND |
| Defendants | * | CASE NO.: WDQ-02-764 |

\* \* \* \* \*

## MOTION FOR SANCTIONS

The Defendant, Raj Gupta, M.D., by and through his attorneys, Joan Cerniglia-Lowensen and Morgan Shelsby Carlo Downs & Everton, P.A., respectfully files the following motion for sanctions and for grounds states:

1. The above-captioned matter involves a medical malpractice action where the Plaintiff, Veronica Pollard, received care from the above-captioned Defendant, and the Co-Defendants.

2. Veronica Pollard was suffering from breast cancer. The allegations include that this Defendant failed to advise Plaintiff not to relocate in England where the standard of care regarding breast cancer treatment is different.

3. The care provided to Ms. Pollard while she was in England was directed by an English oncologist, David Dodwell, M.D.

4. This Defendant has sought to speak with and video tape the deposition of David Dodwell, M.D.

5. In January of 2003, counsel for this Defendant sent correspondence to Dr. Dodwell requesting that he speak with her regarding this case. (See Exhibit A)

6. Later in January of that month, this counsel received correspondence from Dr. Dodwell requesting an authorization permitting this conversation. (See Exhibit B)

7. An authorization form was forwarded to Plaintiff's attorney requesting that Veronica Pollard provide authorization for such conversations. (See Exhibit C)

8. On February 5, 2003, correspondence was sent to this counsel revising the authorization form to indicate that conversation should take place only in the presence of Plaintiff's counsel. (See Exhibit D)

9. On February 11, 2003, this counsel received another request from David Dodwell, M.D., requesting authorization by Ms. Pollard. (See Exhibit E)

10. On April 3, 2003, this counsel wrote to counsel for the Plaintiff requesting written consent to schedule the deposition of Dr. Dodwell. (See Exhibit F)

11. On April 22, 2003, this counsel again requested that the authorization be signed so that the deposition of David Dodwell, M.D., could go forward. (See Exhibit G)

12. On April 22, 2003, the authorization was signed. This authorization was immediately forwarded to David Dodwell, M.D. (See Exhibit H)

13. The video tape deposition of Dr. Dodwell has been scheduled, by agreement, to take place in the United Kingdom on October 6, 2003. All counsel agreed upon this date and location.

14. When final arrangements for the deposition were being made by the administrative assistant of the below signed counsel, Dr. Dodwell requested a brief conversation to discuss the areas of inquiry that would be made during the

depositions so that he could be adequately prepared for the video taped deposition. He counsel was not available to address the doctor's question at that point in time. He therefore, requested that counsel for Dr. Gupta call him to discuss this issue. He further indicated that the plan to have the same conversation with counsel for the Plaintiff.

15. A conversation was held between counsel for Dr. Gupta and Dr. Dodwell regarding the areas of anticipated inquiry.

16. On September 5, 2003, counsel for Dr. Gupta received a fax from David Dodwell, M.D., indicating that Plaintiff's counsel had contacted him and that they indicated to him that he had acted improperly in speaking with the below signed counsel. (See Exhibit I)

17. After receiving the email from Dr. Dodwell, the below signed counsel called the counsel for the Plaintiff, Lesley Zork, to discuss the issue. Ms. Zork refused to discuss this with counsel and merely indicated that she would be filing a motion with the Court for what she identified as improper conduct. During the conversation, counsel for the below signed Defendant indicated to Ms. Zork that she had learned of her concerns from Dr. Dodwell and wished to resolve these. Despite this, Ms. Zork refused to continue the conversation.

18. Approximately thirty (30) minutes later, this counsel received an email from Plaintiff's counsel that was directed to David Dodwell, M.D. This email from Plaintiff's counsel is clearly an attempt to tamper with the witness and an attempt to stop the deposition of the treating physician in England. (See Exhibit J)

19. The Federal Courts have long accepted the proposition that "a litigant will have waived confidentiality or privilege by asserting a matter in litigation that required disclosure of otherwise protected material." Lopez v. Raven Transport, Inc., 2002, U.S. Dist. LEXIS 22914; Doe v. James M. Inman Construction Corp., 281 A.D. 2d 387, 721 N.Y.S. 2d 283 (2d Dep't 2001); See also, O.C.G.A. § 24-9-40 (2002).

20. Counsel for the Plaintiff is fully aware of this state of the law concerning confidentiality. Counsel cannot, pursuant to a change in an authorization form, affect the law regarding this case.

21. The email sent to David Dodwell, M.D. is nearly an attempt to intimidate the physician and prevent full discovery into the facts regarding medical care provided to Veronica Pollard. See, Meyer v. McDonnell, 40 Md. App. 524, 392 A. 2d 1129 (1978).

22. Counsel's failure to discuss this matter with the below signed counsel and to explore the nature of the discussions between David Dodwell, M.D. and counsel, indicates that this matter cannot resolved without Court intervention.

23. Wherefore, counsel for Dr. Gupta requests that counsel for the Plaintiff be prevented from intimidating David Dodwell, M.D., prevented from suggesting to Dr. Dodwell that he had violated patient privilege and permit the deposition of David Dodwell, M.D. to go forward as scheduled.

Respectfully submitted,

*[signature]*

Joan Cerniglia-Lowensen, #10747
Morgan Shelsby Carlo Downs & Everton, P.A.
4 North Park Drive, Suite 404
Hunt Valley, Maryland 21030-1876
Attorney for Defendants,
Raj R. Gupta, M.D. and
Sterling Medical Corporation

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5<sup>d</sup> day of Sept, 2003, a copy of the foregoing Motion for Sanctions on behalf of Defendant Raj Gupta, M.D. was mailed postage prepaid to:

Lesley S. Zork, Esquire
Bruce J. Klores & Associates
915 Fifteenth Street, N.W.
Third Floor
Washington, D.C.  20005

Peter R. Masciola, Esquire
Law Offices of Peter Masciola
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004

Larry Adams, Esquire
Assistant United States Attorney
United State Attorney's Office
6625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland  21201

Catherine A. Hanrahan, Esquire
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
1341 G Street, NW, 5th Floor
Washington, D.C.  20005

_____
Joan Cerniglia-Lowensen, #10747
Morgan Shelsby Carlo Downs & Everton
4 North Park Drive
Suite 404
Hunt Valley, Maryland  21030
410-584-2800

| | | |
|---|---|---|
| VERONICA POLLARD, et al | * | IN THE |
| Plaintiffs | * | UNITED STATES |
| v. | * | DISTRICT COURT |
| THE UNITED STATES OF AMERICA, et al | * | FOR THE |
| | * | DISTRICT OF MARYLAND |
| Defendants | * | CASE NO.: WDQ-02-764 |

\* \* \* \* \*

### CERTIFICATION OF GOOD FATIH ATTEMPT

I, Joan Cerniglia-Lowensen, am counsel for Raj Gupta, M.D. in the above-captioned matter. I hereby certify to the following facts:

1. On September 5, 2003, I was made aware of the dispute identified in this Defendant's Motion for Sanctions by David Dodwell, M.D.

2. In an attempt to resolve this matter and to explain the facts to Plaintiff's counsel, I placed a telephone call to Lesley Zork, Esquire.

3. At that time, Ms. Zork refused to discuss this matter and informed this counsel that she would be filing an appropriate motion with the Court and that no further contact between counsel would occur.

4. Based upon my conversation with Ms. Zork, I believe that Court intervention is necessary to resolve this matter.

_____
Joan Cerniglia-Lowensen #10747

| | | |
|---|---|---|
| VERONICA POLLARD, et al | * | IN THE |
| Plaintiffs | * | UNITED STATES |
| v. | * | DISTRICT COURT |
| THE UNITED STATES OF AMERICA, et al | * | FOR THE |
| | * | DISTRICT OF MARYLAND |
| Defendants | * | CASE NO.: WDQ-02-764 |

\* \* \* \* \*

## ORDER

Having considered the Defendant's Motion for Sanctions, and finding good cause therein, it is this ____ day of _____, 2003, hereby ORDERED that:

1. Counsel for the Plaintiff refrain from suggesting to Dr. Dodwell that his actions were improper;

2. inform the doctor that his deposition presently scheduled for October 6, 2003, will go forward as scheduled;

3. inform the doctor that he is free to speak with or not to speak with counsel for either party regarding this matter.

 

_____
William J. Quarles
Judge
United States District Court
For the District of Maryland