IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, et al., ) | |
| ) | |
|    Plaintiffs ) | |
| ) | |
|       v. ) | CA No. S-02-CV-764 |
| ) | Judge Quarles |
| THE UNITED STATES OF ) | |
| AMERICA ) | |
| ) | |
|    Defendant ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT GUPTA'S
MOTION FOR SANCTIONS, AND CROSS-MOTION FOR SANCTIONS**

Plaintiffs, Veronica and Roosevelt Pollard, through counsel, Lesley S. Zork, Bruce J. Klores, and Bruce J. Klores & Associates, P.C., respectfully oppose defendant Raj Gupta, M.D.'s Motion for Sanctions, and move for sanctions against defendant Gupta and his counsel.

In a race to the courthouse, counsel for defendant Gupta has filed a Motion seeking sanctions against plaintiffs' counsel in an effort to neutralize her own inexcusable misconduct. In doing so counsel has selectively disclosed the facts surrounding a controversy that is of her own making, and has misled both the Court and counsel. This not only heightens the audacity of defendant's Motion for Sanctions, but also places defense counsel's credibility at the center of this dispute. Regrettably, because of defense counsel's overreaching and the seriousness of the allegations leveled against plaintiffs' counsel, we are now forced to air the full history and acrimony of the conflict, and to seek the Court's protection.

Plaintiffs' counsel learned on September 5, 2003, that Ms. Cernigilia-Lowensen had engaged in *ex parte* communications with Dr. David Dodwell, Mrs. Pollard's treating oncologist in England in 1999-2000, during the course of a telephone conversation with Dr. Dodwell.

1

Counsel's actions were a flagrant violation of Mrs. Pollard's privacy rights under the Health Insurance Portability and Accountability Act (HIPAA), 45 CFR § 164.512(e), and the doctor patient privilege in England, and were a deliberate breach of the explicit terms of the Authorization that was agreed to by counsel and signed by Mrs. Pollard.  The Authorization allowed Ms. Cernigilia-Lowensen to obtain all of Mrs. Pollard's medical records from Dr. Dodwell, and to schedule his deposition.  However, under the express terms of the consent, Ms. Cerniglia-Lowensen was <u>not</u> authorized to speak with Dr. Dodwell outside the presence of plaintiffs' counsel.

According to Dr. Dodwell, Ms. Cerniglia Lowensen's *ex parte* communications included a two hour telephone conversation on September 2 or 3, 2003; and a June 9, 2003 letter from Ms. Cerniglia-Lowensen to Dr. Dodwell, that was calculated to inflame Dr. Dodwell and to shape his deposition testimony in favor of Dr. Gupta and against Mrs. Pollard.  In the June 9 letter, Ms. Cerniglia-Lowensen falsely asserted that plaintiffs were "making wild accusations" about Dr. Dodwell's care and the medical care in England.  The letter implored Dr. Dodwell for his help in defending Dr. Gupta, and offered to pay him for his assistance.  This letter, the contents of which were read by Dr. Dodwell to plaintiffs' counsel, was not attached to defendant's Motion for Sanctions.  Ms. Cerniglia-Lowensen continues to deny the existence of such a letter to plaintiffs' counsel.  Dr. Dodwell also indicated that there had been numerous other email exchanges between himself and Ms. Cerniglia-Lowensen.

In addition to the June 9 letter and other emails, Ms. Cerniglia-Lowensen sent Dr. Dodwell several volumes of Mrs. Pollard's medical records regarding her care and treatment for cancer here in the United States — before and after Dr. Dodwell treated Mrs. Pollard in England.

These records were not available to Dr. Dodwell during 1999-2000 when he treated Mrs. Pollard, and did not factor into his treatment at the time. This action can only be interpreted as a surreptitious effort to turn Dr. Dodwell from a fact witness regarding his treatment of Mrs. Pollard, into an expert witness against her.

In defendant's Motion for Sanctions, counsel asserts that Mrs. Pollard waived her confidentiality rights with respect to Dr. Dodwell by virtue of this lawsuit, and that counsel therefore had the right to have *ex parte* communications with Dr. Dodwell notwithstanding the terms of the Authorization that counsel agreed to in April, 2003, when counsel was eager to schedule Dr. Dodwell's deposition. As foul as this bait and switch tactic may be, it is less serious than counsel's deliberate decision to disregard Mrs. Pollard's statutorily protected privacy rights under HIPAA, and the doctor-patient privilege that exists in England.

The prejudice to plaintiffs from defense counsel's deliberate *ex parte* efforts to turn Dr. Dodwell from a fact witness regarding his role in treating Mrs. Pollard into an adversary against his patient cannot be cured at this point. The prejudice, coupled with the seriousness of counsel's misconduct, warrants serious censure as well as remedial action. Accordingly, plaintiffs request that the Court Order the following: 1) defendants be precluded from deposing Dr. Dodwell; 2) defendant's be required to pay plaintiffs' costs associated with opposing defendant's Motion for Sanctions and Cross Motion; 3) counsel for defendant Gupta be compelled to turnover all correspondence between herself and Dr. Dodwell, and all other letters, bills, emails, attorney notes and memos that relate to counsel's communications with Dr. Dodwell, to plaintiffs' counsel; and 4) whatever further relief the Court deems just and proper. Plaintiffs' respectfully refer the Court to the attached Memorandum and Exhibits in further

support of this Opposition and Cross-motion.

WHEREFORE, for these reasons and any others that may appear to the Court, plaintiffs respectfully request that defendant Gupta's Motion For Sanctions be denied, and that Plaintiffs' Cross-Motion for Sanctions be granted.

       Respectfully submitted,

       BRUCE J. KLORES & ASSOCIATES, P.C.


By:_____
  Lesley S. Zork - #013454
  Bruce J. Klores - #03320
  915 15th Street, NW
  Washington, D.C. 20005
  (202) 628-8100
Co-counsel for Plaintiffs

  and

LAW OFFICES OF PETER MASCIOLA


_____
Peter R. Masciola - #12958
601 Pennsylvania Avenue, N. W. #900
Washington, D.C. 20004
202-628-5680
Co-counsel for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby Certify that a copy of the foregoing Plaintiffs' Opposition to Defendant Gupta's Motion for Sanctions and Cross Motion for Sanctions was mailed first class postage prepaid to the following person this _____ day of September, 2003.

| | |
|---|---|
| Larry D. Adams | Joan Cerniglia-Lowensen, Esquire |
| Assistant United States Attorney | Morgan Shelsby Carlo Downs & Everton |
| 6625 United States Courthouse | 4 North Park Drive #404 |
| 101 West Lombard Street | Hunt Valley, MD 21030 |
| Baltimore, Maryland 21201 | |

Catherine A. Hanrahan, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker
1341 G Street, N. W. - 5th Floor
Washington, DC 20005-3105

                                                               _____
                                                               Lesley S. Zork

1606\opp.sanctions.final