BRUCE J. KLORES
m.c..MD.. VA.)
RICHARD J. FOGELSON.EMT.QT m.c..MD.. VA.. CO')
LESLEY S. ZORK. R.N.
    m.c.,MD')
FATRICIAC. KARPFI
    m.C..VA')
AMY D. BERK. R.N.. MSN
    !NURSE CONSULTANT)


BRUCE J. KLORES & ASSOCIATES


ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
915 FIFTEENTH STREET. N. W;
THIRD FLOOR
WASHINGTON. D.C. 20005
(2021628-8100
    TELECOPIER (202) 628-1240 TOLL FREE 1 (877) 223-3688
        www.kIores.com


September **11,** 2003


<u>**VIA FACSIMILE** & FIRST **CLASS MAIL (410) 584-2020**</u> Joan Cemiglia-Lowensen, Esquire
Morgan Shelsby Carlo Downs & Everton
4 North Park Drive #404
Hunt Valley, MD 21030


Re


<u>Pollard. et al. v. United States</u>


**Dear** Joan:


    VffiGINlA OFFICE
1700 NORTH ~OORE STREET
SUITE 1010
ARLINGTON.VffiGINIA 22209
    (703) 51900789


    In your Motion you represent to 1:he Court that your conversation wi1:h Dr. Dodwell was limited to "1:he area's of anticipated inquiry ,"at his upcoming deposition, which is also what you told me when you called last Friday. You began 1:hat phone conversation by saying, "I want to assure you 1:hat we did not talk about any1:hing privileged." In making these representations to the Court and to me you have placed your own credibility and 1:he entire content of your conversations with Dr. Dodwell at issue, and have therefore, waived any work product or
attorney client privilege. You have suggested in pleadings to the Court that Bruce and I have acted improperly, in contrast to your own conduct. We take that as seriously as we do the fact that you have had ongoing *ex parte* communications wi1:h pr. Dodwell, in knowing breach of our client's doctor-patient privilege and the express terms of1:he Authorization that you agreed to back in April when you asked to schedule his deposition.

    .If you object to turning thisinfoffi1ation over at this time, at the very least we are entitled to a privilege log of all

notes, memo's and client correspondence in your files regarding Dr. Dodwell, and to an *in camera* production of these documents for a deteffi1ination of whether you and Dr. Dodwell breached Mrs. Pollard's doctor-patient privilege and teffi1s of the Authorization to which we both agreed. Please let me know if you will provide ihis voluntarily or if I will need to take it up with the Court.

I must respectfully take issue with the representation in your letter of September 11,2003, that you have given us copies of all correspondence between you (including your office) and Dr. Dodwell. The letters and emails themselves speak to other correspondence. I am also aware of

BRUCE J. KLORES & ASSOCIATES
    Joan Cemiglia-Lowensen, Esquire Page Two
    September .11, 2003

other letters from you to Dr. Dodwell that I am prepared to disclose in an Affidavit to the Court if necessary. I would ask that you review your files again for any additional correspondence, and forward it to me promptly.

We have cooperated fully with you in your efforts to schedule Dr. Dodwell's deposition. It is wrong for you to suggest otherwise. You submitted an Authorization for our client's signature. We countered with an Authorization that we would agree to have our client sign. You accepted our proposed Authorization and asked to have our client sign it so that you could schedule Dr. Dodwell's deposition. We had our client sign the Authorization, and sent it to you promptly. We went along with the dates and arrangements you made with Dr. Dodwellfor his deposition.

We now know that you have gone to great lengths to taint and inflame Dr. Dodwell by knowingly misrepresenting to him that plaintiffs have been critical of his care in this case. I am s~rised that you would do this knowing that it is not true. You have asked each and every one of our experts at deposition whether they were critical of the care that was provided in England. I have objected each and every time, and stated on the record that our experts would not be asked at trial about the care in England. I have further stated that our experts would only be asked about the care that Mrs. Pollard received at Eisenhower. Despite my representations, you have insisted on asking the question. All of our experts have testified that they are not familiar with the standard of care in England.

Because you have violated our client's doctor-patient privilege and the express teffils of our agreement, and because of your efforts to inflame Dr. Dodwell and turn him against Mrs. Pollard, we can no longer go along with your desire to depose him. We intend to oppose your Motion for Sanctions, and to request appropriate sanctions in return.

I am very disappointed that the litigation has taken this turn. I would never have expected it of you, and I hate to see a case that should proceed on its merits become burdened with rancorous litigation. If you see another way to resolve this issue short of a full airing before the Court, please let me know.

Very truly yours,

BRUCEJ. KLORES & ASSOCIATES, P.Co
,~:t~ -"-"'--7
Lesley S. *Zorl* "---~

cc: **BruceJ. Klores, Esquire**
I.606\1-lowensen.dodwell.2