# MORGANSHELSBY
# CARLO DOWNS & EVERTON

ALAN M. CARLO{MD, DC, CT)
JOAN CERNIGLIA- LOWENSEN(MD, DC) MARY ALANE DOWNS (MD}
ANGUS R. EVERTON{MD)
ROBERT ). LEONI (DE)
ROBERTC. MORGAN (MQOC) GILBERTF.SHELSBY, JR. (MD, OC,.DE)

OFFICE ALSO IN:
NEW ARK, DELA W~

A PROFESSIONAL ASSOCIATION

4 NORTH PARK PRIVE
SUITE 404
HUNT VALLEY, MARYLAND 21030-1876
410-584-2800
F ACSIMILE41 0-584-2020
www.morganshe1sby.com

September 12, 2003

Via Facsimile an~ -202-628-1240

Lesley S. Zork, Esquire
BruceJ. Klores & Associates; P.C. 91515thStreet,N.W.
Washington, D.C.. 20005

Re

Veronica Pollard, et al v. Raj Gupta, M.D., et a} Our File No.: 375.02549

Dear Lesley:

TARA M. CLARY (MD)
ROBIN E. HAUPTMANN (MD, DC) MICHAEL). LOGULLO (DE) MARIANN):;. DEPAULO PLANT (MD)

*JOSEPHY.* BRAnAN,. ill (1933-1999)
WRITER'S E-MAIL ADDRESS:
          com



*t:*
r c'-
r "
\~ .
 c~
         c

Regarding your correspondence faxed on September 11, 2003, I disagree with many of the suggestions listed in your letter. I have voluntarily reviewed my file and provided you with all copies of correspondence sent to Dr. Dodwell. If you have additional correspondence, please make me aware of the date of these and I will acknowledge whether I have them or not. I am not sure what your suggestions are that there was additional correspondence which I have not provided. many event, I am confused by your comments.

If the Court orders an *en camera* review of my correspondence, 1 will be happy to comply. Regarding the authorization, this was the consent desired by *tne* doctor. I have always contend~d that yourciient.'s filing ofalawsuit waives any right. to information held by treating physicians pursuant. to either Maryland or Georgia law. I believe that this area of the law is quite clear. Any suggestion that 1 acted improperly is ludicrous.

As I attempted to tell you on the telephone and as I have represented to the court, Dr. podwellwished to speak with me regarding what my areas of inquiry would be during the *de bene esse* deposition. At that time, he also informed me that he would speak with you the next day to discuss the same thing.

As I. would have told you, had you consented to speak with me regarding this issue, Dr. Dodwell and I discussed my interest in the standard of care in England in 1998 and 1999. Specifically, whether chemotherapy would have been available to Mrs. Pollard. Additionally, Dr.

September 12,2003
Page 2 of 3

Dodwell assured me that the only recollection that he had of Mrs. Pollard was his medical records. He read medical excerpts of the medical record to me during our conversation. As you know, you voluntarily turned over that medical record along time ago. Any suggestion that Dr. Dodwell released privileged information is completely without basis.

This is what I desired to discuss with you on September 5,2003.

I should also add that Dr. Dodwell requested a complete set of the medical records of Veronica Pollard prior to his deposition. These were forwarded to him upon request.

I do take issue with any suggestion that I have acted improperly in this matter. I too would prefer to resolve this without court intervention. I am, however, not prepared to postpone or cllilcel the deposition of Dr. Dodwell.

Very **truly** yours,

*[signature]*

Joan Cemiglia- Lowensen

*[signature]*

JCUmpm
cc: Peter R. Masciola, Esquire
   Larry Adams, Esquire (via facsimile and mail) Catherine Hanrahan, Esquire (via facsimile and mail)
H:'JCL\Westem Litigation -Pollard\l.zork.O91203.doc