VERONICA POLLARD, et al      *     IN THE

     Plaintiffs      *     UNITED STATES

v.      *     DISTRICT COURT

RAJ R. GUPTA, M.D., et al      *     FOR THE

     Defendants      *     DISTRICT OF MARYLAND

     *     CASE NO.:  WDQ-02-764

\*     \*     \*     \*     \*

### REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT, RAJ R. GUPTA, M.D.'S MOTION FOR SANCTIONS AND CROSS-MOTION FOR SANCTIONS

The Defendant, Raj Gupta, M.D., by and through his attorneys, Joan Cerniglia-Lowensen and Morgan Shelsby Carlo Downs & Everton respectfully files the following Reply as follows.

In the Plaintiffs' Opposition to this Defendant's Motion for Sanctions, certain accusations are raised against the conduct of this defense counsel that must be addressed. This Defendant's "race to the courthouse" was caused as a result of the threats made to the witness involved in this case, David Dodwell, M.D.  Dr. Dodwell's De Bene Esse Deposition is scheduled to occur the first week in October.  For this reason, expediency is necessary.

In Plaintiffs' Opposition and Motion for Sanctions, counsel states that the privacy rights of her client have been violated.  As set forth fully in this Defendant's Motion for Sanctions, Veronica Pollard waived all privacy rights regarding medical care related to the above-captioned matter.  David Dodwell, M.D., was Veronica Pollard's treating physician when she moved to England.  Plaintiff states that the actions of this defense counsel were a "flagrant violation of Ms. Pollard's privacy rights under the Health

Insurance Portable & Accountability Act (HIPAA)." HIPAA applies only when it involves health care providers who are involved in medical care which is billed electronically in the United States. The grip of HIPAA does not extend to medical care not covered pursuant to its provisions. Moreover, the waiver of privacy when patient care is brought into question in a civil lawsuit is still applicable under HIPAA. Additionally, Plaintiffs' counsel has provided the medical records of David Dodwell, M.D. This clearly constitutes a waiver regarding the care provided by Dr. Dodwell.

Counsel further suggests that counsel for Dr. Dodwell has made "wild accusations" regarding Plaintiffs' contention and somehow prejudiced David Dodwell, M.D. Such accusations against counsel are ludicrous. Dr. Dodwell is a treating physician. As such, he will take an oath to testify truthfully regarding the care which he provided to Veronica Pollard. This counsel did, indeed, write to Dr. Dodwell requesting his deposition. This behavior is clearly appropriate. In statements made in correspondence to Dr. Dodwell that he is not a defendant in this case but that his care has been called into question is 100 percent factual. During the deposition of Plaintiffs' experts, they repeatedly testified that it was a deviation in accepted standards of care to permit Veronica Pollard to move to England in light of her breast cancer diagnoses. During the deposition of L. F. Smith, M.D., he was asked about his concerns regarding the English healthcare system. (See the deposition transcript of L. F. Smith, M.D., pages 60-61, adopted and incorporated as Exhibit 1). During this exchange, Dr. Smith espouses his view as to why the English healthcare system failed Veronica Pollard.

Plaintiffs' counsel seems to suggest that since they objected to this line of questioning, somehow the questioning is improper. The entire gravamen of Plaintiffs'

case is that had Veronica Pollard remained in the United States and received treatment under the American system, more probably than not, she would not have had a recurrence of her breast cancer. As such, Dr. Dodwell's care is central to the defense of this case. Any suggestion that the Defendant will not be prejudiced by precluding Dr. Dodwell's testimony is blatantly untrue.

In Plaintiffs' Opposition, she quotes correspondence to Dr. Dodwell dated June 9, 2003. A copy of that correspondence is hereby attached and adopted as Exhibit 2. This correspondence clearly sets forth the accusations made by Plaintiffs' experts in this matter. Any suggestion that this type of correspondence is improper is without merit. Dr. Dodwell wanted to know why his care was important to this case. The correspondence dated June 9, 2003 is an accurate representation of the evidence as presented by Plaintiff. Plaintiff was clearly free, at any time, to contact and have their own conversations with David Dodwell, M.D. In fact, they were doing so.

Moreover, counsel for Veronica Pollard will be present and able to question Dr. Dodwell regarding appropriate areas of inquiry. As a treating physician and fact witness, Dr. Dodwell will be obligated to testify truthfully to questions asked by both counsel.

Counsel suggests that the communication between this counsel and Dr. Dodwell was inappropriate. The events as they developed were that Dr. Dodwell was communicating with this counsel's administrative assistant regarding scheduling issues. During one such conversation, he stated that he wished to make a telephone appointment to discuss with counsel for Dr. Gupta the questions which she intended to ask at the deposition so that he could be prepared. He also stated, during that conversation, that he would be making an appointment with Ms. Zork to have the same discussion. His

telephone appointment was scheduled for September 4, 2003.  Dr. Dodwell further

informed this counsel that his appointment with Ms. Zork was on September 5, 2003.

On September 4, 2003, this counsel had a conversation with Dr. Dodwell whereby

he stated that he had little specific recollection of Veronica Pollard other then that

contained in her medical records.  He further requested to see the subsequent records of

her care in the event that the questions asked during his deposition could be easily

answered through later medical records.  Counsel for Dr. Gupta complied with this

request.

On September 5, 2003, this counsel received a panicked e-mail from Dr. Dodwell

indicating that counsel for Veronica Pollard was angry and making certain threats to him

as a result of the prior day's conversation.  It was this counsel's thought at that point that

counsel for the Plaintiff did not understand the true situation.  This counsel made a call to

Lesley Zork, Esquire, counsel for Veronica Pollard, in an attempt to explain the event.

Counsel for Ms. Pollard refused to discuss the matter and suggested that this could only

be resolved through motions.

In Plaintiffs' Motion for Sanctions, she requests to review the attorney/client and

work product of this counsel.  This counsel is perplexed as to how that in any way relates

to or prejudices Plaintiffs' case.  When Plaintiff deposes David Dodwell, M.D., she will

have the opportunity to review any correspondence between Dr. Dodwell and this

counsel.  She will also have the opportunity to question him regarding that

correspondence.

This Defendant greatly regrets that the court must become involved in resolution of this controversy. The true motive of Plaintiffs' counsel is clearly revealed in both their correspondence to David Dodwell, M.D. and their motion and memorandum regarding sanctions. Clearly, their intent is to silence David Dodwell, M.D. and prevent testimony that they believe will be detrimental to their case.

This Defendant respectfully request that this honorable court order that the deposition of David Dodwell, M.D. go forward as scheduled, enter a finding that no patient privacy right was violated and deny Plaintiffs' Motion for Sanctions as requested.

Respectfully submitted,

Joan Cerniglia-Lowensen, #10747
Morgan Shelsby Carlo Downs & Everton
4 North Park Drive, Suite 404
Hunt Valley, Maryland 21030
410-584-2800

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _23rd_ day of _Sept_____, 2003, a copy

of the foregoing Reply to Plaintiffs' Opposition to Defendant, Raj R. Gupta, M.D.'s

Motion for Sanctions and Cross-Motion for Sanctions on behalf of Defendant, Raj R.

Gupta, M.D. was mailed postage prepaid to:

Lesley S. Zork, Esquire
Bruce J. Klores & Associates
915 Fifteenth Street, N.W.
Third Floor
Washington, D.C.  20005

Peter R. Masciola, Esquire
Law Offices of Peter Masciola
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004

Larry Adams, Esquire
Assistant United States Attorney
United State Attorney's Office
6625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland  21201

Catherine A. Hanrahan, Esquire
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
1341 G Street, NW, 5th Floor
Washington, D.C.  20005

Joan Cerniglia-Lowensen, #10747
Morgan Shelsby Carlo Downs & Everton
4 North Park Drive
Suite 404
Hunt Valley, Maryland  21030
410-584-2800