IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, <u>et al.</u>, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CA No. S-02-CV-764 |
| | ) | Judge Quarles |
| THE UNITED STATES OF AMERICA | ) ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT RAJ GUPTA, M.D.'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs' Veronica and Roosevelt Pollard, through counsel, Lesley S. Zork, Bruce J. Klores and Bruce J. Klores & Associates, P.C., respectfully opposes defendant Raj Gupta, M.D.'s Motion for Summary Judgment. Stating as follows:

Defendant has moved for summary judgment on two bases. Defendant first contends that that there is no material dispute to a reasonable degree of medical probability, the administration of chemotherapy would not have prevented Veronica Pollard's recurrence of breast cancer. This first argument fails, because, as set forth in plaintiffs' attached Memorandum and Exhibits, plaintiffs have produced four qualified experts who have testified with reasonable medical probability, that had Dr. Gupta provided appropriate and timely adjuvant treatment to Mrs. Pollard as the standard of required, Mrs. Pollard's cancer would not have recurred and she would have survived.

Defendant also contends that there is no material dispute of fact that the doctor/patient relationship between Mrs. Pollard and Dr. Gupta ended when Mrs. Pollard moved from the United States to the United Kingdom. Plaintiffs do contend that Dr. Gupta had duty when he saw Mrs. Pollard in December, 1998, to advise her of the need

for adjuvant chemotherapy and radiation therapy, and to inform her of the appropriate timing for such treatment. Dr. Gupta failed in his duty to so advise and inform Mrs. Pollard, and as a result, Mrs. Pollard was transferred with her husband to England where adjuvant chemotherapy was never provided and radiation therapy was delayed for five-six months. Mrs. Pollard testified at her de bene esse deposition that had she been so advised she would have delayed moving to England and would have elected to undergo adjuvant treatment at Eisenhower. Moreover, prior to discharging Mrs. Pollard from his care in December, 1998, Dr. Gupta failed to take any steps to determine who would assume Mrs. Pollard's care once she got England, or what the standards were in England or what the availability was for adjuvant chemotherapy and radiation treatment. Plaintiffs contend that this also constituted a breach in the standard of care by Dr. Gupta that resulted in the denial of adjuvant treatment when Mrs. Pollard got to England.

Plaintiffs respectfully refer the Court to the attached Memorandum and Exhibits, in further support of this Opposition.

WHEREFORE, for these reasons and any others that may appear to the Court, plaintiffs respectfully request that defendant Raj Gupta. M.D.'s Motion for Summary Judgment be denied.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.


By:_____
   Lesley S. Zork- #013454
   Bruce J. Klores- #03320
   915 15th Street, NW
   Washington, D.C. 20005
   (202) 628-8100
Co-counsel for Plaintiffs

and

LAW OFFICES OF PETER MASCIOLA

_____
Peter R. Masciola - #12958
601 Pennsylvania Avenue, N. W. #900
Washington, D.C. 20004
(202) 628-5680
Co-counsel for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that on the this 14th day of October, 2003, a copy of the foregoing Plaintiffs' Opposition to Defendant Raj Gupta, M.D.'s Motion for Summary Judgment, Memorandum of Law in Support of Plaintiffs' Opposition and proposed Order was mailed postage prepaid to:

Joan Cerniglia-Lowensen, Esquire
Morgan shelsby Carlo Downs & Everton
4 North Park Drive
Suite 404
Hunt Valley, Maryland 21030

Larry Adams, Esquire
Assistant United States Attorney
United States Attorney's Office
6625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

Catherine A. Hanrahan, Esquire
Wilson Elser Moskowitz Edelman & Dicker LLP
1341 G Street, N.W. 5th Floor
Washington, D.C. 20005

1606\opp.mtn.sj