IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VERONICA POLLARD, ET AL.,** | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. WDQ 02-764 |
| **UNITED STATES OF AMERICA, ET AL.** | : | |
| Defendants. | : | |

...oOo...

**MOTION TO EXTEND DISCOVERY, SET MOTIONS DEADLINE
AND CANCEL PRETRIAL CONFERENCE**

The defendants, the United States of America, and Dr. Raj Gupta, and Humana Military Healthcare, by and through undersigned counsel, hereby request this Court to extend discovery by 30 days or until November 30, 2003, set a motions deadline 30 days thereafter, and cancel the pretrial conference currently set for November 19, 2003. First, this extension is necessitated because on October 20, 2003, plaintiffs have unexpectedly noticed a deposition for October 31, 2003 under 30(b)(6) of the Federal Rules of Civil Procedure. Second, the parties previously agreed to schedule the United States' two experts and a fact witness during the week of October 27, 2003. In order to file its dispositive motion the United States, and perhaps Humana, will need the transcripts from those depositions. In support of this motion, the defendants respectfully submit the following:

1. On December 16, 2002, the Honorable Frederic N. Smalkin issued a scheduling order in this case. The parties moved to modify the scheduling order on December 23, 2002, because it was patently obvious to the parties that more time would be needed to complete discovery in this case than would be normally be required. Accordingly Judge Smalkin signed the new scheduling order and set a pretrial conference non November 19, 2003 which presumed that discovery would be

completed by September 16, 2003. Motions were due 30 days thereafter.

    2. On April 1, 2003, the case was assigned to Judge Quarles.

    3. Because of the difficulty of scheduling witnesses and coordinating the schedules of the four attorneys involved in this case, the discovery schedule was extended on April 15, June 12 and September 16, 2003. As of this date, 14 physicians have been disposed in this case in Maryland, Georgia, Virginia, Florida, Michigan, Texas, Washington, D.C. and the British Isles. (The plaintiffs were also deposed.) As mentioned above, two more physicians and a registered nurse are scheduled next week in Tennessee, Pennsylvania and Maryland. Additionally, on October 1, 2003, plaintiffs deposed an expert for the defendant Gupta (Dr. Lippmann) for approximately three hours yet was unable to complete the deposition. The completion of this out of town deposition must be rescheduled.

    4. On September 16, 2003, the parties also filed a joint status report which indicated that discovery needed to be extended until October 31, 2003. Moreover, the status report indicated that the parties would issue another status report at the close of discovery and all the defendants intended to file dispositive motion.

    5. Also on September 16, 2003, the defendant Dr. Raj Gupta, having completed his portion of the discovery, filed a motion for summary judgment. Plaintiff then filed a motion to extend time to file their opposition to the motion for summary judgment. That motion was rendered moot because of the defendants agreed to provide the plaintiff with additional time to file their opposition. Plaintiff filed an opposition to this motion on October 14, 2003. These motions are still pending.

    6. Most recently the parties deposed two treating physicians involved in Plaintiff's care while she was in the United Kingdom. Dr. Dodwell, her UK treating oncologist, was deposed on October 6, 2003, in Leeds, England. On October 8, 2003, Dr Quinn, a pathologist working in

conjunction with Dr. Dodwell, was also deposed in Dublin, Ireland. As this Court will recall these depositions were in doubt through the weeks preceding the depositions as Plaintiffs and defendant Dr. Raj Gupta engaged in cross motions concerning the appropriateness of the depositions going forward. Papers 43-47.

7. Prior to leaving for Europe the parties scheduled defendant United States' experts Dr. Somers in Philadelphia and Dr. Page in Nashville for the week of October 27. These were primarily necessitated by the fact that plaintiffs' counsel were scheduled for a two-week trial in Montgomery County Circuit Court starting the week of October 14, 2003. This information was obtained from plaintiffs' counsel office manager, Prudence MacKenzie.

8. In the meantime, the Helen Hodgkins, R.N., the nurse liaison who was instrumental in securing Mrs. Pollard treatment in the UK returned from Germany where she has mostly recently stationed. She retired from her job with the National Security Agency on or about October 1, 2003 She returned to her home in Maryland sometime in early October.

9. Without any prior consultation with the undersigned attorneys, Plaintiffs' counsel has set this 30(b)(6) deposition for October 31, 2003, seven work days from receipt of the notice. The notice of deposition under Rule 30(b)(6), Fed. R. Civ. P. requires the testimony of an "officer, director, managing agent or other persons" concerning, *inter alia*, the medical screening and clearance of plaintiff Veronica Pollard for her accompaniment of her husband to the United Kingdom. Attachment 1. Also demanded, *inter alia*, is identification of "all military and civilian personnel who were involved concerning Veronica Pollards follow up care, all regulations and comments concerning the medical care of Veronica Pollard and the terms the of the contract and negotiations of the contract between the Army and Human Military." Id.

10. In addition, defendants United States and Humana Military Healthcare intend to file

dispositive motions after the completion of discovery. Morever, the issues about the Army assignment of its soldiers to oversees tours and the medical care available to dependents who accompany them is a complex issue. The undersigned counsel does not believe one person can provide all the testimony required under Rule 30(b)(6). Also, it is not clear if these individuals are within the 100 mile radius outlined in Fed. R. Civ. P 45(b)(2)  Based on a previous conversations with Army personnel undersigned counsel believes that officials who can speak with authority on these issues may be located in Texas. In short, because of the shortness of notice, burdensomenesss of the requests, and the unfairness to defendants by unduly shortening the time to file dispositive motions, the October 31, 2003, deadline to take the aforementioned deposition is unreasonable. See Fed. Civ. R. P. 45 (c)(3)(A). However, an extension of discovery of 30 days to gather the information, prepare the witness or witnesses and take the depositions is completely appropriate under the circumstances.

11. Plaintiffs' Counsel objects to this extension. However, it should be noted that while writing this pleading, Plaintiffs' counsel has faxed to the undersigned a request for second de bene esse deposition for her client later this week. The first de bene esse deposition was taken on June 6, 2002. Attachment 2.

13. A proposed order is attached for the Court's consideration and convenience.

WHEREFORE, based on the foregoing, and for good cause shown, the defendants respectfully request this Court to extend discovery by 30 days or until November 30, set a dispositive motions deadline, and cancel the pretrial conference currently set for November 19, 2003.

                Respectfully submitted,

                Thomas M. DiBiagio
                United States Attorney

_____
Larry D. Adams
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692
410-209-4800
Counsel for United States


_____
Joan Cerniglia-Lowensen, Esq.
Morgan, Shelsby, Carlo, Downs & Everton
4 North Park Drive, #404
Hunt Valley, Md. 21030
Attorney for Dr. Raj Gupta


_____
Catherine A. Harahan, Esq.
Wilson, Elser, Moskowitz, Edelman and Dicker
1341 G Street, N.W. 5th Floor
Washington, D.C. 20005-3105
Attorney for Humana Military Healthcare, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **VERONICA POLLARD, ET AL.,** | : |
| **Plaintiffs,** | : |
| v. | :   CIVIL ACTION NO. WDQ 02-764 |
| **UNITED STATES OF AMERICA, Et Al.,** | |
| | : |
| **Defendants.** | |

...oOo...

## ORDER

Upon consideration of the Defendants' Motion Extend Discovery, set Motions Deadline and Cancel Pretrial Conference, and for good cause shown, IT IS ORDERED that Defendants' Motion BE, and same hereby IS, Granted; IT IS FURTHER ORDERED that Parties have until November 30, 2003, to complete discovery. Dispositive motions will be due 30 days after the close of discovery. The pretrial conference set for November 19, 2003, is hereby CANCELLED.

**SO ORDERED,** this _____ day of _____, 2003.

BY THE COURT:

_____
William D. Quarles
United States District Judge

CERTIFICATE OF SERVICE

This is to certify that on this 21st day of October, 2003, a copy of the foregoing was sent by first-class mail, postage prepaid, and electronically filed to the following:

Bruce J. Klores, Esq.
Lesley S. Zork, Esq.
915 15th Street, N.W. , Third Floor
Washington, D.C. 20005

Joan Cerniglia-Lowensen, Esq.
Morgan, Shelsby, Carlo, Downs & Everton
4 North Park Drive, #404
Hunt Valley, Md.  21030

Catherine A. Harahan, Esq.
Wilson, Elser, Moskowitz, Edelman and Dicker
1341 G Street, N.W.   5th Floor
Washington, D.C. 20005-3105


By:_____
    Larry D. Adams
    Assistant United States Attorney