IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| Veronica Pollard, et al. ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | C.A. No.:  S-02-7641 WDQ |
| ) | |
| UNITED STATES OF AMERICA ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

DEFENDANT HUMANA MILITARY HEALTHCARE SERVICES, INC.'S
RESPONSE TO PLAINTIFF'S EXPEDITED REQUEST
FOR LEAVE TO RECONVENE THE DE BENE ESSE
TRIAL DEPOSITION OF VERICONA POLLARD

The Defendant, Humana Military Healthcare Services, Inc., by counsel, hereby files it response to plaintiffs' request for leave to "reconvene" the *de bene esse* trial deposition of Veronica Pollard. Counsel was first advised by letter on Tuesday, October 21, 2003 of plaintiffs' desire to "reconvene" the trial testimony of Veronica Pollard. The proposed dates to "reconvene" testimony were Thursday, October 23, 2003 and Friday, October 24, 2003. Pursuant to F.R.C.P. 30(b)(2), a party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in F.R.C.P. Rule 26(b)(2), if the person to be examined … already has been deposed in the case.

In this matter, Veronica Pollard was deposed on June 6, 2002. The discovery deposition commenced at 10:04 a.m. at the residence of the plaintiffs and was followed by a videotaped *de bene esse* deposition which began at 1:04 p.m. The deposition concluded at 4:15 p.m. Throughout the deposition, Mrs. Pollard discussed her medical care, her emotions and the emotions of her family with respect to her diagnosis and the treatment regiment she had undergone and addressed

162686.1

the fact that the cancer was found in her lungs in January of 2002 which required surgical intervention. She also testified to the fact that the most recent scan in the spring of 2002 identified nodules in the right and left lungs. It is the understanding of counsel that the deposition was taken at the time because it was known that Mrs. Pollard was dying of breast cancer. The plaintiffs have requested the Court to allow additional testimony by Mrs. Pollard to address her deteriorating condition and treatment that she has received since June of 2002.

Federal Rule of Civil Procedure Rule 26(b)(2) directs that the use of discovery methods shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive; . . .(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the discovery in resolving the issues.

At this juncture, it is the understanding of counsel that no records are available to the parties that identify the course of treatment which Mrs. Pollard has undergone since June of 2002. It is unlikely any such records will be available at any *de bene esse* deposition should one go forward on Monday, October 27, 2003. Moreover, whether there are avenues of cross examination which may be pertinent to Mrs. Pollard's anticipated testimony with respect to her course of treatment and deteriorating condition are unknown and cannot be known without the medical records. It clearly prejudices the defendants with respect to their evaluation as to whether there are avenues of cross examination of Mrs. Pollard's testimony which should be pursued.

Further, should the court permit the additional *de bene esse* deposition, the defendants at a minimum should be entitled to a discovery deposition of Mrs. Pollard in order to address with her

the anticipated trial testimony. Counsel for defendant Humana Military Healthcare Services, Inc. discussed this issue with plaintiff's counsel on October 23, 2003. Plaintiff's counsel does not oppose any discovery deposition prior to the *de bene esse* deposition to address with Mrs. Pollard her care and treatment from June 2002 forward. This however does not negate the concern that the testimony as to the treatment can not be evaluated or objectively assessed because no medical records are in the possession of any parties at this time.

There are additional means in which this testimony may be presented for the jury's consideration. These include the medical records, which are not yet in possession of the parties; the testimony of Mrs. Pollard's family members; and testimony of her treating health care providers who may address the course of care that Mrs. Pollard received from July 2002 forward. This commonly occurs in cases.

In light of these facts, the defendant respectfully suggests that scheduling a second *de bene esse* deposition for the purposes of Mrs. Pollard addressing her continuing medical treatment and deteriation is not supported by the facts and circumstances of the case.

Should the court in its discretion opine that the deposition may go forward, clearly the deposition date should be one on which all parties are available. Counsel is not aware of the availability of the co-defendants counsel for Monday, October 27, 2003. Currently, there are three depositions scheduled to go forward in this matter, one on October 28, 2003 at 9:00 am in Philadelphia, PA; a second deposition on October 28, 2003 at 4:00 pm in Baltimore, MD; and a deposition on October 29, 2003 which will be done by video conferencing in Washington, D.C..

Wherefore, the defendant respectfully requests that the court enter an Order that the second *de bene esse* deposition not be had, or in the alternative that if a second *de bene esse* deposition is to go forward, it goes forward on a date that is available on all counsel calendars, and further that if a

162686.1

second *de bene esse* deposition goes forward, that the defendants be entitled to a discovery deposition to learn the substance of the testimony which Mrs. Pollard intends to render, especially in light of the fact there are no records which the defendants may review to evaluate the nature and extent of any cross examination on this subject matter.

        Respectfully submitted,

        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP


        /s/_____
        Catherine A. Hanrahan, Esquire #06711
        1341 G Street, NW, 5th Floor
        Washington, D.C. 20005-3105
        (202) 626-7660
        (202) 628-3606 (facsimile)

162686.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant Humana Military Healthcare Services, Inc.'s Response to Plaintiffs' Expedited Request for Leave to Reconvene the *De Bene Esse* Trial Deposition of Veronica Pollard was served by electronic court filing this 24th day of October 2003, upon:

>Bruce J. Klores, Esquire
>Lesley S. Zork, Esquire
>Bruce J. Klores & Associates, PC.
>915 15th Street, NW
>Washington, DC  20005
>
>Peter R. Masciola, Esquire
>601 Indiana Avenue, NW
>Suite 603
>Washington, DC  20004
>*Counsel for Plaintiffs*
>
>Larry Adams, Esquire
>Assistant United States Attorney
>United States Attorney's Office
>6625 U.S. Court House
>101 W. Lombard Street
>Baltimore, MD  21201
>*Attorney for United States of America*
>
>Joan Cerniglia-Lowensen, Esquire
>Morgan, Shelsby, Carlo, Downs & Everton
>4 North Oak Drive
>Suite 404
>Hunt Valley, MD  21030
>*Attorneys for Dr. Gupta and Sterling Medical Corporation*

>  /s/
>Catherine A. Hanrahan

5

162686.1