IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, <u>et al.</u>, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CA No. S-02-CV-764 |
| ) | Judge Quarles |
| THE UNITED STATES OF ) | |
| AMERICA ) | |
| ) | |
| Defendant ) | |

## MOTION TO COMPEL DISCOVERY

Plaintiffs through counsel Lesley S. Zork, Bruce J. Klores and Bruce J. Klores & Associates, P.C. respectfully request and Order compelling the United States of America to produce a witness, pursuant to Fed. Civ. Pro. Rule 30(b)(6), to testify on the following matters set forth in paragraph 8 of plaintiffs' Notice of Deposition that was served on the government on October 20, 2003:

> 8.  The terms of the contract and negotiation of the contract between the U.S. Army and Humana Military in effect in 1998-present, including all aspects of the contract related to provision of health care services to members of the military and their families, indemnification, insurance, control of healthcare, assignment of the contact.  The 30(b)(6) designee(s) should be prepared to address the intent of the USA in negotiating and entering the contract with Humana Military.

(See Exhibit 1, Rule 30(b)(6) Notice of Deposition Duce Tecum).  The government designated witnesses to address other areas of inquiry set forth in Plaintiffs' Notice of Deposition, but failed to designate a witness with sufficient knowledge to address the issues in paragraph 8.

Defendants, the United States of America and Humana Military Healthcare Services have filed Motions for Summary Judgement challenging their respective liability for any

negligent acts or omissions by defendant Raj Gupta, M.D., as a threshold matter, on different agency theories. By challenging agency the defendants have made discovery regarding the contract between the United States and Humana of vital importance.

    Plaintiff is clearly entitled to this discovery, and requested it from the government before the initial discovery deadline in early November. Counsel for the United States requested an extension of the initial discovery deadline until the end of November on the basis that he needed additional time to comply with plaintiffs' 30(b)(6) Notice. Plaintiffs did not object to the extension. The government raised no objection to any of the areas designated in plaintiffs' 30(b)(6) Notice of Deposition. Plaintiffs had every reason to believe based on the representations of government counsel, that the government would produce witnesses in <u>all</u> of the designated areas. After failing to produce a qualified witness within the deadline, the government now objects to producing such a witness on the basis that discovery is closed. (See Exhibits 2 & 3).

    Full discovery on this issue is imperative in light of defendants' challenges to liability on agency theories in their respective motions for summary judgment. There would be no significant prejudice to defendants in reopening discovery on this limited issue, in order for the government to provide information which it should have provided within the deadline. On the other hand there could be substantial prejudice to plaintiffs if discovery is not produced on a matter that the defendants have made of utmost relevance in their motions for summary judgment.

    Plaintiffs' counsel attempted to resolve this matter informally with government counsel, both in writing and on the telephone. (See Exhibit 2). Government counsel's letter dated

January 22, 2003, makes clear that the government will not voluntary produce a 30(b)(6) witness on this matter at this time. (See Exhibit 3).

Plaintiffs are not in a position to fully respond to defendants' Motions for Summary Judgment until full discovery is on this issue is provided. Therefore, plaintiffs request an extension of the deadline to oppose defendants' Motions until after this issue is resolved and the witness has been produced.

WHEREFORE, for these reasons, and any others that may appear to the Court, plaintiffs respectfully request that the government be compelled to produce a 30(b)(6) witness in the above designated areas, within ten days of an Order granting plaintiffs' motion to compel. Plaintiffs also request extension of the deadline to file opposition to defendants' summary judgment motions until two weeks after the deposition of the 30(b)(6) witness is completed.

A proposed Order setting this forth is attached.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.


By:_____
   Lesley S. Zork
   Bruce J. Klores
   915 15th Street, NW
   Washington, D.C. 20005
   (202) 628-8100
Co-counsel for Plaintiffs

   and

LAW OFFICES OF PETER MASCIOLA

_____
Peter R. Masciola
601 Pennsylvania Avenue, N. W. #900
Washington, D.C. 20004
202-628-5680
Co-counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby Certify that a copy of the foregoing Motion to Compel was mailed first class postage prepaid to the following person this 26th day of January, 2004.

| | |
|---|---|
| Larry D. Adams | Joan Cerniglia-Lowensen, Esquire |
| Assistant United States Attorney | Morgan Shelsby Carlo Downs & Everton |
| 6625 United States Courthouse | 4 North Park Drive #404 |
| 101 West Lombard Street | Hunt Valley, MD 21030 |
| Baltimore, Maryland 21201 | |

Catherine A. Hanrahan, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker
1341 G Street, N. W. - 5th Floor
Washington, DC 20005-3105

_____
Lesley S. Zork

mtn.compel