

U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| Thomas M. DiBiagio<br>United States Attorney<br><br>Larry D. Adams<br>Assistant United States Attorney | 6625 United States Courthouse<br>101 West Lombard Street<br>Baltimore, Maryland 21201-2692 | 410-209-4800<br>TTY/TDD:410-962-4462<br>410-209-4801<br>FAX 410-962-2310<br>Larry.Adams@usdoj.gov |

January 22, 2004

Fax: 202- 628-1240

Lesley S. Zork, Esq.
Bruce J. Klores, and Associates
915 15th Street, N.W., Third Floor
Washington, D.C. 20005

      Re: <u>Pollard, et al. v. United States, et al</u>
          Civil No. WDQ 02-764

Dear Ms. Zork:

      After reviewing your letter of January 21, 2004 and consulting with agency counsel we are of the view that the premises of your arguments are faulty. First, we believe that the terms of the contract speak for themselves. Generally, absent ambiguity, contracts are subject to interpretation by the court from the four corners of the document. Therefore designating a witness on the "intent of the USA" as to the contents of the contract is unnecessary and objectionable. We believe discovery has closed with respect to the Rule 30(b)(6) issues and are not willing to open it up. That being said, we offer the following observations which may be helpful in answering your questions.

      We understand the agent for Humana is not Dr. Gupta but Sterling Medical. Your analysis does not address this formidable problem. By the terms of the contract, it is difficult to see wherein Humana is "liable for the acts or omissions" of Sterling in hiring Dr. Gupta. It certainly is the view of Humana that Dr. Gupta is not its agent according to Humana's attorney, Catherine Hanrahan. Therefore we do not believe your clients are third party beneficiaries to the contract.

      In the absence of any finding of liability it is premature to say if the United States would pursue recovery from Humana or Sterling, even if there is a cognizable cause of action. Obviously, plaintiffs' view is very different from ours with regard to potential liability. While we understand your concern about the limitations of Dr. Gupta's insurance coverage, that is an insufficient reason to determine at this juncture if the United States can or would look to Humana or Sterling for any recovery.

EXHIBIT 3

Finally, this letter will memorialize that the undersigned has no objection to the extension of time until February 2, 2004 you requested today to file your opposition to the pending motion for summary judgment.

Very truly yours,

Thomas M. DiBiagio
United States Attorney

By: *[signature]*
Larry D. Adams
Assistant United States Attorney

cc:
Joan Cerniglia-Lowensen, Esq.  (Fax 410-584-2020)
Catherine A. Hanrahan, Esq.    (Fax 202-628-3606)