UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Civil Division

| | |
|---|---|
| **ROOSEVELT POLLARD,** ) <br> **as surviving spouse, and as** ) <br> **Personal Representative of the ESTATE** ) <br> **OF VERONICA POLLARD, deceased** ) <br> **122 Leeds Creek Circle** ) <br> **Odenton, Maryland 21113** ) <br> ) <br> **Plaintiff** ) <br> ) <br> v. ) CA No. S02CV764 <br> ) Judge Quarles <br> THE UNITED STATES OF AMERICA ) PLAINTIFFS' SECOND AMENDED <br> ) COMPLAINT <br> and ) <br> ) <br> RAJ R. GUPTA, M.D. ) JURY TRIAL IS REQUESTED <br> D D Eisenhower Army Medical Center ) <br> Fort Gordon, Georgia 30905 ) <br> ) <br> and ) <br> ) <br> STERLING MEDICAL CORPORATION ) <br> 9549 Montgomery Road ) <br> Cincinnati, Ohio 45242 ) <br> ) <br> and ) <br> ) <br> HUMANA MILITARY HEALTHCARE, ) <br> INC., a/k/a HUMAN MILITARY ) <br> HEALTHCARE SERVICES, INC. ) <br> a/k/a HUMANA, INC. ) <br> 500 West Main Street ) <br> Louisville, Kentucky 40202 ) <br> ) <br> Defendants. ) | |

## SECOND AMENDED COMPLAINT

Comes now the Plaintiff, Roosevelt Pollard as surviving spouse and Personal

1

Representative of the Estate of Veronica Pollard, deceased, by and through counsel Lesley S. Zork, Bruce J. Klores, Bruce J. Klores and Associates, P.C., and Peter R. Masciola, Esquire, and sue Defendants in this Second Amended Complaint, stating as follows:

## TIMING

1. On October 2, 2000, within two years of the date of the actions giving rise to this cause of action, Plaintiffs, Veronica Pollard and Roosevelt Pollard, filed with the United States Army a Claim for Injury, specifically alleging the facts contained herein.

2. This suit against the United States of America and its agents and employees was timely filed pursuant to 28 U.S.C. §2401(b).

3. An Amended Complaint was filed within the applicable Maryland statute of limitations joining defendants Sterling Medical Corporation (Sterling), Raj R. Gupta (Gupta) and Humana Military Healthcare, Inc., a/k/a Human Military Healthcare Services, Inc. a/k/a Humana, Inc. (Humana).

**4. Veronica Pollard died on December 29, 2003. Roosevelt Pollard was appointed Personal Representative of Veronica Pollard's Estate by the Circuit Court for Anne Arundel County on January 13, 2004. See Attached Certificate of Death (Exhibit 1) and Letters of Administration (Exhibit2).**

**5. The Second Amended Complaint includes claims for wrongful death and recovery of the full value of Veronica Pollard's life pursuant to O.C.G.A. §§ 51-4-1 and 51-4-2; and claims on behalf of the estate of Veronica Pollard for funeral expenses, medical expenses, pain and suffering, mental distress and other damages incurred in connection with her death, pursuant to O.C.G.A. §51-4-5(b). These claims are the result**

**the defendants' negligence as alleged in the first Amended Complaint.**

## JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. §2675(a) for all claims against the United States of America and its "agents and employees." The Court has subject matter jurisdiction over the remaining defendants pursuant to 28 U.S.C. §1332, the citizenship of all parties being diverse and the amount in controversy exceeding the jurisdictional limit. The Court has additional grounds for jurisdiction over the newly added defendants under 28 U.S.C. §1331, because the incident in question "arises under" and is incident to the Federal Tort Claims Act and its waiver of sovereign immunity. Finally the Court has supplemental jurisdiction over all claims against all newly joined parties, Gupta, Sterling, and Humana, pursuant to 28 U.S.C. §1367(a).

## VENUE

7. The plaintiff resides in Maryland.

8. Venue before this Court is proper under 28 U.S.C. §1402(b), 28 U.S.C. §1367, and 28 U.S.C. §1391(e).

## THE PARTIES

9. **Roosevelt Pollard is the surviving spouse of Veronica Pollard and the Personal Representative of Veronica Pollard's Estate. He brings this action individually and on behalf of Veronica Pollard's Estate.**

10. Defendant United States of America at all relevant times controlled and operated the D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia where the alleged medical malpractice occurred. Defendant Gupta is an oncologist. Defendants Sterling and Humana are,

upon information and belief, one or more of Gupta's principals, as is the defendant United States of America.

## BACKGROUND

11. The events and occurrences giving rise to this cause of action took place within the State of Georgia, England, the District of Columbia, and the State of Maryland.

12. From about October 2, 1998 through June, 1999, at the D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, U.S. Army medical providers, along with co-defendants, negligently managed the diagnosis and treatment of Veronica Pollard's breast cancer.

13. At all times mentioned herein, the medical and nursing care provided to Veronica Pollard by defendant, United States of America, was provided by agents, employees, servants, representatives of this defendant, all acting within the scope of their employment or agency, or in the alternative, by the co-defendants, and their agents and employees who provided medical care at Fort Gordon pursuant to contracts with the United States. This includes, but is not limited to, all care provided to plaintiffs at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia.

14. At all relevant times mentioned herein, the defendants provided medical and surgical care and treatment for breast cancer to Veronica Pollard.

15. A health care provider/patient relationship existed between the named defendants, their agents, employees representatives, and/or servants, and Veronica Pollard at all times relevant herein. The defendants, by their agents, employees representatives, and/or servants, owed Veronica Pollard a duty to conform their care to the standards of reasonable

practitioners acting under the same or similar circumstances.

16. The defendants owed a duty to Veronica Pollard which included the performance of appropriate diagnostic tests and procedures to determine the type breast cancer she had, and to provide the appropriate medications surgeries, and/or procedures to eradicate the cancer and prevent it from recurring.

17. On or about October 2, 1998, Veronica Pollard presented to D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, complaining of a mass in her right breast. She was 43 years old, pre-menopausal, had a positive family history of breast cancer affecting her mother and sister, and had a one year old child and twelve year child at home. A fine needle biopsy performed on the mass that day showed "atypical cells." A surgical biopsy performed on October 14, 1998, confirmed that the mass was cancer. A lumpectomy and lymph node dissection were performed on November 12, 1998. No residual malignancy was identified. The lymph nodes were negative for cancer.

18. Chemotherapy and radiation therapy were planned but not carried out by the physicians at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, all of whom were agents and/or employees of the defendants named herein.

19. In December, 1998, Mrs. Pollard was transferred to England with her husband, Roosevelt Pollard, who was on active duty assignment. Defendant health care providers and U.S. Army Command Officials transferred the treatment and management of Mrs. Pollard's breast cancer to various health care providers in England, when U.S. Army Health Care providers and U.S. Army Command Officials knew or should have known that a United States standard of care medical treatment plan for Mrs. Pollard's breast cancer would not be followed.

As result, Mrs. Pollard received no adjuvant chemotherapy for her breast cancer following the transfer, and encountered a six-month delay in receiving radiation therapy.

20. In June, 2000, Mrs. Pollard was diagnosed with metastatic cancer in her chest wall and right breast. On June 6, 2000, Mrs. Pollard was aerovac'd to Walter Reed Army Medical Center in Washington, D.C., for treatment of metastatic cancer. Mrs. Pollard subsequently underwent several major surgeries, including right total mastectomy and removal of a portion of her lung, multiple trials of chemotherapy, radiation therapy, bone marrow transplants, and other treatments for metastatic cancer. **Mrs. Pollard died of metastatic breast cancer on December 29, 2003.**

21. The defendants breached the standard of care by, *inter alia*, negligently and carelessly:

    a) Failing to timely and appropriately, pathologically and clinically, diagnose and treat Mrs. Pollard's breast cancer;

    b) Failing to obtain and consider relevant medical history;

    c) Failing to administer radiation and chemotherapy immediately following surgery;

    d) Authorizing transfer of Mrs. Pollard's breast cancer treatment to health care providers in England whom defendants knew or should have known would not follow the appropriate and best standard of care medical treatment plan; and

    e) Were otherwise negligent.

## COUNT I
### (Wrongful Death)

22.     Plaintiff hereby incorporates paragraphs 1 through 21 above as if restated herein.

23.     As a direct and proximate result of the defendants' negligence, Veronica Pollard, died on December 29, 2003.  Plaintiff Roosevelt Pollard, as surviving spouse of Veronica Pollard, is entitled to recovery of the full value of Veronica Pollard's life pursuant to O.C.G.A. §§ 51-4-1 and 51-4-2.

WHEREFORE, plaintiff, Roosevelt Pollard, demands judgment against the defendants, jointly and severally, for all sums permissible for compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) together with interest and costs, and such other relief as this Court finds just and proper.

### COUNT II
### (Negligence)

24.     Plaintiff hereby incorporates paragraphs 1- 23 above as if restated herein.

25.     Plaintiff Roosevelt Pollard as Personal Representative of the Estate of Veronica Pollard is entitled to recovery for the funeral and medical expenses of Veronica Pollard, and for the terrible pain and suffering Veronica Pollard experienced in connection with her illness and death.

26.     Absent the negligence of the defendants, plaintiff Veronica Pollard would not have suffered these damages, and would more likely than not have lived to a normal life expectancy.

WHEREFORE, plaintiff, Roosevelt Pollard, demands judgment against the defendants, jointly and severally, for all sums permissible for compensatory damages in

**the amount of Ten Million Dollars ($10,000,000.00) together with interest and costs, and such other relief as this Court finds just and proper.**

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By:_____\s_____
   Lesley S. Zork - # 13454
   Bruce J. Klores
   915 15th Street, NW
   Washington, D.C. 20005
   (202) 628-8100
   Fax: (202) 628-1240
Co-counsel for Plaintiff

and

LAW OFFICES OF PETER MASCIOLA

_____\s_____
   Peter R. Masciola - # 12958
   601 Indiana Avenue, N. W. #603
   Washington, D.C. 20004
   202-628-5680
   Fax: (202) 628-5682
Co-counsel for Plaintiff

## **JURY TRIAL**

Plaintiff requests a jury trial on all claims against all defendants so allowed.

_____\\s\\_____
Lesley S. Zork

K:\1606\amkpl2.wpd

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing Second Amended Complaint was mailed first class postage prepaid to the following person this 27th day of January, 2004.

| | |
|---|---|
| Larry D. Adams | Joan Cerniglia-Lowensen, Esquire |
| Assistant United States Attorney | Morgan Shelsby Carlo Downs & Everton |
| 6625 United States Courthouse | 4 North Park Drive #404 |
| 101 West Lombard Street | Hunt Valley, MD 21030 |
| Baltimore, Maryland 21201 | Counsel for Raj Gupta, M.D. and |
| Counsel for the United States of America |  Sterling Medical Corporation |

Catherine A. Hanrahan, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker
1341 G Street, N. W. - 5th Floor
Washington, DC 20005-3105
Counsel for Humana Military Healthcare
 Services, Inc.

                  _____
                  Lesley S. Zork

1606\amkpl2