IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CA No. S-02-CV-764 |
| ) | Judge Quarles |
| THE UNITED STATES OF ) | |
| AMERICA ) | |
| ) | |
| Defendant ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT HUMANA MILITARY
HEALTHCARE SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Veronica and Roosevelt Pollard, through counsel, Lesley S. Zork, Bruce J. Klores and Bruce J. Klores & Associates, P.C., respectfully oppose defendant Humana Military Healthcare Services, Inc.'s Motion for Summary Judgment. Stating as follows:

Defendant has moved for summary judgment on the following bases.

1. Defendant Raj Gupta, M.D., was not an agent employee, representative and/or servant of the defendant Humana Military Healthcare Service, Inc., (hereafter "Humana"), apparent or otherwise, during the time that Dr. Gupta treated Mrs. Pollard for breast cancer. This argument fails on two grounds. First, the undisputed facts clearly establish that pursuant to Humana's contracts with the United States Department of Defense and Eisenhower Army Medical Center, Humana is "solely liable for negligent acts or omissions" of its agents. (See Defendants Exhibit 8, "Resource Sharing" and Defendant's Exhibit 11, HMHS/Military Treatment Facility Resource Sharing Agreement). Second, under the above contracts Humana retained sufficient control over Dr. Gupta to support a finding that Dr. Gupta was Humana's employee under Georgia law. In addition to the contracts above, Dr. Gupta testified at

1

deposition in this case that at the time he participated in Mrs. Pollard's care he had several employers, "Sterling Medical Corporation, Humana Corporation, and government of the USA."

    2.    Defendant also raises two arguments that are essentially the same as the arguments that were raised by Dr. Gupta and Sterling in their Motion for Summary Judgment: that plaintiffs failed to establish that Dr. Gupta's negligence was a proximate cause of the alleged damages; and that there are no facts to support a finding that a physician/patient relationship continued between Dr. Gupta and Veronica Pollard after Mrs. Pollard left the United States and moved to England. The first argument fails because four qualified experts have testified with reasonable medical probability, that had Dr. Gupta provided appropriate and timely adjuvant treatment to Mrs. Pollard as the standard of required, Mrs. Pollard's cancer would not have recurred or metastasized and she would have survived.

With respect to the second argument, plaintiffs contend that Dr. Gupta had a duty when he saw Mrs. Pollard in December, 1998, to advise her of the need for adjuvant chemotherapy and radiation therapy, and to inform her of the appropriate timing for such treatment. Dr. Gupta failed in his duty to so advise and inform Mrs. Pollard, and as a result, Mrs. Pollard was transferred with her husband to England where adjuvant chemotherapy was never provided and radiation therapy was delayed for five-six months. If Dr. Gupta had advised Mrs. Pollard that chemotherapy was recommended she would have delayed moving to England and would have elected to undergo adjuvant treatment at Eisenhower.

Moreover, prior to discharging Mrs. Pollard from his care in December, 1998, Dr. Gupta failed to take appropriate steps to determine who would assume Mrs. Pollard's care once she got England, and whether adjuvant treatment would be available and carried out in a timely

manner. Plaintiffs contend that this also constituted a breach in the standard of care by Dr. Gupta that resulted in the denial of adjuvant treatment when Mrs. Pollard got to England.

The facts also demonstrate that Dr. Gupta was kept informed of Mrs. Pollard's treatment by the physicians in England. Dr. Gupta was informed of the decision by the British oncologist, Dr. David Dodwell, not to administer chemotherapy and was also made aware of the delay in radiation treatment because of its unavailability under the British healthcare system. In light of Dr. Gupta's understanding of Mrs. Pollard's need for chemotherapy and radiation treatment, Dr. Gupta had a continuing duty to provide Mrs. Pollard with that information, and to arrangement through the military for her to receive appropriate treatment.[1]

3.	Finally defendant Humana argues that any claim for negligent infliction of emotional distress by Roosevelt Pollard is not recoverable under Georgia law. In light of Veronica Pollard's death during the pendency of this Motion and plaintiffs' Second Amended Complaint that includes claims for wrongful death and recovery of the full value of Veronica Pollard's life pursuant to O.C.G.A. §§ 51-4-1 and 51-4-2, plaintiffs do not contest this issue.

Plaintiffs respectfully refer the Court to the attached Memorandum and Exhibits, in further support of this Opposition.

---

1	In Paragraph 4 of Humana's Motion for Summary Judgment, defendant also contends that plaintiffs fail to identify facts to support their allegation that Dr. Gupta failed to conform to the standard of care. Defendant appears to have abandoned this argument since it is not addressed in defendant's Memorandum of Points and Authorities in Support of it's Motion for Summary Judgment, and is conceded elsewhere in defendant's argument.

3

WHEREFORE, for these reasons and any others that may appear to the Court, plaintiffs respectfully request that defendant Humana Military Healthcare, Inc.'s Motion for Summary Judgment be denied.

        Respectfully submitted,

        BRUCE J. KLORES & ASSOCIATES, P.C.


By:_____/S/_____
   Lesley S. Zork- #013454
   Bruce J. Klores- #03320
   915 15th Street, NW
   Washington, D.C. 20005
   (202) 628-8100
   Co-counsel for Plaintiffs

       and


        LAW OFFICES OF PETER MASCIOLA


_____/S/_____
   Peter R. Masciola - #12958
   601 Pennsylvania Avenue, N. W. #900
   Washington, D.C. 20004
   (202) 628-5680
   Co-counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the this 3rd day of February, 2004, copies of Plaintiffs' Opposition to Defendant Humana Military Services, Inc.'s Motion for Summary Judgment, Memorandum of Law in Support of Plaintiffs' Opposition, and proposed Order were mailed postage prepaid to:

Joan Cerniglia-Lowensen, Esquire
Morgan Shelsby Carlo Downs & Everton
4 North Park Drive
Suite 404
Hunt Valley, Maryland 21030

Larry Adams, Esquire
Assistant United States Attorney
United States Attorney's Office
6625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

Catherine A. Hanrahan, Esquire
Wilson Elser Moskowitz Edelman & Dicker LLP
1341 G Street, N.W. 5th Floor
Washington, D.C. 20005

_____/S/_____
Lesley Zork