## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, <u>et al.</u>, | **:** | |
| | **:** | |
| Plaintiffs | **:** | |
| | **:** | |
| v. | **:** | Civil Action WDQ-02-CV-764 |
| | **:** | |
| THE UNITED STATES OF AMERICA, | **:** | |
| <u>et al.</u>, | **:** | |
| | **:** | |
| Defendants. | **:** | |

**oo0oo**

## OPPOSITION TO PLAINTIFFS' MOTION
## TO COMPEL DISCOVERY

The United States of America, by and through its undersigned attorneys, respectfully opposes the motion filed by Plainitffs attempting to compel the United States to produce a witness, pursuant to Fed. Civ. Pro. Rule 30(b)(6), to testify on a matter of contract as set forth in paragraph 8 of Plaintiffs' Notice of Deposition that was served on the government on October 20, 2003. The United States maintains that the motion to compel should be denied because discovery closed two months ago, the local rules have not been followed by Plaintiffs, and the matter is speculative and irrelevant. Moreover, insofar as the matter concerns contractual interpretation, in the unlikely event the need arises, the Court will be able to make a judgment based on the terms of the contract:

1. The pertinent provision of the discovery requested concerns information as to the "intent of the USA (*sic*) in negotiating and entering into a contract with Humana Military." Although discovery on these issues was conducted in November 2003, counsel for Plaintiffs waited until January 21, 2004 (the week their opposition to the motion for summary judgment filed by the United States was due) to notice the United States they were contemplating filing a

motion to compel.  Clearly, what Plaintiffs want is an acknowledgment that the United States will somehow hold Humana Military Healthcare liable for any judgment which exceeds the policy limits of Dr. Gupta's liability insurance.   Presumably, Plaintiffs been unable to fashion any other legal theory sufficiently strong to hold Humana liable in this action.   They seek to force the hand of the United States in making a decision not required by the facts or even by the terms of the contract.

     2.   It should be noted at the outset that the Plaintiffs failed to comply with Local Rules 104.8 which requires that the parties exchange their motions to compel, opposition memorandum and any reply and then discuss the disputes before the filing of paper with the court. Coogan v. Cornet Transp. Co., Inc. 199 F.R.D. 166- 166-67 (D. Md. 2001).  Even if the spirit of the local rules has been observed, the technical violation coupled with the reasons given below require the Court to deny the motion.

     3.  As Plaintiffs correctly note, the government designated witnesses to address other areas of inquiry set forth in Plaintiffs' Notice of Deposition under Rule 30(b)(6) which was filed in late October 2003 as discovery as about to close.  Indeed, Dr. Kenneth Fink, who is head of the Oncology Department at Eisenhower Army Medical Center, was designated to testify about the contract as it relates to the employment of Dr. Gupta in that department.  After discovery was extended,  his deposition was taken by Plaintiffs' counsel on November  24, 2004.  Insofar as the intent of the United States in entering the contract with Humana was not elucidated to the satisfaction of the Plaintiffs, it was incumbent upon counsel to compel discovery promptly in accordance with the local rules.   Moreover, the defendant United States contends that the terms of contract speak for themselves and Plaintiffs' attempt to obtain a witness of the "intent" of the

contract is objectionable because it is overboard, burdensome, speculative, irrelevant and unnecessary.

4.  In resolving this dispute, the Court must employ the general principles of contract interpretation.. See United States v. ITT Continental Baking, Co., 420 U.S. 223, 238 (1975); Byrum v. Bear Inv. Co., 936 F.2d 173, 175 (4th Cir.1991). Accordingly, the ultimate duty of the court  is to ascertain the meaning and intent of the parties as expressed in the language utilized. See Sand Filtration Corp. v. Cowardin, 213 U.S. 360 (1909).  If the meaning of a contract is unambiguous, then the intent of the parties is a question of law solely for the court and should be determined only by looking within the four corners of the document.

5.  Specifically, Plaintiffs' Motion to Compel references the terms of the Agreement attached as Exhibit 11 to Humana Military Healthcare Services, Inc.'s Motion for Summary Judgment.  Exhibit 11, the Resource Sharing Agreement between Humana Military Healthcare Services ("HMHS") and Dwight David Eisenhower Army Medical Center ("MTF").

6.  Section 5 is titled Professional Liability.  This section requires that all medical personnel supplied to the MTF be covered by full professional liability insurance to the same extent as is usual and customary in civilian practice.  In this instance, the required limit of liability is $1 million which is maintained by Dr. Gupta.  In addition, section 5.2 states that the contractor shall be solely liable for negligent acts of its agents and shall ensure that providers maintain full professional liability insurance.  The Contractor is not defined in the Agreement, nor is the contractor's agent defined.  However, in the Resource Sharing Agreement which is part of the TRICARE DOD contract and produced as Exhibit 8 in the Motion for Summary Judgment, under 4(b) professional liability, it is indicated that the contractor shall be solely

liable for negligent acts or omissions of the contractor's agents and shall ensure that providers

maintain full professional liability insurance.  However, as indicated in the Resource Sharing

Agreement, the contractor is permitted to fulfill its requirements under resource sharing by

contracting with private sources or its own provider network.  Any such agreements must be in

compliance with the Resource Sharing Agreement and be bound by the Memorandum of

Understanding.

    7.  The agreement between Humana and Sterling, attached as Exhibit 10 to Humana's

Motion for Summary Judgment, paragraph 11 dictates that Sterling agrees to abide by the

policies, rules, procedures, and criteria for provisions of services at MTF as established by MTF.

Also, under paragraph 25 of the contract, Sterling acknowledges certain mandatory flow-down

clauses, to include limitation of liability, in all of its contracts.

    8.  Plaintiffs fail to appreciate the contractual issues.  In the first instance, Dr. Gupta is

not the agent of Humana.  To the extent there is any party that is its agent, the agent would be

Sterling Medical Corporation.  Although is a grave doubt as to the liability of any of the

defendants in this litigation, to the extent that an judgment exceeds policy limits the matter

would be initially between Sterling and Humana.  Whether the United States would be

compelled

to take any action is speculative at best.

    9.  Finally, there is no evidence that the Pollards are beneficiaries of any contractual

agreement between the United States, Humana, and/or Sterling Medical Corporation.  Plaintiffs

motion to compel is simply an attempt to create third party beneficiary status that does not exist.

WHEREFORE, based on the foregoing, it is clear that the motion to compel should be denied.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney


By:_____
Larry D. Adams
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692
410-209-4800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically filed this 4th day of February 2004 and sent to:

> Lesley Zork, Esquire
> Bruce J. Klores, and Associates, P.C.
> 915 15th Street, N.W.
> Washington, D.C. 20005
>
> Joan Cerniglia-Lowensen, Esq.
> Morgan, Shelsby, Carlo, Downs & Everton
> 4 North Park Drive, #404
> Hunt Valley, Md.  21030
> Attorney for Dr. Raj Gupta
>
> Catherine A. Harahan, Esq.
> Wilson, Elser, Moskowitz, Edelman and Dicker
> 1341 G Street, N.W.   5th Floor
> Washington, D.C. 20005-3105
> Attorney for Humana Military Healthcare, Inc.

> _____/s/_____
> Larry D. Adams
> Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| VERONICA POLLARD, <u>et al.</u>, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Civil Action WDQ-02-CV-764 |
| | : | |
| THE UNITED STATES OF AMERICA, | : | |
| <u>et al.</u>, | : | |
| | : | |
| Defendants. | : | |

ooOoo

**ORDER**

Upon consideration of Plaintiff's Motion to Compel Discovery and Defendant United

States' opposition thereto, it is this _____ day of _____, 2004, by the

United States District Court for the District of Maryland hereby Ordered:

1) That Plaintiff's motion to compel is hereby DENIED;

2) That the Clerk of the court shall transmit copies of this order to all counsel of record.


By:_____
        William D. Quarles
        United States District Judge

-7-