# EXHIBIT 1

VERONICA POLLARD, et al. vs.
THE UNITED STATES OF AMERICA

Case 1:02-cv-00764-WDQ   Document 83-2   Filed 02/18/2004   Page 2 of 3

KENNETH I. FINK, M.D.
November 24, 2003

Page 1

[1] IN THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF MARYLAND
[2]
[3]
   VERONICA POLLARD, et al.,        )
[4]
         Plaintiffs,                )
[5]                                 )CIVIL ACTION
      vs.                           )
[6]                                 )FILE NO. S-02-CV-764
   THE UNITED STATES OF             )
[7] AMERICA,                        )
[8]      Defendant.                 )
[9]
[10]
            DEPOSITION OF
[11]
         KENNETH I. FINK, M.D.
[12]
[13]
          November 24, 2003
[14]
            10:20 a.m.
[15]
[16]
[17] Dwight David Eisenhower Army Medical Center
[18]    11th Floor, 300 Hospital Road
[19]         Augusta, Georgia
[20]
      Regina W. Hollis, CCR B-2306, RPR
[21]
[22]
[23]
[24]
[25]

Page 2

[1]         APPEARANCES OF COUNSEL
[2]
[3] On behalf of the Plaintiffs:
[4]    LESLEY S. ZORK, Esq.
         Bruce J. Klores & Associates
[5]    Suite 300
         915 15th Street, N.W.
[6]    Washington, District of Columbia 20005
[7] On behalf of the Defendant, The United States of
     America:
[8]
       LARRY D. ADAMS, Esq.
[9]    Assistant United States Courthouse
       6625 United States Courthouse
[10]   101 West Lombard Street
       Baltimore, Maryland 21201
[11]
   On behalf of the Defendant, Raj R. Gupta, M.D. and
[12] Sterling Medical Corporation:
[13]   JOAN CERNIGLIA-LOWENSEN, Esq.
       Morgan, Shelsby, Carlo, Downs & Everton
[14]   4 North Park Drive
       Suite 404
[15]   Hunt Valley, Maryland 21030-1876
[16] On behalf of the Defendant, Humana Military Health
   System:
[17]
       CATHERINE A. HANRAHAN, Esq.
[18]   Wilson, Elser, Mokowitz, Edelman & Dicker
       1341 G. Street, N.W., Fifth Floor
[19]   Washington, District of Columbia 20005-3105
[20]
[21]
[22]
[23]
[24]
[25]

Page 79

CROSS-EXAMINATION
BY MS. HANRAHAN:

Q: Dr. Fink, this is Cathy Hanrahan. I just have a couple of questions for you with respect to the oncology department at Eisenhower and how it operated in 1998. Is it correct that all oncologists within the department could see CHAMPUS eligible patients?

A: Yes, they could.

Q: And on occasion, you had the opportunity to see CHAMPUS eligible patients?

A: Yes, I did.

MS. HANRAHAN: That's all I have.

MR. ADAMS: Let me go now.

CROSS-EXAMINATION
BY MR. ADAMS:

Q: Dr. Fink, do you have day-to-day control or supervision over Dr. Gupta's delivery of medical care to the patients you assign to him?

A: I hear of the patients he is going to be seeing each day, but I don't directly supervise nor control his practice of those patients.

Q: If you have a problem with one of your uniformed oncologists that may require disciplinary action, how do you proceed?

Page 80

A: Yeah. That works through military channels, and I would go through my department chairman to bring that forward.

Q: And do you perform an officer evaluation for your uniformed medical care providers?

MS. ZORK: I'm sorry. I can barely

Q: (By Mr. Adams) Do you make an officer rating for your active duty oncologists?

MS. ZORK: I still didn't hear you, Larry.

Q: (By Mr. Adams) Let me repeat it again. Do you provide an officer evaluating, what is called an OER, for your active duty medical oncologists?

A: Yes. I perform an evaluation report for my military physicians that I rate.

Q: And do you do that for Dr. Gupta?

A: No, we don't have an equivalent evaluation form.

Q: And with regard to Dr. Gupta's compensation, is it your understanding — well, what is your understanding of how that is covered or where it is covered in the scheme of things?

A: My understanding is his salary is based upon the quantity of work he has previously

Page 81

performed, for which the new contract was created, and he has some degree of expectation to keep up that degree of workload, which is accounted for by his submission of the bills to the company Sterling.

MR. ADAMS: I don't have any other questions.

MS. LOWENSEN: This is Joan. I have no questions.

MR. ADAMS: Okay. He decides to waive.

THE WITNESS: The answer to one question was who was the physician in 1998. I answered Dr. Coleman. I would like to change that answer to Dr. Willadsen.

MS. ZORK: That's fine. I think it's already been changed.

(Deposition concluded at 12:40 p.m.)
(It was stipulated and agreed by and between counsel for the respective parties and the witness that the signature of the witness to the deposition be waived.)

Page 82

INDEX TO EXAMINATIONS

| Examination | Page |
|---|---|
| Direct Examination by Ms. Zork | 3 |
| Cross-Examination by Ms. Hanrahan | 79 |
| Cross-Examination by Mr. Adams | 79 |