| | | |
|---|---|---|
| VERONICA POLLARD, et al | * | IN THE |
| Plaintiffs | * | UNITED STATES |
| v. | * | DISTRICT COURT |
| RAJ R. GUPTA, M.D., et al | * | FOR THE |
| Defendants | * | DISTRICT OF MARYLAND |
| | * | CASE NO.: WDQ-02-764 |

\* \* \* \* \*

## ANSWER TO SECOND AMENDED COMPLAINT

The Defendants, Raj R. Gupta, M.D. and Sterling Medical Corporation, by and through their attorneys, Joan Cerniglia-Lowensen and Morgan Shelsby Carlo Downs & Everton, pursuant to Federal Rule of Civil Procedure 12, answers the Plaintiff's Second Amended Complaint and says:

1. These Defendants have no knowledge of the allegations contained in paragraph one, therefore, cannot admit or deny those allegations.

2. These Defendants have no knowledge of the allegations contained in paragraph two, therefore, cannot admit or deny those allegations.

3. These Defendants state that this is a determination to be made by the trier of fact and are not obligated to admit or deny this statement.

4. These Defendants admit the allegations contained in paragraph four.

5. These Defendants deny the allegations contained in paragraph five.

6. These Defendants are not required to admit or deny the jurisdictional statements contained in paragraph six.

7. These Defendants admit the allegations contained in paragraph seven.

8. These Defendants are not required to admit or deny the venue statement contained in paragraph eight.

9. These Defendants admit the allegations contained in paragraph nine.

10. These Defendants are not obligated to admit or deny the legal conclusions stated in paragraph ten.

11. These Defendants admit the allegations contained in paragraph 11.

12. These Defendants deny the allegations contained in paragraph 12.

13. These Defendants are not obligated to admit or deny the legal conclusions contained in paragraph 13.

14. These Defendants deny that they provided care to Veronica Pollard in all relevant times as stated in this statement.

15. These Defendants deny that it was a health care provider of Veronica Pollard at all times relevant.

16. These Defendants deny that they owed the duty as stated in paragraph 16.

17. These Defendants admit the allegations contained in paragraph 17.

18. These Defendants deny the allegations contained in paragraph 18. These Defendants state that recommendations were made for chemotherapy and radiation therapy.

19. These Defendants deny the allegations contained in paragraph 19.

20. These Defendants admit the allegations contained in paragraph 20.

21. These Defendants deny the allegations contained in paragraph 21.

22. These Defendants incorporate and repeat by reference the answers to the allegations of paragraphs one through 21 as if set forth fully therein.

23. These Defendants deny the allegations contained in paragraph 23.

24. These Defendants incorporate and repeat by reference the answers to the allegations of paragraphs one through 23 as if set forth fully herein.

25. These Defendants deny the allegations contained in paragraph 25.

26. These Defendants deny the allegations contained in paragraph 26.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint and each Count fails to state an appropriate cause of action upon which relief can be granted against these Defendants.

2. The Plaintiffs are guilty of negligence which caused or contributed to the happenings of this occurrence.

3. The Plaintiffs by their own actions assumed the risk of their own injuries.

4. The Plaintiff's injuries were caused by third persons over whom these Defendants have no control.

5. This Court lacks proper subject matter jurisdiction.

6. The Plaintiff's claims are barred by the doctrine of collateral estoppel and/or res judicata.

7. The Plaintiff's claims against these Defendants are barred by the applicable statute of limitations.

8. The Plaintiff's claims for damages are in excess of the statutory limits.

9. These Defendants were not negligent as alleged.

        Respectfully submitted,

        Morgan Shelsby Carlo Downs & Everton

        _____
        Joan Cerniglia-Lowensen, #10747
        4 North Park Drive
        Suite 404
        Hunt Valley, Maryland 21030
        410-584-2800

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of July, 2004, a copy of the foregoing Answer to Second Amended Complaint on behalf of Defendants Raj R. Gupta, M.D. and Sterling Medical Corporation was mailed postage prepaid to:

Lesley S. Zork, Esquire
Bruce J. Klores & Associates
915 15th Street, N.W.
Third Floor
Washington, D.C. 20005

Peter R. Masciola, Esquire
Law Offices of Peter Masciola
601 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20004

Catherine A. Hanrahan, Esquire
Wilson, Elser, Moskowitz, Edelman
& Dicker, LLP
1341 G Street, N.W., 5th Floor
Washington, D.C. 20005

Joan Cerniglia-Lowensen, #10747
Morgan Shelsby Carlo Downs & Everton
4 North Park Drive
Suite 404
Hunt Valley, Maryland 21030
410-584-2800