IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROOSEVELT POLLARD, as surviving Spouse and as Personal Representative of the Estate of Veronica Pollard, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil No.: S-02-764 (WDQ) |
| RAJ R. GUPTA, M.D., *et al.*, | : : | |
| Defendants | : | |

**ANSWER OF HUMANA MILITARY HEALTHCARE SERVICES, INC.
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

The Defendant Humana Military Healthcare Services, Inc., by counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, pursuant to the Federal Rules of Civil Procedure, answers the plaintiff's Second Amended Complaint and states as follows:

1. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 and, therefore, pursuant to the Rules, the allegations are deemed denied.

2. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 and, therefore, pursuant to the Rules, the allegations are deemed denied.

3. The allegations set forth in paragraph 3 of the Second Amended Complaint contain a legal conclusion to which no response is required. To the extent a response is required, this Defendant denies the allegations contained in paragraph 3.

4. This Defendant admits the allegations contained in paragraph 4 of the Second

1

180440.1

Amended Complaint.

5. This defendant denies the allegations set forth in paragraph 5 of the Second Amended Complaint.

6. The allegations set forth in paragraph 6 of the Second Amended Complaint are jurisdictional in nature to which no response is required. To the extent a response is required, the allegations contained in paragraph 6 are denied.

7. This Defendant admits the allegation set forth in paragraph 7 of the Second Amended Complaint.

8. The allegations set forth in paragraph 8 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 8 are denied.

9. This Defendant admits the allegations contained in paragraph 9 of the Second Amended Complaint.

10. This Defendant admits that the Defendant United States of America through the United States Army controlled and operated Dwight David Eisenhower, Army Medical Center at Ft. Gordon, Georgia. It is also admitted that Defendant Gupta is an oncologist. The remaining allegations set forth in paragraph 10 of the Second Amended Complaint as they pertain to this Defendant are denied.

11. This Defendant is without knowledge or information sufficient to form a belief as to which events and occurrences the plaintiff contends took place within the State of Georgia, England, the District of Columbia and the State of Maryland and, therefore, pursuant to the Rules of Procedure, the allegations in paragraph 11 of the Second Amended Complaint are deemed denied.

12. This Defendant denies the allegations set forth in paragraph 12 of the Second Amended Complaint.

13. This Defendant denies that agents, employees, servants or representatives of this Defendant, acting within the scope of employment or agency, provided medical care to Veronica Pollard, and denies the remaining allegations contained in Paragraph 13 of the Second Amended Complaint.

14. This Defendant denies the allegations set forth in paragraph 14 of the Second Amended Complaint.

15. This Defendant denies the allegations set forth in paragraph 15 of the Second Amended Complaint.

16. The allegations set forth in paragraph 16 of the Second Amended Complaint are denied.

17. This Defendant admits the allegations set forth in paragraph 17 of the Second Amended Complaint.

18. This Defendant denies the allegations as worded in paragraph 18 of the Second Amended Complaint. This defendant states that recommendations were made for chemotherapy and radiation therapy.

19. This Defendant denies the allegations in paragraph 19 of the Second Amended Complaint.

20. This Defendant admits the allegations set forth in paragraph 20 of the Second Amended Complaint.

21. The allegations set forth in paragraph 21 of the Second Amended Complaint are denied.

22. This Defendant incorporates as if fully set forth herein the responses to paragraphs 1 through 21 in response to paragraph 22.

23. The allegations set forth in paragraph 23 of the Second Amended Complaint are denied.

24. This Defendant incorporates as if fully set forth herein the responses to paragraphs 1 through 23 in response to paragraph 24

25. The allegations set forth in paragraph 25 of the Second Amended Complaint are denied.

26. The allegations set forth in paragraph 26 of the Second Amended Complaint are denied.

This Defendant generally denies each and every allegation set forth in the Second Amended Complaint except as expressly admitted herein.

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiff's allege injuries and damages, if any, are the result of actions, commissions, omissions or liabilities of others for whom this Defendant is not and may not be legally responsible.

**THIRD AFFIRMATIVE DEFENSE**

The plaintiff's claim may be barred by the defendant's sole and/or contributory negligence.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff's claim may be barred by the doctrine of assumption of the risk.

**FIFTH AFFIRMATIVE DEFENSE**

180440.1

The plaintiff's injuries were caused by third persons, to include the decedent, over whom this Defendant had no control and no right of control.

### SIXTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this case.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the non-entity identified as "Humana Military Healthcare, Inc." or to the extent this entity has an existence it has no relationship to this action or to this Court.

### NINTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the entity identified as "Humana, Inc." or to the extent this entity has an existence it has no relationship to this action or to this Court.

### TENTH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, may be due to a naturally occurring disease process or underlying medical condition for which this Defendant is not and may not be legally liable.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims and alleged injuries and damages, if any, may be preempted by ERISA.

### TWELVTH AFFIRMATIVE DEFENSE

The Plaintiff's claims for damages are in excess of statutory limits.

## THIRTEENTH AFFIRMATIVE DEFENSE

This defendant denies that the co-defendants are agents, servants, employees, and/or representatives of this defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to supplement this Answer should additional facts be discovered throughout discovery.

WHEREFORE, the Defendant Humana Military Healthcare Services, Inc., having answered the Second Amended Complaint filed herein, respectfully requests judgment be entered in its favor with an award of reasonable costs and expenses.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

*/s/ Catherine A. Hanrahan*
Catherine A. Hanrahan, Esquire #06711
Erin J. Ashbarry, Esquire #26298
1341 G Street, NW, 5th Floor
Washington, D.C. 20005-3105
(202) 626-7660
(202) 628-3606 (facsimile)

180440.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer of Humana Military Healthcare Services, Inc. to Plaintiff's Second Amended Complaint was mailed, postage pre-paid, on this 12th day of July, 2004, to:

>Bruce J. Klores, Esquire
>Lesley S. Zork, Esquire
>Bruce J. Kores & Associates, PC.
>915 15th Street, NW
>Washington, DC  20005
>
>Peter R. Masciola, Esquire
>601 Indiana Avenue, NW
>Suite 603
>Washington, DC  20004
>*Counsel for Plaintiffs*
>
>Joan Cerniglia-Lowensen, Esquire
>Morgan, Shelsby, Carlo, Downs & Everton
>4 North Oak Drive
>Suite 404
>Hunt Valley, MD  21030
>*Attorneys for Dr. Gupta and Sterling Medical Corporation*
>
>Larry D. Adams
>Assistant US Attorney
>6625 United States Courthouse
>101 West Lombard St.
>Baltimore, MD 21201

>>*/s/ Catherine A. Hanrahan*
>>Catherine A. Hanrahan

180440.1