## AFFIDAVIT OF L.F. SMITH, M.D.

PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, L.F. Smith, M.D., who after first being sworn does declare under oath the following facts and opinions as related to the medical care rendered to Veronica Pollard. This Affidavit is made and given according to the provision of O.C.G.A. § 9- -9.1 in support of a civil action alleging medical negligence against the United States Government through its surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, and possibly others:

am L.F. Smith, M.D. am licensed to practice medicine in the Commonwealth of Virginia, and I am Board Certified in Internal Medicine, Oncology and Hematology. I currently practice primarily in the field of oncology and have done so continuously for over 25 years. A copy of my Curriculum Vitae is attached for purposes of establishing my credentials.

2   Attached to my Affidavit are copies of the following medical records which I have reviewed and which reflect the treatment that was rendered to Veronica Pollard:

    a.   D.D. Eisenhower Army Medical Center

    b.   Menwith Hill Station - Harrogate

    c.   Cookridge Hospital Yorkshire Regional Centre for Cancer Treatment

    d.   Lakenheath RAF

    e.   Walter Reed Army Medical Center

3   Based upon my review of these medical records, and based on upon my knowledge, training and experience in treating the same and similar medical conditions, it my opinion that the medical treatment rendered to Veronica Pollard by the surgeons, oncologists,

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

FIFTEENTH STREET, N.W
THIRD FLOOR
WASHINGTON, D.C. 20005
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

pathologists and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, from October through December 1998, involved deviations from that degree of care and skill required by physicians generally under like and similar circumstances, by failing to obtain pathologic and laboratory information regarding the characteristics of Ms. Pollard's cancer within a reasonable period of time; by misidentifying the size and other characteristics of the cancer on pathologic examination; by failing to administer appropriate adjuvant treatment of following the detection of cancer in Ms. Pollard's breast in October, 1998, including chemotherapy and radiation treatment; and by transferring Mrs. Pollard for treatment to other physicians whom they knew or should have known would not adhere to the standard of care in the United States for treatment of breast cancer.

4. Based on the circumstances shown in the above medical records, the standard of care required the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, to obtain accurate and reliable pathologic and receptor information regarding the characteristics of Mrs. Pollard's cancer, within two weeks of the surgery that was diagnostic of cancer. The standard of care required the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, to complete the pathologic studies and begin chemotherapy for adjuvant treatment of Mrs. Pollard's breast cancer within 4-6 weeks of her initial diagnosis of breast cancer.

5   It is my opinion with reasonable medical certainty that the above deviations in the standard of care by the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, caused or contributed to the

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

915 FIFTEENTH STREET, N.W.
THIRD FLOOR
WASHINGTON, D.C. 20005
(202) 628-8100

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

spread of metastatic cancer throughout Mrs. Pollard's body, and made it more likely than not that she will die from cancer within five years. It is my opinion with reasonable medical certainty that had the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia adhered to the standard of care, Mrs. Pollard would more likely than not have been cured of cancer and lived a normal life expectancy.

6. This affidavit is not intended to encompass all acts or omissions which might fall below the acceptable standard of care which might have been owed to Veronica Pollard. My opinions are based the records presented to me for review and may be modified as discovery progresses in this case, or as may otherwise become appropriate.

7. It is my understanding that this affidavit is given for the purpose of being attached to and used in support of the plaintiffs' medical malpractice, pursuant to O.C.G.A. § 9-11-9.1

Executed by L.F. Smith, M.D., as is shown below this 5th day of March, 2002.

_____
L.F. Smith, M.D.

Executed under oath by L.F. Smith, M.D. this 5th day of March, 2002 in the presence of:

_____
Notary Public, Commonwealth of Virginia
My Commission Expires: 5-31-02

BRUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

915 FIFTEENTH STREET, N.W.
THIRD FLOOR
WASHINGTON, D.C. 20005

TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223-3688
www.klores.com

3