IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**VERONICA POLLARD,** *et al.,*                 **BILL OF COSTS**

         **Plaintiff(s)**

                                Case Number __WDQ-02-764__

        **vs.**

**UNITED STATES OF AMERICA,** *et al.,*

        **Defendant(s)**

Judgment having been entered in the above entitled action on __06/30/04__ against Veronica Pollard, *et al.*, the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk | $ |
| Fees for service of summons and subpoena | $ |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $ __9,448.70__ |
| Fees and disbursements for printing | $ |
| Fees for witnesses (itemize on reverse side) | $ |
| Fees for exemplification and copies of papers necessarily obtained for use in this case | $ |
| Docket fees under 28 U.S.C. 1923 | $ |
| Costs as shown on Mandate of Court of Appeals | $ |
| Compensation of court-appointed experts | $ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | $ |
| Other costs (please itemize) | $ |
| **TOTAL** | $ __9,448.70__ |

**SPECIAL NOTE:** Attach to your bill an itemization and documentation for requested costs in all categories.

**DECLARATION**

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to: Lesley S. Zork, Esquire, Bruce J. Klores & Associates, 9-15-15th ST NW, 3rd Floor, Washington, DC 20006 and Peter R. Masciola, Esquire 601 Indiana Avenue, N.W., #603, Washington, DC 20004, attorneys for Plaintiff.

Larry D. Adams, Assistant U.S. Attorney          *[signature]*      7/27/04
Print Name of Attorney                                  Signature of Attorney           Date

United States of America
Print Name of Claiming Party

Costs are taxed in the amount of $_____ and included in the judgment.

Felicia C. Cannon, Clerk

By: _____
        Deputy Clerk                    Date

U.S. District Court (1/2000) -Bill of Costs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, : | |
|    Plaintiffs, : | |
| v. : | CIVIL NO. WDQ-02-764 |
| UNITED STATES OF AMERICA, *et al.*, : | |
|    Defendants. : | |

...oOo...

**MEMORANDUM IN SUPPORT OF BILL OF COSTS**

Defendant United States of America, by and through its counsel, Thomas M. DiBiagio, United States Attorney for the District of Maryland, and Larry D. Adams, Assistant United States Attorney for said District, submit this Memorandum in support of defendant's Bill of Costs. Defendant also submits the Affidavit of Assistant United States Attorney Larry D. Adams (hereinafter "Adams Affidavit"), as verification of defendant's Bill of Costs; the Adams Affidavit is attached at tab 1 and incorporated herein by reference as though set forth in full.

**INTRODUCTION**

On June 30, 2004, this Court entered a final order dismissing the claims against defendant United States of America on her claims of Medical Malpractice. Defendant, on July 14, 2004 filed a Motion for Enlargement of Time to file a Bill of Cost requesting until

July 28, 2004 to file the same. Defendant's Motion for Enlargement of Time was granted on July 15, 2004. Defendant now files the Bill of Cost and Memorandum in support and seeks an award of costs against plaintiff.

## ARGUMENT

Having prevailed in this action, defendant is entitled to costs pursuant to Rule 54 of the Federal Rules of Civil Procedure. Rule 54(d)(1) provides in relevant part:

> "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs..."

Moreover, 28 U.S.C. § 1920 provides that a "judge or clerk of any court of the United States" may tax costs. Section 1920 enumerates taxable costs as follows:

> "(1) Fees of the clerk and marshal;
>
> "(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> "(3) Fees and disbursements for printing and witnesses;
>
> "(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> "(5) Docket fees under section 1923 of this title;
>
> "(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

> "A bill of costs shall be filed in the case and, upon allowance, included in the judgement or decree."

Clearly, defendant is entitled to a costs award as part of the final order entered in this case. See also, Thomas v. Treasury Management Association, Inc., 158 F.R.D. 364, 371-72 (D. Md. 1994) (prevailing defendant entitled to costs incurred for clerk's fees, deposition transcripts, and exemplification and copies of papers necessarily obtained for use in the case).

**Costs Associated With Depositions**

Defendant is entitled to costs associated with depositions. 28 U.S.C. § 1920(4); Fed. R. Civ. P. 54(d); Advance Business Systems & Supply Co. v. SCM Corporation, 287 F. Supp. 143, 165 (D. Md. 1968) (deposition transcripts are taxable "when reasonably 'necessary for use in the case'"); Thomas v. Treasury Management Association, Inc., 158 F.R.D. at 371-72 (prevailing defendant awarded costs for deposition transcripts as a reasonable and proper expense); and Principe v. McDonald's Corporation, 95 F.R.D. 34, 37 (E.D. Va. 1982) (costs of depositions recoverable inasmuch as proper and effective case preparation required depositions).

Judge Harvey applied these principles in Charter Medical Corporation v. Cardin, 127 F.R.D. 111 (D.Md. 1989). "In determining whether deposition costs are taxable, a court could consider the extent of the use of each deposition in pretrial motions, in cross

3

examination and otherwise, and whether the taking of the deposition was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. ... If is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial" Id.

Defendant took the depositions of the opposing party, plaintiff's **Veronica Pollard**, and **SGT. Roosevelt Pollard** for which defendant incurred costs in the amount of **$695.85.** Defendant now seeks a costs award for this depositions. (See Adams Affidavit, paragraph 3, which addresses this expenses.)

Defendant also took nine (9) depositions that involved plaintiff's expert witnesses and plaintiff witnesses for which defendant incurred costs in the amount of **$5,141.15.** (See Adams Affidavit, paragraph 3, which addresses this expenses.)

Plaintiff took twelve (12) depositions. Defendant was required to incur costs associated with these depositions and seeks and award for them in the amount of **$3,611.70.** (See Adams Affidavit, paragraph 4, which sets forth the names of the twelve (12) deponents, the dates of deposition, and the costs incurred for the depositions).

Defendant order copies of twenty three (23) transcripts of depositions all of which were reviewed and of which were relied upon directly in preparing the governments pleadings. (See Adams

4

Affidavit paragraphs 3 and 4, which sets forth the names of the twenty three (23) deponents, the dates of deposition, and the costs incurred for the depositions).

**Other Costs Incurred But Not Claimed**

In defendant's filings for costs, defendant makes no claim for a variety of charges associated with the government's defense in this case, e.g. costs of local and foreign travel, postage, telecopier, and attorney's fees are not claimed for taxation. (See Adams Affidavit, paragraph 6). By declining an opportunity to pursue payment for such costs, defendant respectfully submits that it has carefully reviewed and considered which costs in the instant case may properly be sought through an award of costs. 28 U.S.C. 1920; Fed. R. Civ. P. 54(d).

**CONCLUSION**

Defendant is entitled to a costs award and submits an Order for the Court's consideration. This Memorandum is accompanied by a verified Bill of Costs, an Affidavit of counsel in this case (the Adams Affidavit), and other relevant documentation to support defendant's claim for reimbursable costs.

        Respectfully submitted,

        Thomas M. DiBiagio
        United States Attorney

By: _____
        Larry D. Adams
        Assistant United States Attorney
        Bar No. 03118
        6625 United States Courthouse
        101 West Lombard Street
        Baltimore, Maryland 21201-2692
        410-209-4800