**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.: S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.,* | : | |
| | : | |
| Defendants | : | |

**DEFENDANT HUMANA MILITARY HEALTHCARE SERVICES, INC.'S**
**MOTION IN LIMINE TO EXCLUDE CUMULATIVE EXPERT TESTIMONY**

Defendant Humana Military Healthcare Services, Inc., ("HMHS") by counsel WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, respectfully moves this Court *in limine* for an Order to exclude cumulative expert testimony and as reasons therefor states as follows:

1. Plaintiffs assert claims for wrongful death and medical negligence in connection with the treatment for breast cancer received by decedent Veronica Pollard.

2. Plaintiffs have identified four physician oncologists as expert witnesses who will testify as to the applicable standard of care, its alleged breach and the alleged injury sustained by decedent allegedly because of the treatment by Defendant Dr. Gupta.

3. HMHS is party to this action by virtue of the alleged agency and/or alleged employment of Dr. Gupta.

4. Four experts, and possibly more because the plaintiffs also identify two pathologists and one radiologist, testifying on the same issues are cumulative and prejudicial to Defendants HMHS and Dr. Gupta.

191670.1

5.  Plaintiffs should therefore be limited to calling one expert on these issues, all of which have been testified to by the four physician oncologists identified by the plaintiffs.

6.  And for such further reasons as set forth in the attached Memorandum of Points and Authorities, which Defendant incorporates by reference herein.

WHEREFORE, Defendant Humana Military Healthcare Services, Inc. requests that this Court enter an Order limiting Plaintiffs to calling one expert witness at trial.

                    Respectfully submitted,

                    WILSON, ELSER, MOSKOWITZ,
                    EDELMAN & DICKER, LLP

By: *Catherine A. Hanrahan*
      Catherine A. Hanrahan, #06711
      The Colorado Building
      1341 G Street, NW
      Suite 500
      Washington, DC  20005
      (202) 626-7668
      fax (202) 628-3606

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant Humana Military Healthcare Services, Inc.'s Motion *in Limine* to Exclude Cumulative Expert Testimony, the Memorandum of Points and Authorities, Exhibits and Proposed Order were mailed, postage pre-paid, this 23rd day of December, 2004 to:

Bruce J. Klores, Esquire
Lesley S. Zork, Esquire
Bruce J. Klores & Associates, PC.
915 15th Street, NW
Washington, DC  20005

Peter R. Masciola, Esquire
601 Indiana Avenue, NW
Suite 603
Washington, DC  20004
*Counsel for Plaintiffs*

Joan Cerniglia-Lowensen, Esquire
Morgan, Shelsby, Carlo, Downs & Everton
4 North Oak Drive
Suite 404
Hunt Valley, MD  21030
*Attorneys for Dr. Gupta and Sterling Medical Corporation*

Larry Adams, Esquire
Assistant United States Attorney
United States Attorney's Office
6625 U.S. Court House
101 W. Lombard Street
Baltimore, MD  21201
*Attorney for United States of America*

　　　　　　　　　　　　　　　　　　*Catherine A. Hanrahan*
　　　　　　　　　　　　　　　　　　Catherine A. Hanrahan

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, : | |
| : | |
| Plaintiffs : | |
| : | |
| v. : | C.A. No.: S-02-764 WDQ |
| : | |
| UNITED STATES OF AMERICA, *et al.*, : | |
| : | |
| Defendants : | |

### DEFENDANT HUMANA MILITARY HEALTHCARE SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE CUMULATIVE EXPERT TESTIMONY

The Defendant, Humana Military Healthcare Services, Inc., ("HMHS") by counsel WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby files the following Memorandum of Points and Authorities in support of its Motion *in Limine* to exclude cumulative testimony from Plaintiffs' expert witnesses.

Plaintiffs allege Defendant Raj Gupta, M.D., an oncologist, was negligent in his treatment of Veronica Pollard's breast cancer. Dr. Gupta is alleged to be an agent and/or employee of HMHS.

Plaintiffs have identified four oncologists as expert witnesses. *See* Plaintiffs' Designation of Experts, attached hereto as Exhibit 1. Plaintiffs will call Leroy Smith, M.D., G. Peter Pushkas, M.D., Michael Auerbach, M.D., and Gerald Sokol, M.D. to testify as to standard of care issues the alleged breach and medical causation against Dr. Gupta. *See* Ex. 1[1].

---

[1] The plaintiffs also identify Dr. McTighe, a pathologist, and Dr. Zuurbier, a radiologist. Further, plaintiff identifies Dr. Page as a witness, the expert pathologist for the dismissed defendant, United States of America. These experts will allegedly testify as to standard of care of an oncologist.

191670.1

Federal Rule of Evidence 403 states that relevant evidence may be excluded if its probative value is substantially outweighed by "the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Federal Rule of Evidence 403 (hereafter "FRE 403").

FRE 403 is "an important tool which should be used by a court to guarantee that a fair trial is held and that trial efficiency is promoted."  *Atkinson Warehousing and Distribution, Inc. v. Ecolab, Inc.*, 99 F.Supp.2d 665, 666 (D. Md. 2000).  "A court is free to exclude any expert testimony, including the testimony of an announced expert, if the testimony is cumulative or redundant under [FRE 403]."  *In re Air Crash Disaster*, 86 F.3d 498, 527 (6th Cir. 1996).

In *Laplace-Bayard v. Batlle*, 295 F.3d 157 (1st Cir. 2002), the First Circuit upheld the trial court's exclusion of one of two plaintiff experts due, in part, to the duplicative nature of the testimony.  The plaintiff alleged a surgeon who repaired her perforated bowel negligently performed the surgery and negligently managed her post-operative care.  *See id.* at 159.  Plaintiff argued that one expert, a surgeon, was to testify only as to the surgery, and another physician would address only the post-operative care.  *See id.* at 163-64.  The First Circuit upheld the exclusion of the second physician as duplicative under FRE 403.  In light of the first surgeon's proffered testimony as to the plaintiff's post-operative care, the second physician could not also proffer testimony on the issue.  *See id.*

Here, Plaintiffs seek to introduce testimony from a minimum of four expert witnesses who will essentially criticize Dr. Gupta's treatment of Ms. Pollard.  Four oncology experts witnesses, let alone two pathologists and a radiologist, testifying on the same issues is cumulative and unduly prejudicial to Defendants.  Plaintiffs did not retain four expert oncologists

191670.1

2

to testify on four discrete areas of Dr. Gupta's care of plaintiff. All four oncologists will testify as to what the standard of care required of an oncologist, the breach and medical causation of the alleged breach[2]. This is clearly cumulative, duplicative, and an uneconomical use of the time of the Court and the jury.

Defendants HMHS and Dr. Gupta retained a total of two physician oncologists to address the standard of care – namely, Dr. Lippman and Dr. Stark. Plaintiffs' four oncology expert witnesses testifying on the issue of standard of care is prejudicial to the defense because the jury could improperly rely upon the number of doctors critical of Dr. Gupta to reach its decision. Dr. Gupta's conduct should not be judged based upon the number of experts that Plaintiff hired to bolster the testimony of the others at trial.

Presenting a minimum of four experts on the same issues of the standard of care, the alleged breaches and medical causation as to Dr. Gupta's case is confusing and misleading to the jury, prejudicial to the defendants, and a needless waste of the Court's and jurors' time. Any probative value in allowing Plaintiffs' minimum of four experts to testify against Dr. Gupta on these issues is far outweighed by the cumulative and prejudicial effects. HMHS respectfully submits that entry of an order limiting the testimony to one expert who will address the standard of care, the breach and medical causation is in accordance with FRE 403.

---

[2] The pathology experts were retained to address issues with the interpretation of the tumor by the physician associated with the United States of America. The interpretation of the pathologic nature of the tumor is not at issue as to Dr. Gupta. It is unclear as to why a radiologist is named for there is no issue as to the interpretation of mammagrams. Nonetheless, the plaintiffs also identify these experts as witnesses in the case against Dr. Gupta.

       Respectfully submitted,

       WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER, LLP


By:   *Catherine A. Hanrahan*
       Catherine A. Hanrahan, #06711
       The Colorado Building
       1341 G Street, NW, Suite 500
       Washington, DC 20005
       (202) 626-7668
       (202) 628-3606

191670.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, : | |
| : | |
| Plaintiffs : | |
| : | |
| v. : | C.A. No.:  S-02-764 WDQ |
| : | |
| UNITED STATES OF AMERICA, *et al.,* : | |
| : | |
| Defendants : | |

## ORDER

Upon consideration of defendant Humana Military Healthcare Services, Inc.'s Motion for *in Limine* regarding cumulative expert testimony, any Opposition, and Reply thereto, and the record herein, it is this _____ day of _____, 2004, hereby

ORDERED that the Motion is GRANTED, and it is further

ORDERED that plaintiffs may present one expert witness who shall be permitted to testify on the issues of the standard of care, the alleged breach thereof and medical causation at trial.

_____
William D. Quarles, Jr., Judge

191670.1

cc:   Bruce J. Klores, Esquire
      Lesley S. Zork, Esquire
      Bruce J. Klores & Associates, PC.
      915 15th Street, NW
      Washington, DC 20005

      Peter R. Masciola, Esquire
      601 Indiana Avenue, NW
      Suite 603
      Washington, DC 20004
      *Counsel for Plaintiffs*

      Joan Cerniglia-Lowensen, Esquire
      Morgan, Shelsby, Carlo, Downs & Everton
      4 North Oak Drive
      Suite 404
      Hunt Valley, MD 21030
      *Attorneys for Dr. Gupta and Sterling Medical Corporation*

      Catherine A. Hanrahan, Esquire
      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
      1341 G Street, N.W., Suite 500
      Washington, DC 20005
      *Attorneys for Humana Military Healthcare Services, Inc.*

2

191670.1