IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v | ) CA No  S-02-CV-764 |
| | ) Judge Quarles |
| THE UNITED STATES OF | ) |
| AMERICA | ) |
| | ) |
| Defendant | ) |

**PLAINTIFFS' DESIGNATION OF EXPERTS**

Come now the plaintiffs, by and through their attorneys, Bruce J  Klores, Lesley S

Zork, and the law firm of Bruce J  Klores & Associates, P C , and provisionally designate the

following expert witnesses to be called at trial:

1. **L.F. SMITH, M.D.**
   5226 Dawes Avenue
   Alexandria, VA 22311-1404

Dr  Smith is board certified in internal medicine and oncology  His CV is attached.

Dr  Smith will testify on standard of care, proximate cause and damages  Dr  Smith is

expected to testify that the defendants, which includes the physicians and health care providers

at D.D  Eisenhower Army Medical Center, Fort Gordon, Georgia, responsible for diagnosing

and treating Mrs  Pollard's breast cancer in October through December 1998, deviated from

that degree of care and skill required by physicians generally under like and similar

circumstances, by failing to obtain pathologic and laboratory information regarding the

characteristics of Ms  Pollard's cancer in a timely manner; by misidentifying the size and other

characteristics of the cancer on pathologic examination; by failing to administer appropriate and

RUCE J. KLORES
& ASSOCIATES
AT TORNEYS AT LAW
PROFESSIONAL CORPORATION
FIFTEENTH STREET NW
THIRD FLOOR
AASHINGTON D.C. 20005
(202) 628-8100

ELECOPIER (202) 628-1240
DLL FREE 1 (877) 223 3688
www.klores.com

EXHIBIT
1

timely adjuvant treatment of following the detection of cancer in Mrs. Pollard's breast in October, 1998, including chemotherapy and radiation treatment; by failing to adequately inform and advise Mrs. Pollard of the treatment options in light of her clinical condition; by authorizing Mrs. Pollard's transfer to England before completing adjuvant treatment of her breast cancer; by failing to make appropriate arrangements to ensure that Mrs. Pollard received timely and appropriate adjuvant treatment for her breast cancer in England; by approving the transfer of Mrs. Pollard's treatment for breast cancer to physicians in England whom the defendants knew or should have known would not adhere to the standard of care for treatment of breast cancer in the United States.

Dr. Smith is expected to testify that the standard of care required the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, to obtain accurate and reliable pathologic and receptor information regarding the characteristics of Mrs. Pollard's cancer, within two weeks of the surgery that was diagnostic of cancer. The standard of care required the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, to complete the pathologic studies and begin chemotherapy for adjuvant treatment of Mrs. Pollard's breast cancer within 4-6 weeks of surgery to remove breast cancer, followed by radiation therapy.

Dr. Smith is expected to testify that the standard of care was to recommend and administer adjuvant chemotherapy based on the fact that Mrs. Pollard was pre-menopausal, and on the tumor characteristic including the fact that it was a poorly differentiated tumor and was hormone receptor negative.

RUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
ROFESSIONAL CORPORATION

FIFTEENTH STREET N.W.
THIRD FLOOR
ASHINGTON, D.C. 20005
(202) 628-8100

LECOPIER (202) 628-1240
LL FREE 1 (877) 223-3688
www.klores.com

2

Dr. Smith is expected to testify that the above deviations in the standard of care by the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, caused or contributed to the recurrence of cancer in Mrs. Pollard's right breast and to the cancer spread of metastatic cancer throughout Mrs. Pollard's body, and made it more likely than not that Mrs. Pollard will die from metastatic cancer within five years of her diagnosis. Dr. Smith is expected to testify with reasonable medical certainty that had the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia adhered to the standard of care, Mrs. Pollard's breast cancer would and more likely than not have been cured, and she would have lived a normal life expectancy. Dr. Smith is expected to testify that failure to provide timely and appropriately radiation therapy and chemotherapy treatment to Mrs. Pollard, significantly increased her morbidity.

Dr. Smith with base his opinions on the medical records, depositions and discovery in this case, and on his education, training and experience in treating patients with breast cancer.

2.    **G. PETER PUSHKAS, M. D.**
11510 Old Georgetown Road
Rockville, MD 20852

Dr. Pushkas is board certified in both internal medicine and oncology. His CV is attached. Dr. Pushkas will testify on standard of care, proximate cause and damages. Dr. Pushkas is expected to testify that the defendants, which includes the physicians and health care providers at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, responsible for diagnosing and treating Mrs. Pollard's breast cancer in October through December 1998, deviated from that degree of care and skill required by physicians generally under like and

:UCE J. KLORES
2 ASSOCIATES
3 TTORNEYS AT LAW
:OFESSIONAL CORPORATION

IFTEENTH STREET N.W
THIRD FLOOR
:SHINGTON, D.C. 20005
(202) 628-8100

ECOPIER (202) 628-1240
L FREE 1 (877) 223-3688
www.klores.com

similar circumstances, by failing to obtain pathologic and laboratory information regarding the

characteristics of Ms. Pollard's cancer in a timely manner; by misidentifying the size and other

characteristics of the cancer on pathologic examination; by failing to administer appropriate and

timely adjuvant treatment of following the detection of cancer in Mrs. Pollard's breast in

October, 1998, including chemotherapy and radiation treatment; by failing to adequately inform

and advise Mrs. Pollard of the treatment options in light of her clinical condition; by

authorizing Mrs. Pollard's transfer to England before completing adjuvant treatment of her

breast cancer; by failing to make appropriate arrangements to ensure that Mrs. Pollard received

timely and appropriate adjuvant treatment for her breast cancer in England; by approving the

transfer of Mrs. Pollard's treatment for breast cancer to physicians in England whom the

defendants knew or should have known would not adhere to the standard of care for treatment

of breast cancer in the United States.

Dr. Pushkas is expected to testify that the standard of care required the surgeons,

oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center,

Fort Gordon, Georgia, to obtain accurate and reliable pathologic and receptor information

regarding the characteristics of Mrs. Pollard's cancer, within two weeks of the surgery that was

diagnostic of cancer. The standard of care required the surgeons, oncologists, pathologists, and

other medical doctors at D.D Eisenhower Army Medical Center, Fort Gordon, Georgia, to

complete the pathologic studies and begin chemotherapy for adjuvant treatment of Mrs.

Pollard's breast cancer within 4-6 weeks of surgery to remove breast cancer.

Dr. Pushkas is expected to testify that the standard of care was to recommend and

administer adjuvant chemotherapy based on the fact that Mrs. Pollard was pre-menopausal, and

UCE J. KLORES
: ASSOCIATES
TTORNEYS AT LAW
OFESSIONAL CORPORATION

IFTEENTH STREET NW
THIRD FLOOR
.SHINGTON, D.C. 20005
(202) 628-8100

ECOPIER (202) 628-1240
L FREE 1 (877) 223-3688
www.klores.com

4

on the tumor characteristic including the fact that it was a poorly differentiated tumor and was hormone receptor negative.

Dr. Pushkas is expected to testify that the above deviations in the standard of care by the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, caused or contributed to the recurrence of cancer in Mrs. Pollard's right breast and to the cancer spread of metastatic cancer throughout Mrs. Pollard's body, and made it more likely than not that Mrs. Pollard will die from metastatic cancer within five years of her diagnosis. Dr. Pushkas is expected to testify with reasonable medical certainty that had the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia adhered to the standard of care, Mrs. Pollard's breast cancer would and more likely than not have been cured, and she would have lived a normal life expectancy. Dr. Pushkas is expected to testify that failure to provide timely and appropriately radiation therapy and chemotherapy treatment to Mrs. Pollard, significantly increased her morbidity.

Dr. Pushkas will base his opinions on the medical records, depositions and discovery in this case, and on his education, training and experience in treating patients with breast cancer.

Dr. Pushkas with base his opinions on the medical records, depositions and discovery in this case, and on his education, training and experience in treating patients with breast cancer.

3    **MICHAEL AUERBACH, M.D.**
Franklin Square Hospital
900 Franklin Square Drive
Baltimore, Maryland 21237

Dr. Auerbach is board certified in internal medicine and oncology. His CV is attached.

Dr. Auerbach will testify on standard of care, proximate cause and damages. Dr

UCE J. KLORES
ASSOCIATES
TORNEYS AT LAW
OFESSIONAL CORPORATION

F TEENTH STREET N.W.
THIRD FLOOR
SHINGTON, D.C. 20005
(202) 626-8100

ECOPIER (202) 628-1240
FREE 1 (877) 223-3688
www.klores.com

Auerbach is expected to testify that the defendants, which includes the physicians and health care providers at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, responsible for diagnosing and treating Mrs. Pollard's breast cancer in October through December 1998, deviated from that degree of care and skill required by physicians generally under like and similar circumstances, by failing to obtain pathologic and laboratory information regarding the characteristics of Ms. Pollard's cancer in a timely manner; by misidentifying the size and other characteristics of the cancer on pathologic examination; by failing to administer appropriate and timely adjuvant treatment of following the detection of cancer in Mrs. Pollard's breast in October, 1998, including chemotherapy and radiation treatment; by failing to adequately inform and advise Mrs. Pollard of the treatment options in light of her clinical condition; by authorizing Mrs. Pollard's transfer to England before completing adjuvant treatment of her breast cancer; by failing to make appropriate arrangements to ensure that Mrs. Pollard received timely and appropriate adjuvant treatment for her breast cancer in England; by approving the transfer of Mrs. Pollard's treatment for breast cancer to physicians in England whom the defendants knew or should have known would not adhere to the standard of care for treatment of breast cancer in the United States.

Dr. Auerbach is expected to testify that the standard of care required the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, to obtain accurate and reliable pathologic and receptor information regarding the characteristics of Mrs. Pollard's cancer, within one-two weeks of the surgery that was diagnostic of cancer. The standard of care required the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia, to

:UCE J. KLORES
: ASSOCIATES
.1 TORNEYS AT LAW
SUPERSIONAI CORPORATION

:IFIEENTH STREET N.W.
THIRD FLOOR
\SHINGTON, D.C. 20005
(202) 628-8100

.ECOPIER (202) 628-1240
.L FREE 1 (877) 223-3688
www.klores.com

complete the pathologic studies and begin chemotherapy for adjuvant treatment of Mrs.

Pollard's breast cancer within 4-6 weeks of surgery to remove breast cancer, followed by

radiation therapy.

Dr. Auerbach is expected to testify that the standard of care was to recommend and

administer adjuvant chemotherapy based on the fact that Mrs. Pollard was pre-menopausal, and

on the tumor characteristic including the fact that it was a poorly differentiated tumor and was

hormone receptor negative.

Dr. Auerbach is expected to testify that the above deviations in the standard of care by

the surgeons, oncologists, pathologists, and other medical doctors at D.D. Eisenhower Army

Medical Center, Fort Gordon, Georgia, caused or contributed to the recurrence of cancer in

Mrs. Pollard's right breast and to the cancer spread of metastatic cancer throughout Mrs.

Pollard's body, and made it more likely than not that Mrs. Pollard will die from metastatic

cancer within five years of her diagnosis. Dr. Auerbach is expected to testify with reasonable

medical certainty that had the surgeons, oncologists, pathologists, and other medical doctors at

D.D. Eisenhower Army Medical Center, Fort Gordon, Georgia adhered to the standard of care,

Mrs. Pollard's breast cancer would have been substantially less likely to recur and/or

metastasize. Dr. Auerbach is expected to testify that the failure to provide timely and

appropriately radiation therapy and chemotherapy treatment to Mrs. Pollard, substantially

decreased her life expectancy, and substantially increased her morbidity and risk of dying from

cancer.

4. **JAMES VINCENT FIORICA, M.D.**
   H. Lee Moffitt Cancer Center
   12902 Magnolia Drive
   Suite 3057L

RUCE J. KLORES
& ASSOCIATES
AT TORNEYS AT LAW
ROFESSIONAL CORPORATION

FIFTEENTH STREET N.W.
THIRD FLOOR
ASHINGTON, D.C. 20005
(202) 628-8100

LECOPIER (202) 628-1240
LL FREE 1 (877) 223-3688
www.klores.com

Tampa, Florida 33612

Dr. Fiorica is board certified in obstetrics and gynecology and gyn-oncology. His CV is attached. Dr. Fiorica will testify concerning the management of women with Mrs. Pollard's breast cancer, and the benefits of adjuvant therapy.

Dr. Fiorica is expected to testify on standard of care, proximate cause and damages.

5.   **REBECCA ZUURBIER, M.D.**
     Chief of Radiologists
     Breast Cancer Center
     Sibley Memorial Hospital
     Washington, DC

Dr. Zuurbier is a board certified radiologist who specializes in the detection and treatment of breast cancer. As part of her practice she routinely works with surgeons, oncologists and other doctors who comprise the team effort in treating breast cancer. If called as a witness in this case Dr. Zuurbier is expected to testify concerning the significance of a non-mammographically evident breast tumor. She is also expected to testify about tumor boards, their composition and roles in the management of breast disease. She is familiar with and will testify concerning the setting up of a plan for therapy for breast cancer patients and the coordination amongst various specialties in effectuating that plan.

As discovery progresses the scope of Dr. Zuurbier's designation may broaden. Her CV is attached.

6.   **GERALD H. SOKOL, M.D.**
     New Hope Cancer Center
     7651 Medical Drive
     Hudson Florida 34667

Dr. Sokol is board certified in radiation oncology. His CV is attached.

Dr. Sokol will testify on the standard of care for adjuvant radiation treatment of breast

RUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
PROFESSIONAL CORPORATION

FIFTEENTH STREET N W
THIRD FLOOR
WASHINGTON, D.C. 20005
(202) 628-8100

TELECOPIER (202) 628-1240
OLL FREE 1 (877) 223 3688
www.klores.com

cancer following lumpectomy. Dr. Sokol will also testify regarding proximate cause and damages. Dr. Sokol will testify that the standard of care in this case is to provide radiation therapy to the breast following the removal of breast cancer by lumpectomy. Dr. Sokol will testify that the standard of care is to provide radiation treatment within 4-6 weeks of surgery unless adjuvant chemotherapy is indicated. Dr. Sokol will testify that where adjuvant chemotherapy is indicated, the standard of care is to provide radiation treatment after the prescribed cycles of chemotherapy are completed.

Dr. Sokol will testify that the defendants breached the standard of care by failing to perform or make arrangements for timely radiation treatment to be administered to Mrs. Pollard following her lumpectomy. Dr. Sokol will testify that the above breach in the standard of care resulted in a six-month delay in radiation treatment following Mrs. Pollard's lumpectomy. Dr. Sokol will testify that the delay in radiation treatment was a proximate cause of the recurrence and metastasis of breast cancer in Mrs. Pollards right breast in March 2000.

Dr. Sokol is expected to testify with reasonable medical certainty that had the defendants adhered to the standard of care for adjuvant treatment in the clinical setting of this case, Mrs. Pollard's breast cancer would have been substantially less likely to recur and/or metastasize. Dr. Sokol is expected to testify that the failure to provide timely and appropriately radiation therapy and chemotherapy treatment to Mrs. Pollard, substantially decreased her life expectancy, and substantially increased her morbidity and risk of dying from cancer.

7. **ARTHUR McTIGHE, M.D.**
Pathology
Chief of Pathology at Evangelical Hospital
1 Hospital Drive
Lewisburg, PA

RUCE J. KLORES
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
FIFTEENTH STREET N.W.
THIRD FLOOR
WASHINGTON, D.C. 20005
(202) 628-8100
TELECOPIER (202) 628-1240
TOLL FREE 1 (877) 223 3688
www.klores.com

Dr. McTighe is board certified in anatomic and clinical pathology, medical microbiology, dermato-pathology and cytopathology. His CV is attached.

Dr. McTighe will testify regarding standard of care for the pathologist in the clinical setting of this case. Dr. McTighe will also testify regarding causation and damages. Dr. McTighe will base his opinions in the case upon the pathology slides, medical records, depositions, and pertinent discovery provided him during the course of the case.

Dr. McTighe is expected to testify that the pathologist breached the standard of care by failing to properly measure, report, grade, test, score, and arrange for receptor tests on the tumor. He will offer his own pathologic opinions on the cancer and on issues of causation, i.e., if adjuvant therapy was initiated sooner.

8.  **ARNOLD SCHWARTZ, M.D.**
    Department of Pathology
    George Washington University Medical Center
    Ross Hall - Rm #502
    2300 I Street, N.W.
    Washington, D.C. 20037

Dr. Schwartz is expected to testify concerning the standard of care for pathologists in measuring, reporting, classing, grading and testing the tumor in this case. His CV is attached.

9.  **RICHARD LURITO, PH.D.**
    1491 Chain Bridge Road #300
    McLean, Virginia

Dr. Lurito holds a doctorate degree in economics. Dr. Lurito's CV is attached. It is anticipated that Dr. Lurito will testify concerning the plaintiffs' economic losses in this case, including past and future loss of income, and loss of services on behalf of Roosevelt Pollard and Veronica Pollard's children. Upon completion of factual discovery Dr. Lurito will provide a report setting forth his opinions and the basis of his opinions, or at defendants' option, will be

RUCE J KLORES
& ASSOCIATES
ATTORNEYS AT LAW
PROFESSIONAL CORPORATION
FIFTEENTH STREET N W
THIRD FLOOR
ASHINGTON, D.C. 20005
(202) 628-8100

TELECOPIER (202) 628-1240
LL FREE 1 (877) 223-3688
www.klores.com

made available for deposition.

10. The plaintiffs reserve the right to offer opinion testimony from all treating physicians not retained in anticipation of litigation.

11. All experts identified by the defendants, and the defendants themselves.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By: _____

Lesley S. Zork
Bruce J. Klores
915 15th Street, NW
Washington, D.C. 20005
(202) 628-8100
Co-counsel for Plaintiffs

and

LAW OFFICES OF PETER MASCIOLA

Peter Masciola (LZ)

Peter R. Masciola
601 Pennsylvania Avenue, N. W. #900
Washington, D.C. 20004
202-628-5680
Co-counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby Certify that a copy of the foregoing Plaintiffs' Designation of Experts was mailed first class postage prepaid to the following person this 30th day of April, 2003:

Larry D. Adams
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

Joan Cerniglia-Lowensen, Esquire
Morgan Shelsby Carlo Downs & Everton
4 North Park Drive #404
Hunt Valley, MD 21030

RUCE J KLORES
& ASSOCIATES
AT TORNEYS AT LAW
PROFESSIONAL CORPORATION

TTH FIFTEENTH STREET N W
THIRD FLOOR
ASHINGTON, D.C. 20005
(202) 628-8100

LECOPIER (202) 628-1240
LL FREE 1 (877) 223-3688
www.klores.com

Catherine A. Hanrahan, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker
1341 G Street, N. W. - 5th Floor
Washington, DC 20005-3105

Lesley S. Zork

1606\26b4

UCE J. KLORES
ASSOCIATES
TORNEYS AT LAW
OFESSIONAL CORPORATION

FTEENTH STREET N.W.
THIRD FLOOR
SHINGTON, D.C. 20005
(202) 628-8100

ECOPIER (202) 628-1240
FREE 1 (877) 223 3688
www.klores.com

12