IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.: S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |

**DEFENDANT HUMANA MILITARY HEALTHCARE SERVICES, INC.'S
MOTION IN LIMINE REGARDING WRONGFUL DEATH DAMAGES EVIDENCE**

Defendant Humana Military Healthcare Services, Inc., ("HMHS") by counsel WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, respectfully moves this Court *in limine* for an Order prohibiting certain evidence with respect to the testimony of Plaintiffs' damages for their wrongful death claim and as reasons therefor states as follows:

1. Plaintiffs assert claims for wrongful death and medical negligence in connection with the treatment received by their decedent Veronica Pollard.

2. Georgia law governs Plaintiffs' claims.

3. Under Georgia law, the damages available to Plaintiffs for the wrongful death of Veronica Pollard are limited to the value Mrs. Pollard's placed on her.

4. Therefore, any testimony from Mrs. Pollard's surviving spouse and children as to the impact of her death upon their lives is not relevant and is properly excluded by this Court at trial.

5. And for such further reasons as set forth in the attached Memorandum of Points and Authorities, which Defendant incorporates by reference herein.

191289.1

WHEREFORE, Defendant Humana Military Healthcare Services, Inc. requests that this Court enter an Order limiting Plaintiffs' damages testimony to comport with the law of Georgia.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By:    *Catherine A. Hanrahan*
      Catherine A. Hanrahan, #06711
      The Colorado Building
      1341 G Street, NW
      Suite 500
      Washington, DC  20005
      (202) 626-7668
      fax (202) 628-3606

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant Humana Military Healthcare Services, Inc.'s Motion *in Limine* Regarding Wrongful Death Damages Evidence, the Memorandum of Points and Authorities, and Proposed Order were mailed, postage pre-paid, this 23rd day of December, 2004 to:

>Bruce J. Klores, Esquire
>Lesley S. Zork, Esquire
>Bruce J. Klores & Associates, PC.
>915 15th Street, NW
>Washington, DC  20005
>
>Larry Adams, Esquire
>Assistant United States Attorney
>United States Attorney's Office
>6625 U.S. Court House
>101 W. Lombard Street
>Baltimore, MD  21201
>*Attorney for United States of America*
>
>Peter R. Masciola, Esquire
>601 Indiana Avenue, NW
>Suite 603
>Washington, DC  20004
>*Counsel for Plaintiffs*
>
>Joan Cerniglia-Lowensen, Esquire
>Morgan, Shelsby, Carlo, Downs & Everton
>4 North Oak Drive
>Suite 404
>Hunt Valley, MD  21030
>*Attorneys for Dr. Gupta and Sterling Medical Corporation*

>*Catherine A. Hanrahan*
>Catherine A. Hanrahan

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.:  S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |

**DEFENDANT HUMANA MILITARY HEALTHCARE SERVICES, INC.'S**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS**
**MOTION IN LIMINE REGARDING WRONGFUL DEATH DAMAGES EVIDENCE**

The Defendant, Humana Military Healthcare Services, Inc., ("HMHS") by counsel WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby files the following Memorandum of Points and Authorities in support of its Motion *in Limine* regarding wrongful death damages evidence.

This case is based upon the alleged negligent treatment of Veronica Pollard's breast cancer by Defendant Raj Gupta, M.D., an alleged agent or servant of HMHS.  This action is present in this Court based upon diversity jurisdiction, and this Court has previously determined that the law of the State of Georgia applies.

Under Georgia law, in a wrongful death action, a Plaintiff may recover the value of the life of the Mrs. Pollard as determined by <u>Mrs. Pollard only</u>.  A claim of wrongful death is statutorily directed under Georgia law.  Georgia Code § 51-4-2 states in relevant part: "The surviving spouse…may recover for …the full value of the life of the decedent, as shown by the evidence." The "full value of the life of the decedent" is defined as "the full value of the life of the decedent

191289.1

without deducting for any of the necessary or personal expenses of the decedent had he lived." O.C.G.A. § 51-1-4.

Under Georgia law, the "full value of the life" of the decedent is measured not by its value to the beneficiaries, but rather by the value to the decedent herself. In *Child v. United States*, 923 F. Supp. 1570 (1996), the Court observed that under Georgia's wrongful death statute, the "full value of life" is comprised of two categories of damages: 1) "items having a proven monetary value, such as lost potential lifetime earnings, income or services, reduced to present cash value," and 2) "lost intangible items whose value cannot be precisely quantified, such as a parent's society, advice, example and counsel as determined by the enlightened conscience of the jury." *Child*, 923 F. Supp. at 1581-1582

The intangible component is imprecise, but the Supreme Court of Georgia has stated that recovery for wrongful death does not include recovery for mental anguish or emotional distress. *Ob-Gyn Associates of Albany v. Littleton*, 259 Ga. 663, 664 (1989) (*overruled in part on other grounds by Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583 (2000)). The statutorily prescribed wrongful death is distinct from other common law claims such as loss of consortium, pain and suffering, and loss of enjoyment of life. *Dowling v. Lopez*, 211 Ga. App. 578, 580 (1993). In a Georgia wrongful death action, "[n]othing can be allowed by way of solatium for the grief and wounded feelings of the beneficiaries, or to compensate them for the mere loss of society or of companionship which they have suffered." *Bulloch County Hosp. Auth. v. Fowler*, 124 Ga. App. 242, 248, 183 S.E.2d 586, 591 (1971) (Ga. Ct. App.), *overruled on other grounds, Gilson* v. *Mitchell*, 131 Ga. App. 321; 205 S.E.2d 421 (Ga. Ct. App. 1974) (quotations and citations omitted). Recovery for emotional distress due to the death of a spouse or family member is not recoverable in

a wrongful death action under Georgia law. *See Littleton*, 259 Ga. at 664 ("there is no precedent in Georgia for recovery of damages for mental anguish or emotional distress in a wrongful death action").

In the recent case of *TGM Ashley Lakes, Inc v. Jennings*, the jury awarded wrongful death damages to the parents of a young woman who was strangled to death in her apartment building. *TGM Ashley Lakes, Inc. v. Jennings*, 264 Ga. App. 456, 590 S.E.2d 807 (2003); *cert. granted*, 2004 Ga. LEXIS 636 (Ga., July 12, 2004) (certiorari granted on procedural issue). Although factually distinct from this case, the evidence given to the jury on tangible and intangible items is useful. The jury was presented with evidence of the monetary value of the victim's life, and evidence was presented that the victim was a young mother, was engaged to be married, had other family, and was looking forward to a long life. *Id.* at 469, 590 S.E.1d at 819-820.

Similarly, in the *Child* case, the court evaluated the intangible component of the damages by considering testimony given concerning the character and family circumstances of the decedents. *Child*, 923 F. Supp. at 1583.

In the case before the Court, any evidence from Mrs. Pollard's spouse, children, or other relatives about the impact of her death upon their lives is not relevant or admissible under Georgia law. As Georgia law contemplates recovery for the value of the decedent's life to the decedent, any testimony or evidence as to the value of the decedent's life to anyone other than Mrs. Pollard is not relevant and should be excluded by this Court.

Defendant HMHS therefore moves this Court *in limine* for an Order that precludes testimony at trial from Plaintiff Roosevelt Pollard and any of Mrs. Pollard's surviving family

members as to the impact of Mrs. Pollard's death upon their own lives, which includes the day in the life video of Veronica Pollard.

                                    Respectfully submitted,

                                    WILSON, ELSER, MOSKOWITZ,
                                    EDELMAN & DICKER, LLP

By:   *Catherine A. Hanrahan*
       Catherine A. Hanrahan, #06711
       The Colorado Building
       1341 G Street, NW, Suite 500
       Washington, DC  20005
       (202) 626-7668
       (202) 628-3606

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*,   : | |
| : | |
| Plaintiffs   : | |
| : | |
| v.   : | C.A. No.:  S-02-764 WDQ |
| : | |
| UNITED STATES OF AMERICA, *et al.,*   : | |
| : | |
| Defendants   : | |

## ORDER

Upon consideration of defendant HMHS Military Healthcare Services, Inc.'s Motion for *in Limine* regarding damages, any Opposition thereto, and Reply, and the record herein, it is this _____ day of _____, 2004, hereby

ORDERED that the Motion is GRANTED, and it is further

ORDERED that testimony regarding the impact of Veronica Pollard's death upon her surviving spouse, children, and other individuals shall be excluded at trial, to include the Day in the Life video of Veronica Pollard.

_____
William D. Quarles, Jr., Judge

191289.1

cc:  Bruce J. Klores, Esquire
Lesley S. Zork, Esquire
Bruce J. Klores & Associates, PC.
915 15th Street, NW
Washington, DC  20005

Peter R. Masciola, Esquire
601 Indiana Avenue, NW
Suite 603
Washington, DC  20004
*Counsel for Plaintiffs*

Larry Adams, Esquire
Assistant United States Attorney
United States Attorney's Office
6625 U.S. Court House
101 W. Lombard Street
Baltimore, MD  21201
*Attorney for United States of America*

Joan Cerniglia-Lowensen, Esquire
Morgan, Shelsby, Carlo, Downs & Everton
4 North Oak Drive
Suite 404
Hunt Valley, MD  21030
*Attorneys for Dr. Gupta and Sterling Medical Corporation*

Catherine A. Hanrahan, Esquire
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1341 G Street, N.W., Suite 500
Washington, DC  20005
*Attorneys for Humana Military Healthcare Services, Inc.*

2

191289.1