**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.:  S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.,* | : | |
| | : | |
| Defendants | : | |

**DEFENDANT HUMANA MILITARY HEALTHCARE SERVICES, INC.'S**
**MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY FROM DR. PAGE**

Defendant Humana Military Healthcare Services, Inc., ("HMHS") by counsel WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, respectfully moves this Court *in limine* for an Order to exclude certain testimony of the pathologist identified by defendant United States of America, David Page, M.D.  The plaintiffs propose to read certain portions of Dr. Page's testimony in their case.  HMHS contends it is inappropriate to submit this testimony to the jury.  For reasons therefor, the defendant states as follows:

1.  Plaintiffs assert claims for wrongful death and medical negligence in connection with the treatment for breast cancer received by the decedent Veronica Pollard.

2.  Plaintiffs specifically challenge the actions of HMHS's alleged agent, Defendant Raj Gupta, M.D., an oncologist.

3.  David Page, M.D., a pathologist retained by defendant United States of America rendered testimony in response to questions posed by plaintiff's counsel in deposition as to the interpretation of certain terminology in a pathology report of Veronica Pollard's tumor, and that the terminology has a clear meaning to any reader as to Ms. Pollard's prognosis.

192490.1

4.      Further, Dr. Page's testimony exceeds the scope of the expert witness designation filed by Defendant United States of America, which states that he will render opinion testimony that all employees of the United States of America followed all accepted standards of care with respect to the pathology in this case.

5.      HMHS submits that as a pathologist, Dr. Page cannot testify as to whether a pathology report's terminology is clear and apparent to an oncologist such as Dr. Gupta, or for that matter, anyone other than pathologists reviewing the report.

6.      Dr. Page's testimony regarding the meaning of the terminology to an oncologist should therefore be excluded at trial.

7.      And for such further reasons as set forth in the attached Memorandum of Points and Authorities, which Defendant incorporates by reference herein.

WHEREFORE, Defendant Humana Military Healthcare Services, Inc. requests that this Court enter an Order limiting Dr. Page's testimony at trial.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP


By:     *Catherine A. Hanrahan*
        Catherine A. Hanrahan, #06711
        The Colorado Building
        1341 G Street, NW
        Suite 500
        Washington, DC  20005
        (202) 626-7668
        fax (202) 628-3606

192490.1

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant Humana Military Healthcare Services, Inc.'s Motion *in Limine* to Exclude Certain Testimony from Dr. Page, the Memorandum of Points and Authorities, Exhibits and Proposed Order were mailed, postage pre-paid, this 23rd day of December, 2004 to:

Bruce J. Klores, Esquire
Lesley S. Zork, Esquire
Bruce J. Klores & Associates, PC.
915 15th Street, NW
Washington, DC 20005

Peter R. Masciola, Esquire
601 Indiana Avenue, NW
Suite 603
Washington, DC 20004
*Counsel for Plaintiffs*

Larry Adams, Esquire
Assistant United States Attorney
United States Attorney's Office
6625 U.S. Court House
101 W. Lombard Street
Baltimore, MD 21201
*Attorney for United States of America*

Joan Cerniglia-Lowensen, Esquire
Morgan, Shelsby, Carlo, Downs & Everton
4 North Oak Drive
Suite 404
Hunt Valley, MD 21030
*Attorneys for Dr. Gupta and Sterling Medical Corporation*

*Catherine A. Hanrahan*
Catherine A. Hanrahan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, : | |
| : | |
| Plaintiffs : | |
| : | |
| v. : | C.A. No.: S-02-764 WDQ |
| : | |
| UNITED STATES OF AMERICA, *et al.*, : | |
| : | |
| Defendants : | |

**DEFENDANT HUMANA MILITARY HEALTHCARE SERVICES, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY FROM DR. PAGE**

The Defendant, Humana Military Healthcare Services, Inc., ("HMHS") by counsel WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby files the following Memorandum of Points and Authorities in support of its Motion *in Limine* to exclude certain testimony from Dr. Page.

**I.      BACKGROUND**

Plaintiffs allege Defendant Raj Gupta, M.D., an oncologist, was negligent in his treatment of Veronica Pollard's breast cancer. Dr. Gupta is alleged to be an agent of HMHS.

Dr. David Page, a pathologist, was retained as an expert witness by the United States of America ("U.S."). The U.S. is not a party to this action by virtue of the Court's Order granting summary judgment entered June 30, 2004.

Dr. Page was retained by the U.S. and designated as an expert to testify as to the standard of care of the pathologists associated with the U.S. who interpreted the tissue from Mrs. Pollard's biopsy and surgery. Specifically, Dr. Page was designated by the U.S. to render opinion testimony

192490.1

that all employees of the U.S. followed all accepted standards of care with respect to the pathology in this case. In that regard, Dr. Page testified a pathologist examines a portion of the removed tissue from a lumpectomy to determine the size of a tumor. After determining the size of the tumor and observing microscopic growth factors, the pathologist issues a report of findings. He is not a clinician who treats patients. He generally does not develop treatment plans. In this case, the pathologist's report stated that Ms. Pollard's tumor had "medullary features."

>Dr. Page testified at deposition that:

>>[I]f you say a tumor is high grade and that it's like medullary, but not a pure medullary, that's a clear message to folks who understand breast cancer, that this is a high grade cancer with the attendant poor prognosis that high grade indicates…

>>[T]o say that something is a medullary variant with high grade cytology is to say, very clearly, in my view, to a clinician who understands breast disease, that this is a three, three, three, possibly a three, two, but is a high grade mammary carcinoma.

Deposition of Dr. David Page at 25, 30, attached hereto as Exhibit 1. Similar testimony appears at pages 26, 27, and 30. This testimony is beyond the scope and pursuant to Federal Rule of Evidence ("FRE") 702 should be stricken.

## II.   ARGUMENT

### A.   Dr. Page's Testimony Should Be Excluded because It Is Not Permissible Expert Testimony Under the Rules of Evidence

FRE 702 addresses when expert testimony is admissible. It states:

>If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FRE 702 provides that trial judges act as gatekeepers to "ensure that any and all scientific testimony" is relevant and reliable. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

"Courts must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to be both powerful and quite misleading." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citations and quotations omitted). To determine the admissibility of expert testimony, the trial court must conduct "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592 n. 10; *Cooper*, 259 F.3d at 199; *Newman v. Motorola, Inc.*, 218 F.Supp.2d 769, 772 (D. Md. 2002).

The U.S. Supreme Court in *Daubert* identified several factors that a court may consider in its determination of the reliability of an expert's testimony. *See Daubert*, 509 U.S. at 592-94. Those factors include:

1) whether a theory or technique can be or has been tested;

2) whether it has been subjected to peer review and publication;

3) whether a technique has a high known or potential rate of error and whether there are standards controlling its operation; and

4) whether the theory or technique enjoys general acceptance within a relevant scientific community.

*See id.* at 592-594; *Cooper*, 259 F.3d at 199.

The *Daubert* factors are not definitive or exhaustive; rather, their use to determine the reliability of testimony varies "depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Cooper*, 259 F.3d at 200-201 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150, 119 S.Ct. 11167, 143 L.Ed.2d 238 (1999)). "[T]he objective of *Daubert's* gatekeeping requirement is to make certain that an expert employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *See Cooper,* 259 F.3d at 200 (quoting *Kumho Tire Co.*, 526 U.S. at 152).

Here, Dr. Page's opinion that any "clinician who understands breast disease" would interpret a pathology report in any particular way should not be admitted into evidence as it fails to meet all three of the criteria set forth in FRE 702. First, the testimony is not based upon sufficient facts or data, because Dr. Page's testimony is purely his opinion and not based on any facts at all. Second, the testimony is not the product of reliable principles and methods, as again, the testimony is purely the opinion of Dr. Page and not arrived at through any method other than his own speculation. Finally, Dr. Page has not applied any principles or methods reliably to the facts of this case. He has made a generalization that in his opinion, any clinician would understand the report. Dr. Page, a pathologist, cannot render an opinion as to the interpretation of an oncologist, or anyone familiar with breast disease, would place on the word "medullary features."

HMHS submits that Dr. Page, as a pathologist, cannot knowingly testify what certain terms mean to an oncologist, or what a term "clearly" means "to a clinician who understands breast disease." Such testimony amounts to speculation on the part of Dr. Page and is not based

192490.1                                   4

upon experience training, education or any other factor necessary to express opinion testimony.[1] Dr. Page can certainly explain what the terms mean, and what he understands them to mean, but Dr. Page should not be permitted to testify as to how any phyisican with an understanding of breast cancer reviewing the report would understand those terms.

As Dr. Page's testimony fails to meet the criteria necessary for admission into evidence, HMHS respectfully submits it is properly excluded at trial.

### B.    Dr. Page's Testimony Should Be Excluded Because It Exceeds The Scope Of The Rule 26(a)(2) Designation Filed By The U.S.

Defendant U.S. identified Dr. Page as an expert witness. In its Rule 26(a)(2) disclosures, the U.S. states that Dr. Page "is expected to testify that the employees of the United States followed all accepted standards of care with respect to the pathology of the case." *See* Rule 26(a)(2) Disclosures, attached hereto as Exhibit 2, ¶ 2. The U.S. also incorporated by reference the expert witness disclosure of Defendant Dr. Gupta, stating, "[t]he United States will rely upon the testimony of these experts (Drs. Lippman and Stark) with regard to standard of care, proximate cause and damages in their respective specialties." *See* Ex. 2, ¶ 3. Dr. Lippman and Dr. Stark are both oncologists.

Rule 26(a)(2) of the Rules of Civil Procedure requires that the parties disclose for each expert witness the substance of their opinions to be expressed and the basis and the reasons for the opinions. *See* FRCP 26(a)(2)(B). The expert disclosure of the U.S. states that Dr. Page will express opinions only as to the pathologists in this case and that the U.S. defers to Dr. Lippman

---

[1] It is of note that of the seven oncologists identified in this case, there is no consistency amongst them as to their interpretation of the language identified as "clear" by Dr. Page. Further, plaintiffs' own expert pathologist testified that the report is confusing in the context of pathology. *See* Deposition of Dr. McTighe, attached hereto as Exhibit 3, at p. 33-36.

5

and Dr. Stark with respect to oncology. The testimony of Dr. Page as to the meaning of a pathology report to anyone other than a pathologist must therefore be excluded.

Further, Defendant HMHS had no reason based upon the U.S.'s expert disclosure to know that Dr. Page would render any opinions beyond the scope of the designation, which limits Dr. Page to rendering opinions about the pathologists in this case. AN expert in oncology can properly address the proper standard of care for an oncologist's interpretation of a pathology report, no a pathologist such as Dr. Page. Moreover, the U.S. expressly deferred to Dr. Lippman and Dr. Stark with respect to the standard of care for an oncologist.

HMHS submits that the testimony identified herein of Dr. Page is beyond the scope of the Rule 26(a)(2) disclosure filed by the U.S. and therefore is properly excluded at trial.

### III.   CONCLUSION

For the reasons set forth herein, Defendant HMHS respectfully requests that the Court enter an Order limiting the testimony of Dr. Page at trial.

        Respectfully submitted,

        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER, LLP

By:   *Catherine A. Hanrahan*
      Catherine A. Hanrahan, #06711
      The Colorado Building
      1341 G Street, NW, Suite 500
      Washington, DC  20005
      (202) 626-7668
      (202) 628-3606

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.: S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.,* | : | |
| | : | |
| Defendants | : | |

## ORDER

Upon consideration of defendant Humana Military Healthcare Services, Inc.'s Motion for *in Limine* regarding certain testimony of Dr. David Page, and any Opposition or Reply thereto, and the record herein, it is this _____ day of _____, 2004, hereby

ORDERED that the Motion is GRANTED, and it is further

ORDERED that at trial, Dr. Page shall not be permitted to testify as to the "clear message to folks who understand breast cancer" the interpretation of the words "medullary features" by others not within the field of pathology.

 

_____
William D. Quarles, Jr., Judge

192490.1

cc:   Bruce J. Klores, Esquire
      Lesley S. Zork, Esquire
      Bruce J. Klores & Associates, PC.
      915 15th Street, NW
      Washington, DC  20005

      Peter R. Masciola, Esquire
      601 Indiana Avenue, NW
      Suite 603
      Washington, DC  20004
      *Counsel for Plaintiffs*

      Joan Cerniglia-Lowensen, Esquire
      Morgan, Shelsby, Carlo, Downs & Everton
      4 North Oak Drive
      Suite 404
      Hunt Valley, MD  21030
      *Attorneys for Dr. Gupta and Sterling Medical Corporation*

      Larry Adams, Esquire
      Assistant United States Attorney
      United States Attorney's Office
      6625 U.S. Court House
      101 W. Lombard Street
      Baltimore, MD  21201
      *Attorney for United States of America*

      Catherine A. Hanrahan, Esquire
      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
      1341 G Street, N.W., Suite 500
      Washington, DC  20005
      *Attorneys for Humana Military Healthcare Services, Inc.*

2

192490.1