| | | |
|---|---|---|
| VERONICA POLLARD, et al | * | IN THE |
| Plaintiffs | * | UNITED STATES |
| v. | * | DISTRICT COURT |
| RAJ R. GUPTA, M.D., et al | * | FOR THE |
| Defendants | * | DISTRICT OF MARYLAND |
| | * | CASE NO.: WDQ-02-764 |

* * * * *

## MOTION IN LIMINE OF DEFENDANTS, RAJ R. GUPTA, M.D. AND STERLING MEDICAL CORPORATION

The Defendants, Raj R. Gupta, M.D. and Sterling Medical Corporation, by and through their attorneys, Joan Cerniglia-Lowensen and Morgan Shelsby Carlo Downs & Everton, move that the Court limit the testimony presented at the trial of this matter. In support thereof, Defendants state the following:

1. This is a medical malpractice case where the patient whose care is at issue has passed away.

2. Plaintiffs have produced to the undersigned a videotape, which purports to depict a day in the life of the decedent, Veronica Pollard.

3. This video is extremely prejudicial and as such should be excluded pursuant to Rule 403, which provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

See FED. R. CIV. PRO., Rule 403.

4. Defendants incorporate the accompanying Memorandum in Support of this Motion.

Respectfully submitted,

*[signature]*

Joan Cerniglia-Lowensen, #10747
Morgan Shelsby Carlo Downs & Everton
4 North Park Drive
Suite 404
Hunt Valley, Maryland 21030
410-584-2800

| | | |
|---|---|---|
| VERONICA POLLARD, et al | * | IN THE |
| Plaintiffs | * | UNITED STATES |
| v. | * | DISTRICT COURT |
| RAJ R. GUPTA, M.D., et al | * | FOR THE |
| Defendants | * | DISTRICT OF MARYLAND |
| | * | CASE NO.: WDQ-02-764 |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE OF DEFENDANTS, RAJ R. GUPTA, M.D. AND STERLING MEDICAL CORPORATION

Comes Now, Defendants, Raj R. Gupta, M.D. and Sterling Medical Corporation, by and through their attorneys, Joan Cerniglia-Lowensen and Morgan Shelsby Carlo Downs & Everton, and hereby moves that this Court rule in limine to prevent the presentation of evidence in the trial of this matter.

### INTRODUCTION

This is a medical malpractice case centering on the care and treatment provided to Mrs. Veronica Pollard upon her diagnosis of breast cancer. Mrs. Pollard had a lumpectomy on November 12, 1998. Then as a result of a military transfer, she moved to England, and did not initiate chemotherapy until approximately five months later. The Plaintiffs allege that Dr. Gupta breached the standard of care by failing to administer chemotherapy and failing to coordinate radiation therapy for this patient in a timely manner.

## ARGUMENT

The day in the life video is properly excluded by Rule 403. This Rule provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

See FED. R. CIV. PRO., Rule 403.

The first clause of this rule delineates a balancing test by the probative value of the evidence is to be analyzed and compared with the possibility of unfair prejudice. The second clause of this rule is cumulative evidence clause. Both the balancing clause and the cumulative evidence clause support the exclusion of the video in question.

1. The Balancing Clause Argument

The Advisory Committee Notes for the rule define unfair prejudice as "an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one." In application of the balancing test to the video in question in the case at bar, it is clear that the prejudicial effect far outweighs the probative value of this evidence.

While the title would suggest that the subject of the professionally produced video is the decedent, Veronica Pollard, after viewing the video it is clear that the subject of the video is Roosevelt Pollard, the husband of the decedent, and their son, Benjamin Pollard. The majority of the video shows Mr. Pollard and Benjamin driving around in their van. The narrative of Mr. Pollard of this portion of the video is Mr. Pollard discussing how his wife's illness has affected him. There is also a significant portion of the video devoted

2

to Benjamin, complete with Ms. Pollard narrating the circumstances surrounding his conception, and a montage of still pictures with poignant music incorporated into the video which depict Benjamin growing up. At one point in the video, she is crying as she laments that she won't be able to see Benjamin grow up. Ms. Pollard also states her hope that her husband will find someone else to love him and their son, and cries to the camera that no one will love Benjamin like she does. Additionally, there is footage of Benjamin doing his daily activities and taking care of his mother. The video is extremely emotional in nature.

The admissibility of day in the life videos rests within the sound discretion of the trial court. *Szeliga v General Motors Corporation*, 728 F.2d 566 (1st Cir. 1984). Despite this fact, the court has held that they are only admissible when the content of the video more accurately conveys and depicts the observations of the observer than the witness could articulate. *Id.* At 567.

While the undersigned could not find any Fourth Circuit case that specifically discusses the admission of the day in a life videos, there are cases from other jurisdictions that are persuasive. In *Bolstridge v. Central Maine Power Co.*, the court outlined several concerns with respect to day in a life videos and excluded the video at issue there because its prejudicial impact outweighed its probative value. 621 F. Supp. 1202 (D.Me. 1985). The first concern of the *Bolstridge* court centered around whether the video represented the facts with respect to the impact of the injuries on Plaintiff's day to day activities. As already discussed, this video is a very limited presentation of Mrs. Pollard herself and her activities, and focuses on Mr. Pollard and Benjamin Pollard.

3

The second concern articulated by the court was with respect to the awareness of the Plaintiff. The court acknowledged that if Plaintiff is aware that a videotape is being made, there is a greater likelihood for self-serving behavior. *See also, Haley v Byers Transportation Corp.*, 414 S.W.2d 777 (Mo. 1967). Here, all persons on the videotape were aware that a videotape was being produced. Mr. and Mrs. Pollard each narrate the tape. Moreover, although Benjamin does not narrate, when his father discusses things with him, he also demonstrates an awareness that he is being videotaped.

The third concern the court discussed in *Bostridge* is the memorable nature of film testimony. The court indicated that there is a dominating nature to film evidence and that a jury would likely remember and give weight to such evidence in their deliberations. 621 F. Supp. 1202 (D.Me.1985) Clearly, this video is both very emotional and unfairly prejudicial. In *Haley*, the court specifically disfavors this form of evidence because it is likely to distract the jury in a manner that will unfairly prejudice the defense. 414 S.W.2d 777 (Mo. 1967).

Moreover, the Committee Notes further provide that in making a determination as to whether to exclude evidence on the grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction. A limiting instruction would not be effective here because of the extremely emotional quality of the video. This video will tug on the proverbial heart strings of the jurors, and based on the emotional nature of the video a juror would likely give great weight to this evidence.

2.   The Cumulative Clause Argument

The second clause of Rule 403 serves to bar the needless presentation of cumulative evidence. This video is duplicative and redundant. Mr. Roosevelt Pollard and Benjamin are available to testify as to the contents of this video. In the *Bolstridge* decision, the court offered this persuasive rule, "videotapes should be admitted as demonstrable evidence only when the tapes convey the observations of a witness to the jury more accurately than for some specific articulable reason the witness can convey them through the conventional method of in court evaluation." 621 F. Supp. at 1204. In the case at bar, these witnesses will surely convey this information to the court on the stand during the trial. To allow them to present this videotape to the jury in addition to their testimony, offends the prohibition against cumulative evidence prescribed in 403.

Moreover, Veronica Pollard was videotaped providing testimony in anticipation of trial on two occasions prior to her death. These video de bene esse depositions offered the plaintiff sufficient opportunity to explore those issues surrounding the damages which she alleges in this matter including the effect that her illness had on her family. Additionally, these depositions offered counsel the opportunity to cross examine Mrs. Pollard. This opportunity was not possible with the tape entitled "Veronica" since it was provided to counsel only after the death of the plaintiff.

## CONCLUSION

Thus, in view of the aforementioned discussion, the presentation of this videotape to the jury is contrary to both clauses of Rule 403.

Wherefore, Defendants respectfully request that the Court grant Defendants' Motion in Limine to preclude Plaintiff from presenting the "Veronica Pollard" video to the jury.

Respectfully submitted,

Joan Cerniglia-Lowensen, #10747
Morgan Shelsby Carlo Downs & Everton
4 North Park Drive, Suite 404
Hunt Valley, Maryland 21030
410-584-2800

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December, 2004, a copy of the foregoing Motion in Limine and Memorandum in Support of Motion in Limine of Defendants, Raj R. Gupta, M.D. and Sterling Medical Corporation were mailed postage prepaid to:

Lesley S. Zork, Esquire
Bruce J. Klores & Associates
915 Fifteenth Street, N.W.
Third Floor
Washington, D.C. 20005

Peter R. Masciola, Esquire
Law Offices of Peter Masciola
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C. 20004

Catherine A. Hanrahan, Esquire
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
1341 G Street, NW, 5th Floor
Washington, D.C. 20005

Larry Adams, Esquire
Assistant United States Attorney
United State Attorney's Office
6625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

Joan Cerniglia-Lowensen, #10747
Morgan Shelsby Carlo Downs & Everton
4 North Park Drive
Suite 404
Hunt Valley, Maryland 21030
410-584-2800