IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, et al., | ) |
| | ) |
|    Plaintiffs | ) |
| | ) |
|       v. | ) CA No. S-02-CV-764 |
| | ) Judge Quarles |
| THE UNITED STATES OF AMERICA | ) |
| | ) |
|    Defendant | ) |

**POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Veronica Pollard died at age forty-eight from metastatic breast cancer. She left her husband, Master Sergeant Roosevelt Pollard and four children, two of whom were living with her at the time of her death and dependent on her, Benjamin, age seven, and Lynn, a college student, age twenty.

The parties agree that Georgia damages law applies.

II. **GEORGIA LAW**

Under Georgia law there are two separate claims which arise from Mrs. Pollard's death:

A.    Mrs. Pollard's estate has a claim for medical expenses and pre-death pain and suffering; and

B.    Mrs. Pollard's surviving spouse can recover on his and his children's behalf for the "full value of the life of the decedent *as shown by the evidence*."

O.C.G.A. §51-4-2 (2002). City of Macon v. Smith, et al., 117 Ga. App. 363, 160 SE2d 622 (1968).

There is no dispute that plaintiffs are entitled to put on evidence of Mrs. Pollard's pain and suffering caused by the defendants' negligence.[1]  Rather than being cured of her cancer as plaintiffs' experts opine she would have been in early 1999 with appropriate treatment, Mrs. Pollard spent four long years dying from it, with multiple surgeries, hospitalizations, lungs partially removed, and bone marrow transplants.  This evidence will come in the form of testimony, medical records, and a demonstrative videotape.

As to the second prong of damages -- "the full value of life" – there is no dispute that this element allows for both economic and non-economic damages to be assessed.  Economic damages consist of "those items of proven monetary value such as lost potential lifetime earnings, or services, reduced to present value."  Miller v. Tuten, 137 Ga. App. 188, 223 SE2d, 237, 1975 (Ct. App.).

In this case, the plaintiffs' economist, Richard Lurito, Ph.D., will testify that the wage loss and cost of replacement services for Mrs. Pollard, a working mother caring for her husband and children, ranges from $1.3 to $1.5 million.  These items are not subject to deduction for taxes or personal expenditures but must be reduced to present value using a five percent discount rate. O.C.G.A. §51-12-13.  The defendants will not be calling an economist.

Regarding the non-economic Wrongful Death damages, there is no dispute that Georgia law allows the spouse and next of kin to recover for their "loss of parental and spousal society, advice, example and counsel as determined by the enlightened conscience of the jury."  City of Macon at 375.

---

[1] Plaintiffs agree that Georgia law does not allow recovery for the grief and emotional distress of the survivors.  Bullock County Hospital Authority v. Fowler, 124 Ga. App. 242, 183 SE2d 586 (1971) overruled on other grounds.

Evidence of these losses may "be determined from the relationships in the family and all the facts and circumstances of the family and their living conditions." City of Macon at 374.

While it concedes these damages as appropriate, Humana asks the Court to restrict the survivors from putting on evidence "as to the impact of Mrs. Pollard's death upon their own lives." (Defendant's Motion at pp. 3-4.) To the extent the defendant asks the Court to disallow evidence of the family structure and quality, their living conditions, the relationship between the children and their mother and between Sergeant and Mrs. Pollard, defendant's requested relief is misplaced and so it is not surprising that it cites to no case in support of its position.

In City of Macon, the Georgia Court of Appeals discussed the appropriate charge to the jury in cases where a mother is lost. In pertinent part the Court upheld the following instruction:

> . . . the law recognizes that the children's privilege of having their mother with them is a privilege [\*\*631] which is incalculably precious to them and is an element which could be considered; that a mother performs services of a peculiar nature which can be performed by no other person and which are invaluable and incapable of exact proof; that the value of a mother's services is not dependent [\*\*\*23] upon proof of any particular services which are particularly performed by a mother *but may be determined from the fact of the relationship and all the facts and circumstances of the family and their living conditions*, and from the jurors' own experience and knowledge of human affairs; and that the facts of the case should guide the jurors in estimating for themselves in the light of their own observations and experience, and to the satisfaction of their own consciences, the amount which represented the full value of the life of the deceased.

At 374.

Similarly, in another FTCA Wrongful Death case governed by Georgia law, the trial Court noted that in deciding the "intangible" aspect of the claim, Georgia law envisioned taking "evidence upon which the jury could base an award for loss of intangible aspects of the decedents' lives . . . ." Childs v. United States, 923 F.Supp. 1570 (S.D.G.S.) 1996.

Humana seems to ask for an evidentiary ruling that plaintiffs can offer no testimony from family members, or evidence from any source concerning the effect on them from Mrs. Pollard's

death. While they may not be permitted to discuss their grief and sorrow, the family members are absolutely permitted to discuss their relationship with the decedent and the family life and conditions.

III.     **CONCLUSION**

Because Georgia law allows for the estate to sue for the decedent's pain and suffering and for the surviving spouse to put on evidence about the decedent's family and relationships with her children and spouse to collect for the "full value of her life," Humana's motion is misplaced. The evidence in the proposed videotape and the expected testimony from witnesses at trial goes to Mrs Pollard's pain and suffering, her wage and services losses, and the intangible aspects of the case which can only be decided with supporting evidence about the Pollard family and their relationships with the decedent. Since there is nothing in the envisioned trial testimony from Sgt. Pollard, his children, or the videotape which is improper, the defendant's motion should be denied.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.

By:_____/s/_____
　　Bruce J. Klores
　　915 15th Street, NW
　　Washington, D.C. 20005
　　(202) 628-8100
　　Co-counsel for Plaintiffs

　　　and

LAW OFFICES OF PETER MASCIOLA

　　　_____/s/_____
　　Peter R. Masciola
　　601 Pennsylvania Avenue, N. W. #900
　　Washington, D.C. 20004

202-628-5680
Co-counsel for Plaintiffs

1606\opp.wrongfuldeath.2.pa