IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CA No. S-02-CV-764 |
| ) | Judge Quarles |
| THE UNITED STATES OF ) | |
| AMERICA, et al. ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT
HUMANA MILITARY HEALTHCARE SERVICES, INC.'S
MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFF'S
EXPERTS ON MEDICAL CAUSATION AND DEATH**

Plaintiff, Roosevelt Pollard, by counsel, Bruce J. Klores, Lesley S. Zork, and Bruce J. Klores & Associates, P.C., respectfully opposes defendant Humana Military Healthcare Services, Inc.'s ("Humana") Motion in Limine to prohibit plaintiffs' experts from testifying on medical causation and death, stating as follows:

1.  Plaintiff's experts have testified with reasonable medical certainty that the recurrence and metastasis of Mrs. Pollard's breast cancer, and ultimately her death at the age of 48, were proximately caused by Dr. Gupta's failure to provide appropriate adjuvant treatment following her lumpectomy. Plaintiff's experts based their testimony on the clinical and prognostic factors that were present at the time Mrs. Pollard's cancer was diagnosed, including her age, family history of breast cancer, overall health, size and characteristics of the tumor, absence of evidence of systemic disease, the cancer's proven response to chemotherapy at the

1

time of recurrence, as well as their individual knowledge and understanding of the effectiveness of adjuvant treatment based upon peer-reviewed medical literature and considerable experience in treating thousands of women with breast cancer over several decades. This method by which plaintiff's experts arrived at their opinions with respect to Mrs. Pollard's chances for survival is valid and reliable. It is the same method routinely used by members of the medical profession in arriving at opinions regarding an individual patient's prognosis, including Dr. Gupta and the defendants' experts. Accordingly, their testimony on causation satisfies the requirements of <u>Daubert v. Merrel Dow Pharmaceuticals, Inc</u>. and Federal Rule of Evidence ("FRE") 702, and defendant's motion should be denied.[1]

2.  Defendant's motion should also be denied because this issue has already been adjudicated and decided in the context of defendant's Motion for Summary Judgment.[2] The defendant is now attempting to repackage, as an evidentiary issue, the exact same causation argument that was raised in its Motion for Summary Judgment. The Court already performed its gate-keeping function in concluding that the plaintiff's experts' testimony was more than sufficient to establish proximate cause between Dr. Gupta's actions and omissions and the recurrence and metastasis of Mrs. Pollard's cancer. The defendant has presented nothing new for the Court to consider in this motion. Accordingly, Humana should be stopped from raising

---

[1] Plaintiff's and defendants' experts differ not so much on the method, but in the conclusions they yield in reaching their opinions. In fact, all of the experts agree that chemotherapy and immediate radiation treatment would have increased Mrs. Pollard's chance for survival; they disagree only on how much her chances for survival would have increased. For example, Dr. Gupta's oncology expert, Dr. James J. Stark, testified during his deposition that *based on statistics alone*, Mrs. Pollard would have had a 33 percent chance of survival if she had received chemotherapy three to six weeks after the lumpectomy. Whereas, without treatment her chances were zero. *See* Plaintiffs' Opposition to Defendant Gupta's Motion for Summary Judgment, Exhibit 14. In contrast, plaintiff's experts testified that it was more likely than not that Mrs. Pollard would have survived if she had received the necessary chemotherapy after her lumpectomy, based on *statistics and the additional clinical factors* that were known in Mrs. Pollard's case.

[2] <u>See</u> June 30, 2004 Memorandum Opinion and Order denying Humana and Dr. Gupta's motion for summary judgment.

2

the issue again.

WHEREFORE, for these reasons and the reasons and authorities set forth more fully below, plaintiff respectfully requests that defendant Humana's Motion in Limine to Exclude Testimony of Plaintiffs' Experts on Medical Causation and Death be denied.

    Respectfully submitted,

    BRUCE J. KLORES & ASSOCIATES, P.C.


    By:____/s/_____
        Lesley S. Zork- #013454
        Bruce J. Klores- #03320
        915 15th Street, NW
        Washington, D.C. 20005
        (202) 628-8100
        Co-counsel for Plaintiffs


        and

    LAW OFFICES OF PETER MASCIOLA


    _____/s/_____
    Peter R. Masciola
    601 Pennsylvania Avenue, N. W. #900
    Washington, D.C. 20004
    202-628-5680
    Co-counsel for Plaintiffs