IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CA No. S-02-CV-764 |
| ) | Judge Quarles |
| THE UNITED STATES OF ) | |
| AMERICA, et al. ) | |
| ) | |
| Defendants ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT
RAJ R. GUPTA, M.D. AND STERLING MEDICAL CORPORATION'S
MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFFS'
EXPERTS ON PROXIMATE CAUSATION**

Plaintiff, Roosevelt Pollard, by counsel, Bruce J. Klores, Lesley S. Zork, and the law firm of Bruce J. Klores & Associates, P.C., respectfully opposes defendants Raj R. Gupta and Sterling Medical Corporation's ("Gupta") Motion in Limine to prohibit plaintiffs' experts from testifying on proximate causation, stating as follows:

1. Defendant Gupta erroneously asserts that the plaintiffs' experts cannot establish the element of proximate causation because they cannot show that the failure to administer chemotherapy decreased Ms. Pollard's chances of survival below 50%, and that therefore this testimony is irrelevant pursuant to FRE 401 and 402. Defendant argues, instead, that plaintiffs are really making a loss of chance argument that is not recognized under Georgia law. On its face, defendant's argument makes no sense in light of fact that Mrs. Pollard did not survive her breast cancer. Plaintiff's experts testified that Mrs. Pollard would have survived, more likely than not, ( a greater that 50% likelihood) if she had received appropriate chemotherapy and

1

radiation treatment when her cancer was diagnosed, but that the defendant's negligence reduced her chances to zero.

2. This exact issue was previously raised in defendant's Motion for Summary Judgment and the Court concluded that the plaintiffs' experts' testimony was sufficient to establish proximate cause between Dr. Gupta's actions and omissions and the recurrence of Mrs. Pollard's cancer.[1] As such, defendant Gupta should be precluded from relitigating the issue in this case.

3. Finally, while plaintiffs' primary claim is not for "loss of a chance," this is a valid basis for recovery under Georgia law, and plaintiffs are entitled to recover based on the testimony of the defendants' expert that Mrs. Pollard was denied a 33% chance of survival because of the defendant's failure to provide the appropriate chemotherapy and radiation treatment.

In further support of this Opposition plaintiffs refer the Court to the attached Memorandum of Points and Authorities.

WHEREFORE, for these reasons and any others that may appear to the Court, Plaintiffs respectfully request that defendants Raj R. Gupta and Sterling Medical Corporation's Motion in Limine to Exclude Testimony of Plaintiffs' Experts on Proximate Causation, be denied.

                                       Respectfully submitted,

                                       BRUCE J. KLORES & ASSOCIATES, P.C.

                                       By:_____/s/_____
                                          Lesley S. Zork- #013454

---

[1] See June 30, 2004 Memorandum Opinion and Order denying Humana and Dr. Gupta's motion for summary judgment.

Bruce J. Klores- #03320
915 15th Street, NW
Washington, D.C. 20005
(202) 628-8100
Co-counsel for Plaintiffs

and

LAW OFFICES OF PETER MASCIOLA

:_____/s/_____
Peter R. Masciola
   601 Pennsylvania Avenue, N. W. #900
Washington, D.C. 20004
202-628-5680
Co-counsel for Plaintiffs