IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, et al., | ) |
| | ) |
|    Plaintiffs | ) |
| | ) |
|    v. | ) CA No. S-02-CV-764 |
| | ) Judge Quarles |
| THE UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
|    Defendant | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT HUMANA'S
MOTION TO EXCLUDE CUMULATIVE EXPERT TESTIMONY**

Plaintiff, Roosevelt Pollard, through counsel, Lesley S. Zork, Bruce J. Klores and Bruce J. Klores & Associates, P.C., respectfully opposes defendant Humana Military Healthcare Inc.'s motion to exclude cumulative expert testimony, stating as follows:

In this failure to treat cancer case the defendants are vigorously defending on both standard of care and causation. While plaintiff originally identified numerous experts in all areas relating to diagnosis and treatment breast cancer, plaintiff has voluntarily agreed to reduce the number of experts to avoid unnecessarily cumulative testimony.

The case presents issues relating radiation oncology, surgical and gynecologic oncology, medical oncology, and pathology. Plaintiff has agreed to withdraw two previously identified medical oncologists, as well as a breast cancer radiologist, and an additional pathologist, leaving the plaintiff with the following four experts, who all have different sub-specialties in diagnosis and treatment of cancer: one radiation oncologist Gerald H. Sokol, M.D., one medical oncologist, L.F. Smith, M.D., one surgical/gynecologic oncologist, James V. Fiorica, M.D., and one pathologist, Arthur Mctighe, M.D.

The defendants have identified two medical oncologists, James Stark, M.D. and Marc Lippman, M.D., and will also elicit medical oncology opinions on standard of care and causation from the defendant, Gupta and perhaps other treating physicians. Defendants have also indicated that they intend to call plaintiff's radiation oncology expert, Dr. Sokol, in the defense case in chief.

Plaintiff has the burden of proof. The gravity and complexity of the issues in this case mandate that the plaintiff be allowed to call the above referenced experts. This is especially true since there are important distinctions in the experts' qualifications, and the defendants will likely have a similar number of physician witnesses on these issues at trial. Plaintiff's ability to fully prove each element of duty, breach and proximate cause would be severely hampered by further limiting the number of experts.

The varying specialties and perspectives of plaintiff's experts will help to clarify the complex medical issues that the jury will have to decide, and will aid the jury in its fact finding capacity.

WHEREFORE, for these reasons and any others that may appear to the Court, plaintiff respectfully requests that defendant Humana's motion be denied.

Respectfully submitted,

BRUCE J. KLORES & ASSOCIATES, P.C.


By:_____/s/_____
    Lesley S. Zork
    Bruce J. Klores
    915 15th Street, NW
    Washington, D.C. 20005
    (202) 628-8100
    Co-counsel for Plaintiffs

       and

LAW OFFICES OF PETER MASCIOLA


_____/s/_____
Peter R. Masciola
601 Pennsylvania Avenue, N. W. #900
Washington, D.C. 20004
202-628-5680
Co-counsel for Plaintiffs