IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern District)

| | |
|---|---|
| VERONICA POLLARD, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) CA No. S-02-CV-764 |
| | ) Judge Quarles |
| THE UNITED STATES OF AMERICA, et al. | ) |
| | ) |
| | ) |
| Defendants | ) |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT HUMANA MILITARY HEALTHCARE SERVICES, INC.'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERTS ON MEDICAL CAUSATION AND DEATH**

The defendant, Humana Military Healthcare Services, Inc., by counsel, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, respectfully replies to the plaintiff's Opposition to Defendant's Motion to Exclude Testimony of Plaintiff's Experts on Medical Causation and Death as follows:

In his Opposition, plaintiff summarily contends that the experts, in reaching their opinions, that Mrs. Pollard would have survived her cancer had she received chemotherapy and radiation in a timely manner breached the requirements of _Daubert v. Merrill Dow Pharmaceuticals, Inc_. 509 U.S. 579 (1993). Plaintiff contends that the opinions are based on experience and the understanding of the characteristics of the tumor cells and how cancer spreads. In addition, plaintiff contends that the experts based their opinion on Mrs. Pollard's response to chemotherapy when it reoccurred. The plaintiff, however, does not identify one peer-reviewed study of thousands of patients to include patients with similar tumor characteristics, to include the tumor stage and other critical prognostic factors such as hormone

receptors and proliferation rate, which supports the plaintiff's experts' supposed "experience" in rendering their causation opinions.

In his opposition, plaintiff fails to demonstrate to the Court plaintiff's experts' opinions concerning causation is reliable. Significantly, the plaintiff does not cite this Court to one of the many studies of women with breast cancer, which specifically include women similarly situated to Mrs. Pollard, to support his bald conclusion that his experts' opinions are "reliable" as is required under *Daubert*. The defendant respectfully suggests that the reason the plaintiff has failed to do so, and that their experts have failed to do so, is that there is no such study, although there are studies of thousands of women with breast cancer who fall within the same classification of Mrs. Pollard which supports the defendant's experts' conclusion. Clearly this is significant for the Court's exercise of its gate keeping function under *Daubert* to assess whether an opinion is reliable.[1]

Further, the plaintiff suggests that the defense experts failed to consider the inherit limitations of the statistical data contained in the studies which clearly show that the plaintiff's causation opinions are without scientific support. However, the plaintiff sets forth no support for that bald conclusion. Defendant submits the absence of support for plaintiff's bare conclusion is because there is no such support available.

---

[1] Plaintiff also contends that Motion should denied on the theory of collateral estoppel. This argument is without support. The defendant has not brought before this Court a *Daubert* and Federal Rules of Evidence §702 argument prior to its Motion in Limine to exclude the plaintiff's expert's medical causation and death opinions, thus the issue has not be adjudicated. The defendant also incorporates and adopts as if fully set forth herein, the Reply of Dr. Gupta to its Motion on causation.

WHEREFORE, the defendant respectfully requests its Motion in Limine be granted.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
_/s/ *Catherine A. Hanrahan*_____
Catherine A. Hanrahan, Esquire #06711
1341 G Street, NW, 5th Floor
Washington, D.C. 20005-3105
(202) 626-7660
Counsel for
Humana Military Healthcare Services, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Reply to Plaintiff's Opposition to Humana Military Healthcare Services, Inc.' Motion in to Exclude Testimony of Plaintiff's Experts on Medical Causation and Death was electronically served on this 1st day of February 2005, to:

Bruce J. Klores, Esquire
Lesley S. Zork, Esquire
Bruce J. Kores & Associates, PC.
915 15th Street, NW
Washington, DC  20005

Peter R. Masciola, Esquire
601 Indiana Avenue, NW
Suite 603
Washington, DC  20004
*Counsel for Plaintiffs*

Joan Cerniglia-Lowensen, Esquire
Morgan, Shelsby, Carlo, Downs & Everton
4 North Oak Drive
Suite 404
Hunt Valley, MD  21030
*Attorneys for Dr. Gupta and Sterling Medical Corporation*

Larry D. Adams
Assistant US Attorney
6625 United States Courthouse
101 West Lombard St.
Baltimore, MD 21201

_/s/ *Catherine A. Hanrahan*_____

Catherine A. Hanrahan

195329.1