IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,          :
                                     :
        Plaintiffs                   :
                                     :
            v.                       :        C.A. No.: S-02-764 WDQ
                                     :
UNITED STATES OF AMERICA, *et al.*,  :
                                     :
        Defendants                   :

**Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 1**
**Jury Note Taking**

Regarding juror note taking: I have asked the bailiff to provide you with pencils and note pads for your use during trial. You may take notes, but you are note required to do so. If you decide to take notes, please remember that note taking should not divert you from paying full attention to the evidence and evaluating witness credibility. Your observations of the witnesses during their testimony can be vital to your determination of the believability of their testimony. The notes you take are for your use only and are not to be shared with anyone until deliberation with your fellow juror. Notes are not evidence, only memory aids, and should not take precedence over your recollections. It is the duty of each juror to recall the evidence, and while you may consider another juror's notes to refresh your memory, you should rely on your own recollection of the proceedings. Do not be influenced by the notes of other jurors, unless their notes help you in determining your own independent recollection. Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the evidence may have been. After the trial is over, the notes will be collected and destroyed.

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV-00-090

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,          :
                                     :
          Plaintiffs                 :
                                     :
          v.                         :          C.A. No.: S-02-764 WDQ
                                     :
UNITED STATES OF AMERICA, *et al.*,  :
                                     :
          Defendants                 :

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 2

I instruct you, ladies and gentlemen, that you must decide this case for yourself solely on the testimony you hear from the witness stand and the exhibits admitted into evidence.

You may not visit any scenes depicted by the evidence. You may not utilize any books or documents not in evidence during your deliberation. You may not read or listen to any accounts of the trial that might appear in the new media. You may not discuss this case with anyone other than your fellow jurors during deliberation.

That concludes my preliminary instructions, and now we are ready for the lawyers to give their opening statements.

Copyright © 2003 Council of Superior Court Judges of Georgia

191215.1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | :     C.A. No.: S-02-764 WDQ |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
| Defendants | : |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 3

In deciding this case, you should not be influenced by sympathy or prejudice because of race, creed, color, religion, natural origin, sexual preference, local or remote residence, economic or corporate status for or against either party.

Copyright © 2003 Council of Superior Court Judges of Georgia
O.C.G.A. §15-12-138

191215.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| Plaintiffs | : |
| v. | :      C.A. No.:  S-02-764 WDQ |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants | : |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 4
### Burden of Proof; Generally; Preponderance of Evidence, Defined

Plaintiff has the burden of proof, which means that the plaintiff must prove whatever it takes to make out his case, except for any admissions by the defendant. Plaintiff must prove his case by what is known as a preponderance of the evidence; that is, evidence upon the issues involved that, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other.

O.C.G.A. §24-1-1(5)

Superior Paving Inc. et al. v. Citadel Cement Corporation, 145 Ga. App. 6 (1978)
Danforth v. Danforth, 156 Ga. App. 236, 239 (1980)
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 02.020

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.:  S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |

## Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 5
## Burden of Proof

In a civil case such as this, the plaintiff has the burden of proving his case. The plaintiff must prove this case by what is known as a 'preponderance of the evidence.'

The term 'preponderance' means 'greater weight,' and as it is used here, 'preponderance of the evidence' means 'the greater weight of evidence upon the issues involved.' The weight of evidence need not be enough to completely free the mind from a reasonable doubt. But, to be a preponderance, the weight of the evidence must be sufficient to incline a reasonable and impartial mind to one side of the issue, rather than to the other.

If you find that the evidence is evenly balanced on any issue in the case, it would then be your duty to resolve that issue against the party having the burden of proving that issue.

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 00.040

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | :      C.A. No.: S-02-764 WDQ |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
| Defendants | : |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 6
### Evidence, Generally

Evidence is the means by which any fact that is put in issue is established or disproved. Evidence includes all the testimony of the witnesses and the exhibits admitted during the trial. It also includes any stipulations, which are facts agreed to by the lawyers.

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 02.100

191215.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| Plaintiffs | : |
| v. | :      C.A. No.: S-02-764 WDQ |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants | : |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 7
### Credibility of Witnesses

The jury must determine the credibility or believability of the witnesses. In deciding this, you may consider all the facts and circumstances of the case, including the witnesses' manner of testifying, their intelligence, means and opportunity of knowing the facts to which they testify, the nature of the facts to which they testify, the probability or improbability of their testimony, their interest or lack of interest, and their personal credibility as you observe it.

O.C.G.A. §§24-9-80, 24-4-4
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 02.130

191215.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,                    :
                                               :
    Plaintiffs                             :
                                               :
        v.                       :      C.A. No.:  S-02-764 WDQ
                                               :
UNITED STATES OF AMERICA, *et al.*,            :
                                               :
    Defendants                             :

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 8
### Conflicting Evidence; Reconciliation

      Any conflicts in evidence are to be reconciled wherever possible.  All witnesses are presumed to speak the truth, and if possible, you should not attribute a false statement to any of them.  If you find that you cannot reconcile conflicting evidence, then you should believe the evidence that is most reasonable and believable to you and decide the case by the preponderance of the evidence as you find it to be.

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 02.140

191215.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| VERONICA POLLARD, *et al.*, : | |
| : | |
| Plaintiffs : | |
| : | |
| v. : | C.A. No.: S-02-764 WDQ |
| : | |
| UNITED STATES OF AMERICA, *et al.,* : | |
| : | |
| Defendants : | |

**Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 9**
**Impeachment of the Witnesses**

When witnesses appear and testify, they are presumed to speak the truth unless impeached in some manner provided by law.

To impeach a witness means to discredit the witness or prove the witness unworthy of belief. A witness may be impeached, by disproving the facts about which the witness testifies, by proof of contradictory statements previously made by the witness about matters relevant to the testimony and to the case, by evidence as to the witness's general bad character, or by the conviction of the witness of an offense moral turpitude; that is, one contrary to justice, honesty, or good morals.

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 02.150

191215.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.: S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |

---

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 10
### Expert Witnesses

Testimony has been given in this case by certain witnesses who are termed experts. Expert witnesses are those who because of their training and experience possess knowledge in a particular field that is not common knowledge or known to the average citizen.

The law permits expert witnesses to give their opinions based upon their training and experience.

You are not required to accept the testimony of any witnesses, expert or otherwise. Testimony of an expert, like that of all witnesses, is to be given only such weight and credit as you think it is properly entitled to receive.

O.C.G.A. §24-9-67
McCoy v. State, 237 Ga. 118 (1976)
Columbia County v. Doolittle, 270 Ga. 490 (1999)
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 02.120

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.: S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 11

The case before you is a tort case in which the plaintiff must prove by a preponderance of the evidence that the negligence of the defendant, Dr. Gupta, if any, was a proximate cause of the injuries.

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 60.000

191215.1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,      :

    Plaintiffs      :

        v.      :        C.A. No.: S-02-764 WDQ

UNITED STATES OF AMERICA, *et al.*,      :

    Defendants      :

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 12

Ordinary negligence means the absence of or the failure to use that degree of care that is used by orinarily careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

O.C.G.A. § 51-1-2

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 60.010

191215.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| Plaintiffs | : |
| v. | : C.A. No.: S-02-764 WDQ |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants | : |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 13

The plaintiff must prove that Dr. Gupta was negligent in one or more ways alleged in order to recover. It is not necessary for the plaintiff to prove that Dr. Gupta was negligent in every way that the plaintiff claims. If you find no negligence at all on the part of Dr. Gupta, then the plaintiff's case against the defendants ends.

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 60.060

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| Plaintiffs | : | |
| v. | : | C.A. No.:  S-02-764 WDQ |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Defendants | : | |

## Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 14

Every person has a duty to use ordinary care for his or her own safety.  If you should determine from the evidence that the decedent failed to use ordinary care and that this failure was the sole proximate cause of the decedent's injuries, then the plaintiff cannot recover from the defendants.

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 60.010

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,          :
                                     :
        Plaintiffs                   :
                                     :
             v.                      :        C.A. No.: S-02-764 WDQ
                                     :
UNITED STATES OF AMERICA, *et al.*,  :
                                     :
        Defendants                   :

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No.  15

When a person knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care for one's own safety, that person cannot hold another liable for injuries proximately caused by such action even though the injuries may be in part attributable to the negligence of the other person.

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 60.130

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| Plaintiffs | : | |
| v. | : | C.A. No.: S-02-764 WDQ |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Defendants | : | |

**Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 16;
Equal Negligence; No Recovery**

If you find that the Dr. Gupta was negligent, and that the decedent was also guilty of negligence that contributed to the plaintiff's injury and damages, and that decedent's negligence was equal to or greater than that of the Dr. Gupta, then the plaintiff cannot recover.

O'Dowd v. Newnham, 13 Ga. App. 220(11) (1913)
Jones v. Alred, 43 Ga. App. 312 (1931)
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 60.140

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.: S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 17
### Torts; Comparative Negligence

If you find that the Dr. Gupta was negligent so as to be liable to the decedent and that the decedent was also negligent, thereby contributing to the plaintiff's injury and damage, but that the decedent's negligence was less than the Dr. Gupta's negligence, then the negligence of the decedent would not prevent the plaintiff's recovery of damages but would require that you reduce the amount of damages otherwise awarded to the plaintiff in proportion to the negligence of the decedent compared with that of Dr. Gupta.

Underwood v. Atlanta & West Point R.R. Co., 105 Ga. App. 340(8) (1962)

(Note: The jury should be instructed that the burden shifts to the defendant to prove any asserted defenses regarding the plaintiff's own lack of due care.)

Stiltjes v. Ridco Exterminating Company Inc., 192 Ga. App. 778 (1989)
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 60.141

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | :    C.A. No.:  S-02-764 WDQ |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
| Defendants | : |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 18; Physician, Skill Required of

A person professing to practice medicine or to the administering of medicine for compensation must bring to the exercise of the profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be an act for which a recovery may be had.

O.C.G.A. §51-1-27
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 62.300

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| Plaintiffs | : | |
| v. | : | C.A. No.:  S-02-764 WDQ |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Defendants | : | |

## Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 19

This standard, when applied to the facts and circumstances of any particular case, must be of such degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally.

If a physician in the treatment and care of a patient uses that degree of care and skill ordinarily employed by the profession generally under similar conditions and like surrounding circumstances, then the physician would not be negligent; therefore, there could be no finding of malpractice. If, on the other hand, the doctor should fail to use such degree of care and skill, the doctor would be negligent, and if injury resulted because of such failure, the doctor would be liable for such injury as a result of malpractice.

Hinkle v. Smith, 12 Ga. App. 497 (1913)
Mills v. Emory, 114 Ga. App. 63 (1966)
Simpson v. Dickson, 167 Ga. App. 344 (1983)

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 62.300

191215.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.:  S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |

## Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 20

The presumption in such medical cases is that the services were performed by Dr. Gupta in an ordinarily skillful manner. The person claiming an injury may overcome this legal presumption by introducing evidence that Dr. Gupta did not treat the patient in an ordinarily skillful manner. Expert testimony is usually required to overcome the presumption, and the burden is on the one claiming injury to show a lack of due care and skill by a preponderance of the evidence.

Beach v. Lipham, 276 Ga. 302 (2003)
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 62.300

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| Plaintiffs | : | |
| v. | : | C.A. No.: S-02-764 WDQ |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Defendants | : | |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 21

In order for the plaintiff to show that Dr. Gupta's alleged negligence was the proximate cause of the decedent's injury, the plaintiff must present expert testimony. An expert's opinion on the issue of whether the Dr. Gupta's alleged negligence caused the decedent's injury cannot be based on speculation or possibility. It must be based on reasonable medical probability or reasonable medical certainty. If you find that the expert's testimony regarding causation is not based on reasonable medical probability or reasonable medical certainty, then the plaintiff has not proved that the decedent's injury was proximately caused by the Dr. Gupta's alleged negligence, and you should return a verdict for the defendant.

Zwiren v. Thompson, 276 Ga. 498, 503 (2003)
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 62.300

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,                        :

    Plaintiffs                                :

           v.                     :        C.A. No.:  S-02-764 WDQ

UNITED STATES OF AMERICA, *et al.*,                :

    Defendants                                :

**Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 22**
**Physician, Skill Required; After-Acquired Information; Hindsight**

In a medical malpractice action, Dr. Gupta cannot be found negligent on the basis of an assessment of a patient's condition that only later, in hindsight, proves to be incorrect as long as the initial assessment was made in accordance with reasonable standards of medical care. In other words, the concept of negligence does not include hindsight. Negligence consists of not foreseeing and guarding against that which is probable and likely to happen, not against that which is only remotely and slightly possible.

McNabb v. Landis, 223 Ga. App. 894 (1996)
Haynes v. Hoffman, 164 Ga. App. 236, 238 (1982)
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 62.311

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | :    C.A. No.: S-02-764 WDQ |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
| Defendants | : |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 23

The relation of principal and agent arises whenever one person, expressly or by implication, authorizes another to act for the principal or later approves the acts of another on the principal's behalf.

A business entity or corporation, such as Humana Military Healthcare Services, Inc. is regarded as a person in this instance.

O.C.G. A. § 10-6-1.

Copyright © 2003 Council of Superior Court Judges of Georgia

191215.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| Plaintiffs | : |
| v. | :     C.A. No.: S-02-764 WDQ |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants | : |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 24

Before one can be bound by the acts of another who assumes to represent him, proof of agency must be shown. Agency, as well as authority of an agent, may be established by proof of control of agent, or by the principal's conduct and course of dealings. If one should hold out another as one's agent and by one's course of dealings reasonably indicate that such person has certain authority, the one dealing with the agent would be protected to the extent of the authority reasonably deducible from the conduct of the parties. You must determine the issue of agency in the light of all the facts and circumstances of the case.

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 62.311

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.:  S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 25

The principal shall be bound by all the acts of an agent within the scope of the agent's authority.  If the agent exceeds the authority given, the principal may not accept part of the agreement and reject the balance.

O.C.G.A. § 10-6-51
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICVI 06.020

191215.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,          :

    Plaintiffs          :

          v.          :          C.A. No.: S-02-764 WDQ

UNITED STATES OF AMERICA, *et al.*,          :

    Defendants          :

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 26

    The determination of agency rests on whether the contract is, or the employers assumes, the right to control the time and manner of executing the work, as distinguished from the right merely to require results and conformity to the contract.

Greenbaum v. Brooks 139 S.E. 2d 432, 434 (Va. App. 1964) (Citing Massee & Felton Lumber Co. v. Macon Cooperage Co. 162 S.E. 2d 396 (Ga. App. 1932)).

Copyright © 2003 Council of Superior Court Judges of Georgia

191215.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
| Defendants | : |

C.A. No.:  S-02-764 WDQ

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 27

The more skilled the employee, the more likely he is to be an independent contractor.

Lee v. Satilla Health Services, Inc. 470 S.E. 2d 461 (Ga. App. 1996).

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.: S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |

## Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 28

An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right of control with respect to his physical conduct in the performance of the undertaking. Under Georgia law, the test to be applied in the determining whether the relationship of the parties is that of employer and servant or that of employer and independent contractor lies in whether the contract gives or the employer assumes, the right to control the time, manner and method of executing the work as distinguished from the right to merely to acquire certain definite results and conformity with the contract.

De Board v. Proctor & Gamble Distributing Co. 58 F. Sup. 157 (N.D. Ga. 1943)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
| Defendants | : |

C.A. No.:  S-02-764 WDQ

**Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 29**

When one is paid an annual salary in lieu of being paid by the hour, such a payment program favors a finding that the individual is an independent contractor.

Lee v. Satilla Health Services, Inc. 470 S.E. 2d 461 (Ga. App. 1996).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | :      C.A. No.: S-02-764 WDQ |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
| Defendants | : |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 30

There is no one determinative factor that decides the issue of whether Dr. Gupta is an independent contractor or an agent of Humana Military Healthcare Services, Inc. One must look to a number of factors to extent of control. The follow control factors are relevant:

i)      the right of Humana Military Healthcare Services, Inc. to make additional plans and specification, to impose its will in lieu of contractual provisions, and to direct the work of Dr. Gupta step by step;

ii)     contracts to perform a service rather than to accomplish a task;

iii)    Humana Military Healthcare Services, Inc.'s right to control Dr. Gupta's time;

iv)    Humana Military Healthcare Services, Inc.'s right to inspect Dr.Gupta's work;

v)     The right to terminate the contract or to fire Dr. Gupta;

vi)    Nature of skill of Dr. Gupta's work;

vii)   The method of payment; and

viii)  Other aspects of any contract.

Harris v. City of Chattanooga, 507 F.Sup. 365 (N.D. Ga. 1980)

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,      :
                                 :
        Plaintiffs               :
                                 :
        v.                       :        C.A. No.: S-02-764 WDQ
                                 :
UNITED STATES OF AMERICA, *et al.*,  :
                                 :
        Defendants               :

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 31

If you find for the plaintiff, then you must determine an amount to be awarded to the plaintiff. The law requires that your verdict be unanimous; that is, agreed to by all jury members after the amount is determined. It is unlawful for you to agree in advance to be bound by the figure to be calculated by each of you writing down your own figure, then adding it up and dividing by twelve. If you wish to use this method to arrive at an amount for discussion without binding yourself in advance to accept the result, you may do so. You are not prohibited from accepting that result and adopting it as your verdict after the amount is determined, if you believe from a preponderance of the evidence that the figure you arrived at by this method represents just and adequate damages. However, you must have first found in favor of the plaintiff, and you must all agree that the amount represents your verdict after the amount has been determined.

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 2.510

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,    :
                           :
    Plaintiffs    :
                           :
       v.    :    C.A. No.: S-02-764 WDQ
                           :
UNITED STATES OF AMERICA, *et al.*,    :
                           :
    Defendants    :

## Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 32
## Tort Damages; Preliminary Instructions

Damages are given as pay or compensation for injury done.

O.C.G.A. §51-12-4
Copyright © 2003 Council of Superior Court Judges of Georgia

*191215.1*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.,* | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, *et al.,* | : |
| | : |
| Defendants | : |

C.A. No.: S-02-764 WDQ

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 33

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

O.C.G.A. §51-12-9
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 66.000

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.,* | : | |
| Plaintiffs | : | |
| v. | : | C.A. No.: S-02-764 WDQ |
| UNITED STATES OF AMERICA, *et al.,* | : | |
| Defendants | : | |

## Humana Military Healthcare Services, Inc. Proposed Jury Instruction 34
### Damages; Earnings, Past; Loss of

Loss of earnings from the time of the alleged injury to the time of trial is a legal item of damages, and the amount that may be recovered is the value of the earnings that the evidence shows with reasonable certainty the decedent has lost as a result of the injury. You may consider what the decedent was earning at the time of the injury, what was earned following the injury, the amount customarily paid in the locality for the kind of work the decedent did, and similar matters. There must be some evidence before you as to the plaintiff's loss.

Atlantic Coastline Railroad Co. v. McDonald, 103 Ga. App. 328, 332 (1961)
Nashville, etc., Railway Co. v. Miller, 120 Ga. 453 (1904)
Western, etc., Railroad Co. v. Sellers, 15 Ga. App. 369 (1914)
Camilla Cotton Oil, etc., Co. v. Walker, 21 Ga. App. 603 (1918)

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 66.100

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,                 :
                                            :
    Plaintiffs                          :
                                            :
          v.                        :     C.A. No.:  S-02-764 WDQ
                                            :
UNITED STATES OF AMERICA, *et al.*,         :
                                            :
    Defendants                          :

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 35
### Tort Damages; Earnings; Loss of Future Earnings

If you find that the plaintiff's earnings will be permanently (reduced) (destroyed), lost future earnings--just like lost past earnings-- are to be determined on the basis of the earnings that the plaintiff will lose, and there must be some evidence before you as to the amount of such earnings.

In considering the evidence, you should take into consideration that old age generally reduces the capacity to labor and earn money.


Florida, etc., R.R. Co. v. Burney, 98 Ga. 1 (1894)
A-1 Bonding Service Inc. v. Hunter, 125 Ga. App. 173, 180 (1971)
Standard Oil Co. v. Reagan, 15 Ga. App. 571, 595 (1915)


Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 66.201

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| Plaintiffs | : |
| v. | :      C.A. No.: S-02-764 WDQ |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants | : |

**Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 36
Tort Damages; Earnings; Life Expectancy**

You would also consider the life expectancy of the decedent.


Williams v. Vinson, 104 Ga. App. 886, 893 (1961)
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 66.202

*191215.1*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERONICA POLLARD, *et al.*, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. No.:  S-02-764 WDQ |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |

**Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 37**
**Tort Damages; Earnings; Average Annual Earnings**

(The following should be charged if mortality or annuity tables are used.)

By taking into consideration the factors as to earning capacity and life expectancy and applying them to this decedent's life, you should determine what the average annual loss of future earnings probably would have been.

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 66.203

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,

    Plaintiffs

      v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants

C.A. No.: S-02-764 WDQ

**Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 38;**
**Tort Damages; Earnings; Present Cash Value**

After you have determined the loss of future earnings, you may reduce the plaintiff's gross loss of future earnings to its present cash value. You would do so by using a rate of interest of 5 percent per annum as a reduction factor.

O.C.G.A. §51-12-13
Miller v. Tuten, 137 Ga. App. 188 (1976)
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 66.204

*191215.1*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,                  :
                                             :
    Plaintiffs                           :
                                             :
            v.                  :        C.A. No.:  S-02-764 WDQ
                                             :
UNITED STATES OF AMERICA, *et al.*,          :
                                             :
    Defendants                           :

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 39
### Tort Damages; Life Expectancy; Generally

    You may determine the life expectancy of a person when the person's age is shown without any other direct evidence on the subject. In deciding this matter, you are also entitled to consider the evidence pertaining to the person's health, habits, surroundings, and method of living.

Davis v. Whitcomb, 30 Ga. App. 497(16) (1923)
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 66.301

191215.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, : | |
| Plaintiffs : | |
| v. : | C.A. No.: S-02-764 WDQ |
| UNITED STATES OF AMERICA, *et al.*, : | |
| Defendants : | |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 40
### Tort Damages; Life Expectancy; Mortality Tables

(The following should be used only if a mortality table is introduced in evidence.)

There is another way in which you may determine the life expectancy of the plaintiff. There has been introduced into evidence a copy of the _____ mortality tables. If you desire to determine from this table the life expectancy of a person, look up that person's age in one column, and across from the age column, you will find the life expectancy of a person of that age. Life expectancy shown on any such table is merely a guide that you may follow while considering the evidence as a whole.

Savannah, etc., Railway v. Stewart, 71 Ga. 427 (1883)
Augusta Railway Co. v. Glover, 92 Ga. 132, 148 (1892); and other cases cited to note
Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 66.302

191215.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
| Defendants | : |

C.A. No.: S-02-764 WDQ

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 41
### Tort Damages; Life Expectancy; Annuity Tables

(The following should be used in connection with cases involving temporary or permanent loss of future earnings when annuity tables have been introduced in evidence.)

When you have satisfied yourselves what the average annual future loss of income of deceased would be, you would then figure the cash value for the person's life. In order to aid you in coming to a conclusion on that point, annuity tables are in evidence before you. An annuity is a sum a person is entitled to per year during that person's whole life. Sometimes there is a sale of that annuity for which the present cash value of it must be determined. An award of damages for permanent loss of earnings amounts to a forced sale of lifetime earnings. This table is made to show the present cash value of an annuity, according to the age of the person entitled to an annuity. Turn to that table that is before you for the purpose of aiding you in measuring damages for loss of future earnings. Take the average annual loss of future income of deceased and the age of the deceased. You would then consult the annuity tables and find opposite the age the present value of an annuity of $1.00 per year for the expected remaining life of a person of that age discounted at the _____ percentage indicated, depending on which you select. You would multiply that present value of the $1.00 annuity from the table by the average annual loss of future earnings, and that would be the present cash value if the plaintiff (deceased) were recovering an annuity of that sum, or entitled to an annuity of that sum for and during that person's remaining life. That would be the sum you are trying to arrive at.

In using your annuity table, you would be entitled to use a rate of interest of five percent.

191215.1

O.C.G.A. §51-12-13
Atlanta, etc., R.R. Co. v. Johnson, 66 Ga. 259, 263 (1881)
Kitchens v. Hall, 116 Ga. App. 41, 43 (1967)
Florida, etc., R.R. Co. v. Burney, 98 Ga. 1 (1894)


An annuity table is based on an average length of life as shown by mortality tables from which it is figured.

You do not have to use the annuity table introduced to you in any way. Such a table is just a guide that you may follow or not as you see fit, while considering the evidence as a whole.

(See note to 66.201 Tort Damages; Earnings; Loss of Future Earnings. If a more elaborate charge on annuity tables is desired, an adaptation of the charge in Florida, etc., R.R. Co. v. Burney, 98 Ga. 1 (1894)is recommended.)

Copyright © 2003 Council of Superior Court Judges of Georgia
GA-JICIV 66.303

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | :    C.A. No.: S-02-764 WDQ |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
| Defendants | : |

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 42

If you find that Humana Military Healthcare Services, Inc. did not supply the facility and equipment with which Dr. Gupta performed his job, this would suggest that Dr. Gupta was an independent contractor.

Lee v. Satilla Health Services, Inc. 470 S.E. 2d 461 (Ga. App. 1996).

191215.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| VERONICA POLLARD, *et al.*, | : |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
| Defendants | : |

C.A. No.:  S-02-764 WDQ

<u>**Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 43**</u>

    If you find that Humana Military Healthcare Services, Inc. reserved no right to control the specific medical techniques employed by Dr. Gupta, but merely exercised a limited surveillance in order to monitor the quality of medical care provided, Dr. Gupta is deemed an independent contractor.

<u>Overstreet v. Doctor's Hospital</u>  142 Ga. App. 895, 237, F.E. 2d 213 (1977)

191215.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERONICA POLLARD, *et al.*,            :

    Plaintiffs              :
                  :

        v.                  :       C.A. No.: S-02-764 WDQ
                  :

UNITED STATES OF AMERICA, *et al.*,    :

    Defendants              :

### Humana Military Healthcare Services, Inc. Proposed Jury Instruction No. 44

One who carries on an independent business and who contracts with another to perform services for him, being answerable only for the result and not being under the control of his employer as to the time, manner, or method of doing the work, is an idependant contractor for whose tort the other contracting party is not liable.



St. Paul Companies v. Capital Office Supply Co. Inc., et al. 158 Ga. App. 748; 282, S.E. 2d. 205 (1981)

191215.1

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing Defendant Humana Pollard Military Healthcare Services Inc. Proposed Jury Instructions were electronically filed and served on this 1st day of February, 2005 to:

Bruce J. Klores, Esquire
Lesley S. Zork, Esquire
Bruce J. Klores & Associates, PC.
915 15th Street, NW
Washington, DC  20005


Peter R. Masciola, Esquire
601 Indiana Avenue, NW
Suite 603
Washington, DC  20004

Joan Cerniglia-Lowensen, Esquire
Morgan, Selsby, Carlo, Downs & Everton
4 North Oak Drive
Suite 404
Hunt Valley, MD  21030

Larry Adams, Esquire
Assistant United States Attorney
United States Attorney's Office
6625 U.S. Court House
101 W. Lombard Street
Baltimore, MD  21201

And delivered by hand to the chambers of :

The Honorable William D. Quarles, Jr.
Garmatz Federal Courthouse
101 W. Lombard St
Baltimore, MD 21201


_/s/Catherine A. Hanrahan_
Catherine A. Hanrahan

191215.1