IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROOSEVELT  POLLARD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CA No. S-02-CV-764 |
| | ) | Judge Quarles |
| RAJ GUPTA, M.D., et al., | ) | |
| | ) | |
| Defendant | ) | |

## INDEX TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

*   **No  1**     **General**

*   **No  2**     **Burden of Proof - General**

*   **No  3**     **Burden of Proof - Tilting of Scales is Enough**

*   **No  4**     **Admissions**

*   **No  5**     **Credibility of Witnesses**

*   **No  6**     **Expert Witnesses**

*   **No  7**     **Recovery from Defendant**

*   **No  8**     **Not Necessary to Prove Every Fact**

*   **No  9**     **Multiple Acts of Negligence**

*   **No  10**     **Putting Other Forces in Motion**

*   **No  11**     **Duty to Act in a Timely Manner**

*   **No 12**     **Doctor/Patient Relationship**

*   **No 13**     **Patient Can Rely on Doctor**

*    No 14        **Doctor's Best Judgment**

*    No 15        **Doctor Must Use Care and Diligence**

*    No 16        **Doctor Liable for Error**

*    No 17        **Medical Malpractice**

*    No 18        **Medical Malpractice: Lack of Informed Consent**

*    No 19        **Doctor's Degree of Care Does Not Vary**

*    No 20        **Unanticipated Damages**

*    No 21        **Proximate Cause Defined**

*    No 22        **Damages (Generally)**

*    No 23        **Full Value of Life**

*    No 24        **Earnings, Future Loss of; Generally; Life Expectancy; Average Annual Earnings, Present Cash Value**

*    No 25        **Life; Expectancy; Generally, Mortality Tables**

*    No 26        **Pain and Suffering; Generally; Mental**

*    No 27        **Agency; Creation**

*    No 28        **Agency; Proof of**

*    No 29        **Agency; Established by Contract**

*    No 30        **Agency; Right to Control Employee**

*    No 31        **Independent Contractor**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,   )
           )
  Plaintiff     )
           )
  v.       )  CA No. S-02-CV-764
           )  Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,  )
           )
  Defendant    )

## **<u>Plaintiff's Proposed Jury Instruction No. 1</u>**

The Plaintiff contends that Veronica Pollard suffered metastatic breast cancer and died as the proximate result of the Defendant, Raj Gupta, M.D.'s, failure to exercise the degree of care and skill required of a physician under the laws of the State of Georgia.  It is for you to determine whether or not such carelessness occurred, and if you so find, whether it proximately contributed to cause the injuries to the Plaintiff. If you should determine that the Defendant was careless and such carelessness caused or contributed to the injuries and death of Veronica Pollard, then you would go further and determine the amount of monetary damages which should be awarded to the Plaintiff under the principles of law I will hereinafter give you.

<u>Pilgrim v. Landham</u>, 63 Ga.App. 451 (1940);

<u>Kahn v. Shaw</u>, 65 Ga.App. 563, 568 (1941);

O.C.G.A. § 51-1-27;

O.C.G.A. § 51-4-2.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,   )
          )
  Plaintiff     )
          )
   v.       )  CA No. S-02-CV-764
          )  Judge Quarles
RAJ GUPTA, M.D., et al.,   )
          )
  Defendant    )

## Plaintiff's Proposed Jury Instruction No. 2

## Burden of Proof-General

In a civil case such as this, the plaintiff has the burden of proving his case by what is known as a "preponderance of the evidence."

The term "preponderance" means "superior weight," and as it is used here, "preponderance of the evidence" means the "superior weight of evidence upon the issues involved." That weight of evidence, even though superior, need not completely free the mind from a reasonable doubt. To be a preponderance, the weight of the evidence must be sufficient to incline a reasonable and impartial mind to one side of the issue, rather than to the other.

If you find that the evidence is evenly balanced on any issue in the case, or if there is uncertainty as to where the preponderance of the evidence lies, it would be your duty to resolve that issue against the party having the burden of proving that issue. If you find that the weight of the evidence inclines your mind to one side of an

- 4 -

issue rather than to the other, although some doubt may remain, then you may still find that the burden of proving that issue has been satisfied by a preponderance of the evidence because it is not necessary to remove all doubt.

*Suggested Pattern Jury Instructions, Civil Cases, Third Edition.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,       )
                                   )
     Plaintiff          )
                                   )
       v.             )     CA No. S-02-CV-764
                                   )     Judge Quarles
RAJ GUPTA, M.D., et al.,    )
                                   )
     Defendant     )

## **Plaintiff's Proposed Jury Instruction No. 3**

## **Burden of Proof-Tilting of Scales is Enough**

The Plaintiff has the burden of proof in this case. I charge you that the slightest tilting of the scales in Plaintiff's favor is sufficient, for it is not necessary for the Plaintiff to convince you beyond a reasonable doubt; it is only necessary that the Plaintiff prove his case by a preponderance of the evidence, and that means only to incline your reasonable and impartial minds to the Plaintiff's side of the issue rather than the side of one or all of the Defendants.

Georgia Power Co. v. Jones, 54 Ga.App. 578, 586 (1936);
O.C.G.A. § 24-1-1.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,              )
                                     )
      Plaintiff              )
                                     )
        v.                 )       CA No. S-02-CV-764
                                   )       Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,      )
                                   )
      Defendant         )

## **<u>Plaintiff's Proposed Jury Instruction No. 4</u>**

### **<u>Admissions</u>**

An admission is a statement by a party which tends to aid the cause of the opposing party.  All admissions shall be carefully considered.

When the circumstances require an answer or denial, or other conduct, acquiescence or silence may amount to an admission.

O.C.G.A. § 24-3-15;
<u>Brooks, et al. v. Sessoms</u>, 47 Ga. App. 554 (1933);
O.C.G.A. § 24-3-53;
O.C.G.A. § 24-3-36;
*Suggested Pattern Jury Instructions, Civil Cases, Third Edition.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,                    )
                                      )
        Plaintiff                     )
                                      )
        v.                            )        CA No. S-02-CV-764
                                      )        Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,       )
                                      )
        Defendant                     )

## **Plaintiff's Proposed Jury Instruction No. 5**

### **Credibility of Witnesses**

The jury must determine the credibility of the witnesses. In deciding this, you may consider all the facts and circumstances of the case, including the witnesses' manner of testifying, their intelligence, means and opportunity of knowing the facts to which they testify, the nature of the facts to which they testify, the probability or improbability of their testimony, their interest or lack of interest, and also their personal credibility as you observe it. While you may consider the number of witnesses on each side, you are not requested to decide in favor of the side with the most witnesses. You may make all decisions as to the facts of this case under the law as given you in this charge.

O.C.G.A. § 24-4-4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROOSEVELT POLLARD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CA No. S-02-CV-764 |
| | ) | Judge Quarles |
| RAJ GUPTA, M.D., <u>et al.</u>, | ) | |
| | ) | |
| Defendant | ) | |

## **Plaintiff's Proposed Jury Instruction No. 6**

### **Expert Witnesses**

Testimony has been given in this case by certain witnesses who are termed experts. Expert witnesses are those who, because of their training and experience, possess knowledge in a particular field which is not common knowledge or known to the average citizen.

The law permits expert witnesses to give their opinions based upon their training and experience.

You are not required, however, to accept the testimony of any witnesses, expert or otherwise. Testimony of an expert, like that of all witnesses, is to be given only such weight and credit as you think it is properly entitled to receive.

*Suggested Pattern Jury Instructions, Civil Cases, Third Edition.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,            )
                               )
    Plaintiff               )
                               )
       v.                )          CA No. S-02-CV-764
                               )          Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,     )
                               )
    Defendant               )

## <u>Plaintiff's Proposed Jury Instruction No. 7</u>

### <u>Recovery from Defendant</u>

If you find that the Defendant was negligent in at least one respect and that this negligence contributed to the cause of the Plaintiffs' injuries, it would not matter that this negligence joined together with the negligence of a third person, to proximately cause the injury.  Furthermore, it does not matter who was more at fault, be it the Defendant, or some third party.

The law provides that if you find that a defendant was at fault you are to find against that defendant or all defendants as the evidence demands, without regard to the fault of someone not a party to this case.  This is because it is no defense to an action for an injury resulting from negligence, that the negligence of a third person contributed to cause the injury.  A defendant is liable for damages suffered if his negligence was an efficient cause without which the injury would not have occurred. <u>Blaylock v. Ware</u>, 81 Ga.App. 498, 59 S.E.2d 274 (1950);

- 10 -

Posey v. Medical Center - West, Inc., 257 Ga. 55, 354 S.E.2d 417 (1987), modified by, Lackey v. McDowall, 262 Ga. 185, 415 S.E.2d 902 (1992).

Rollerstone v T. Cassirer & Co., 3 Ga.App. 161, 173, 59 S.E. 442 (1907);

Harrison v. League, 93 Ga.App. 718, 93 S.E.2d 595 (1956);

See, *Suggested Pattern Jury Instructions, Civil Cases, Second Edition*, p. 231-32.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,               )
                                 )
        Plaintiff                )
                                 )
        v.                       )        CA No. S-02-CV-764
                                 )        Judge Quarles
RAJ GUPTA, M.D., et al.,         )
                                 )
        Defendant                )

## Plaintiff's Proposed Jury Instruction No. 8

## Not Necessary to Prove Every Fact

The Plaintiff must prove that a defendant was negligent in one or more ways alleged in order to recover. It is not necessary for plaintiff to prove that the defendant was negligent in every way that plaintiff claims; it is sufficient for recovery if any one or more of the grounds of negligence is sustained by the evidence.

General Seat, etc., Co. v. Bergen & Sons, Inc., 91 Ga.App. 431-433 (1955);
Mayor of Gainesville v. Hanes, 22 Ga.App. 589 (1918);
Dowis v. McCurdy, 109 Ga.App. 488, 495 (1964).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,               )
                                 )
        Plaintiff                )
                                 )
        v.                       )        CA No. S-02-CV-764
                                 )        Judge Quarles
RAJ GUPTA, M.D., et al.,         )
                                 )
        Defendant                )

## Plaintiff's Proposed Jury Instruction No. 9

## Multiple Acts of Negligence

Where two or more causes operate directly or happen together in bringing about an injury, there can be a recovery against one or all of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself prevent or limit the other act from constituting the proximate cause. If all acts of negligence contributed directly and concurrently or together in bringing about the injury they, together constitute the proximate cause.

Tallman v. Green, 74 Ga.App. 731, 734 (1947);
Grosser v. Diplomat Restaurant, Inc., 125 Ga.App. 620, 624 (1972).

The proximate cause of an injury may be two separate and distinct acts of negligence of different persons. Where two concurrent acts of negligence operated together in bringing about an injury, the person injured may recover compensation for the entire loss from either or both of the persons responsible.

Milton Bradley Co. v. Cooper, 79 Ga.App. 302, 306 (1949);

- 13 -

<u>Stones Independent Oil v. Bradley</u>, 122 Ga.App. 294, 299 (1970).

If you find either Defendant negligent in at least one respect and that this negligence, joined together with the negligence of a third person, proximately cause the injury, then it is not necessary for you to determine whether the defendant or a third person was more at fault, as the plaintiff is entitled to recover against the Defendant for full damages.

*Suggested Pattern Jury Instructions, Civil Cases, Third Edition.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,              )
                                 )
        Plaintiff                )
                                 )
        v.                       )       CA No. S-02-CV-764
                                 )       Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,  )
                                 )
        Defendant                )

## Plaintiff's Proposed Jury Instruction No. 10

## Putting Other Forces in Motion

A defendant may be held liable for an injury where that person commits a negligent act which puts other forces in motion or operation, which results in the injury, when such other forces are the natural and probable result of the act which the defendant committed and which reasonably should have been foreseen by the defendant.  When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original negligent act, then there can be no recovery.  If the chain reaction which resulted from the defendant's alleged negligence, if any, meets the above tests, then the plaintiff could recover.

<u>Stern v. Wyatt</u>, 140 Ga.App. 704, 705 (1976);
<u>Stapleton v. AMerson</u>, 96 Ga.App. 471, 472 (1957).

- 15 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,                    )
                                      )
        Plaintiff                     )
                                      )
        v.                            )        CA No. S-02-CV-764
                                      )        Judge Quarles
RAJ GUPTA, M.D., et al.,              )
                                      )
        Defendant                     )

## Plaintiff's Proposed Jury Instruction No. 11

## Duty to Act in a Timely Manner

I charge you that "negligence may consist in the doing of something which should not have been done." Negligence may occur when something that should be done is not done. I further charge you that negligence may occur when something that should be done is not done in a timely manner.

Ferguson v. Gurley, 105 Ga.App. 575, 579 (1962).

- 16 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,        )
                                      )
        Plaintiff          )
                                      )
        v.             )     CA No. S-02-CV-764
                                      )     Judge Quarles
RAJ GUPTA, M.D., et al.,    )
                                      )
        Defendant     )

## **Plaintiff's Proposed Jury Instruction No. 12**

## **Doctor/Patient Relationship**

I charge you that the relationship between a patient and his or her physician is

one of trust and confidence.

Bryson v. Aven, 32 Ga.App. 721 (1924);
Saffold v. Scarborough, 91 Ga.App. 628 (1955);
Stephen W. Brown & Co. Assoc. v. Gowers, 157 Ga.App. 770 (1981).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,        )
                                      )
       Plaintiff             )
                                      )
        v.               )     CA No. S-02-CV-764
                                    )     Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,    )
                                      )
       Defendant       )

## **Plaintiff's Proposed Jury Instruction No. 13**

## **Patient Can Rely on Doctor**

I charge you that a patient has a right to believe what he or she is told by his or her medical doctors about his or her condition.

<u>Stephen W. Brown Radiology Assoc. v. Gowers</u>, 157 Ga.App. 770, 773, 278 S.E.2d 653 (1981);
<u>Leagan v. Levine</u>, 158 Ga.App. 293(1), 279 S.E.2d 741 (1981).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,        )
                                     )
      Plaintiff            )
                                     )
         v.              )     CA No. S-02-CV-764
                                   )     Judge Quarles
RAJ GUPTA, M.D., et al.,      )
                                     )
      Defendant      )

## **Plaintiff's Proposed Jury Instruction No. 14**

## **Doctor's Best Judgment**

I charge you that a doctor is required to use his best judgment when using his skills for a patient.  In regard to judgment, a doctor is required to find out about his patient's condition by examination and proper inquiry of the type which would ordinarily be made by other doctors under similar circumstances, and upon failure to do so, the doctor is liable for injuries cause by this failure.

Word v. Henderson, 220 Ga. 849, 142 S.E.2d 244 (1965);
Howell v. Jackson, 65 Ga.App. 423, 424-425, 16 S.E.2d 45 (1941).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,         )
            )
    Plaintiff            )
            )
    v.             )     CA No. S-02-CV-764
            )     Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,     )
            )
    Defendant         )

## **Plaintiff's Proposed Jury Instruction No. 15**

## **Doctor Must Use Care and Diligence**

I charge you that, once a doctor accepts employment for rendering services to a patient it becomes the doctor's duty to use reasonable care and diligence when treating that patient.

<u>Bulloch Co. Hosp. Auth. v. Fowler</u>, 124 Ga.App. 242, 183 S.E.2d 586 (1971), <u>overruled on other grounds</u>, 131 Ga.App. 321, 205 S.E.2d 421 (1974).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,          )
                            )
        Plaintiff            )
                            )
            v.               )        CA No. S-02-CV-764
                            )        Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,        )
                            )
        Defendant           )

## **<u>Plaintiff's Proposed Jury Instruction No. 16</u>**

## **<u>Doctor Liable for Error</u>**

I charge you that a Defendant doctor is responsible for an error of judgment if

that error was below the required degree of care and skill when rendering medical

services to Plaintiff.

<u>Bulloch Co. Hosp. Auth. v. Fowler</u>, 124 Ga.App. 242, 183 S.E.2d 586 (1971),
<u>overruled on other grounds</u>, 131 Ga.App. 321, 205 S.E.2d 421 (1974);
<u>Hopper v. McCord</u>, 115 Ga.App. 10,11 (1967);
<u>Word v. Henderson</u>, 220 Ga. 846, 849, 142 S.E.2d 244 (1965);
<u>Howell v. Jackson</u>, 65 Ga.App. 422, heanote 3 at 425, 16 S.E.2d 45 (1941).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,                    )
                                       )
          Plaintiff                    )
                                       )
          v.                           )          CA No. S-02-CV-764
                                       )          Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,        )
                                       )
          Defendant                    )

## **<u>Plaintiff's Proposed Jury Instruction No. 17</u>**

## **<u>Medical Malpractice</u>**

A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill.  Any injury resulting from a want of such care and skill shall be a tort for which recovery may be had.

This standard, when applied to the facts and circumstances of any particular case, means such degree or care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally.

If a physician or surgeon in the treatment and care of his patient, should use that degree of care and diligence ordinarily employed by the profession generally under similar conditions and like surrounding circumstances, he would not be guilty of negligence.  If, on the other hand, he should fail to use such degree of care and

diligence he would be guilty of negligence; and if injury resulted because of such

failure he would be liable on account of the same.

O.C.G.A. § 51-1-27;
Hinkle v. Smith, 12 Ga.App. 496, 77 S.E. 650 (1913);
Mull v. Emory University, Inc., 114 Ga.App. 63, 150 S.E.2d 276 (1966).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,                )
                                   )
        Plaintiff                  )
                                   )
        v.                         )        CA No. S-02-CV-764
                                   )        Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,              )
                                   )
        Defendant                  )

## <u>Plaintiff's Proposed Jury Instruction No. 18</u>

## <u>Medical Malpractice: Lack of Informed Consent</u>

Before providing a specific type or course of medical treatment to a mentally competent adult patient under non-emergency circumstances, a physician has a duty to obtain the consent of the patient after disclosing to the patient:

1) the nature of the condition to be treated;

2) the nature of the treatment being proposed;

3) the probability of success of that treatment;

4) the alternatives, if any, to the proposed treatment; and

5) every material risk of negative consequences of the treatment being proposed.

A material risk is a risk that a physician knows or ought to know would be significant to a reasonable person who is being asked to decide whether to consent to a particular medical treatment or procedure.

The purpose of the required explanation is to enable to the patient to make an intelligent and informed choice about whether to undergo the treatment being proposed.  A physician is liable for any injury caused by the physician's failure to disclose to the patient a material risk.

**Maryland Pattern Jury Instruction-Civil 27:4**
*O.C.G.A. § 31-9-6.1(a); O.C.G.A. § 31-9-6.1(d).*

- 24 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　)　　　CA No. S-02-CV-764
　　　　　　　　　　　　　　　　)　　　Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendant　　　　　　　　)

## **<u>Plaintiff's Proposed Jury Instruction No. 19</u>**

## **<u>Doctor's Degree of Care Does Not Vary</u>**

I charge you that a physician, whether he practices in a small town, military

base, or a large city, must exercise the same invariable degree of care, that is, that

degree of skill and care that is ordinarily employed by the profession generally under

similar conditions and like surrounding circumstances.

<u>Murphy v. Little</u>, 112 Ga.App. 517, 522, 145 S.E.2d 760 (1965).

- 25 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,              )
                               )
        Plaintiff              )
                               )
        v.                     )      CA No. S-02-CV-764
                               )      Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,        )
                               )
        Defendant              )

## **Plaintiff's Proposed Jury Instruction No. 20**

## **Unanticipated Damages**

In order that a Defendant be made liable for his negligence, it is not necessary that he should have contemplated or even been able to anticipate the particular consequences which ensued, or the precise injuries sustained by the Plaintiff, but it is sufficient, if, by exercise of reasonable care, a Defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected. In other words, it is not necessary for the Plaintiff to prove that a Defendant might or should have seen the likelihood of the particular injury or harm, the extent of the harm, or the manner in which it occurred, but only that it should have anticipated that some injury or harm might result from his conduct.

<u>Hospital Authority of Hall County & City of Gainesville v. Adams</u>, 110 Ga.App. 848, 140 S.E.2d 139 (1965);

- 26 -

Lewis v. Harry White Ford, 129 Ga.App. 318 (1973);

Stern v. Wyatt, 140 Ga.Ap. 704 (1976);

Atlanta Gas Light Co. v. Mills, 78 Ga.App. 690, 51 S.E.2d 705 (1949);

Mathis v. Mathis, 42 Ga.App. 1 (1930);

Emory University v. Lee, 97 Ga.App. 680, 104 S.E.2d 234;

See O.C.G.A. § 51-12-9.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,               )
                                  )
    Plaintiff                     )
                                  )
       v.                       )        CA No. S-02-CV-764
                                  )        Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,   )
                                  )
    Defendant                     )

## <u>Plaintiff's Proposed Jury Instruction No. 21</u>

## <u>Proximate Cause Defined</u>

An injured plaintiff is entitled to recover damages from the defendant for all harm, past, present, and prospective, proximately or legally caused by the tort. You are not to award damages for any injury or condition from which plaintiff Veronica Pollard may have suffered, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately [*legally*] caused by the accident in question.

**Part VI. Instructions For Civil Diversity Cases; Chapter 128.70, Damages For Injury To Persons; H. Proximate Cause**

- 28 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,                    )
                                       )
    Plaintiff                      )
                                       )
       v.                       )          CA No. S-02-CV-764
                                       )          Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,                )
                                       )
    Defendant                      )

## **Plaintiff's Proposed Jury Instruction No. 22**

## **Damages (Generally)**

Damages are given as compensation for an injury done, and generally this is the measure when the damages are of a character to be estimated in money.

Where the law requires one party to pay damages to another, it seeks to see that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

*Suggested Pattern Jury Instructions, Civil Cases, 3d Edition*

- 29 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,           )
                             )
        Plaintiff            )
                             )
        v.                   )        CA No. S-02-CV-764
                             )        Judge Quarles
RAJ GUPTA, M.D., et al.,     )
                             )
        Defendant            )

## Plaintiff's Proposed Jury Instruction No. 23

## Full Value of Life

The plaintiff is entitled to recover the full value of Veronica Pollard's life.

The "full value of life" is comprised of two categories of damages: 1) those items

having a proven monetary value, such as lost potential lifetime earnings, or

services, reduced to present cash value; and 2) lost intangible items whose value

cannot be precisely quantified, such as a parent's society, advice, example and

counsel as determined by the enlightened conscience of the jury.  Childs v. United

States of America, 923 F.Supp. 1570, 1582 (USDCSD Georgia, 1996) (quoting

Consolidated Freightways Corp. Of  Del. V. Futrell, 201 Ga. App., 410 S.E. 2d

751, 752 (Ga. App. 1991)).

In arriving at a determination of the full value of Veronica Pollard's  life,

you as jurors, in light of your own observations and experience, can consider the

value of intangible elements which are not capable of exact proof, including the

value that Veronica Pollard placed on being alive and being able to enjoy life and living. These intangible elements also include the Veronica Pollard's relationships with her husband and children, that she lost by death. The society, advice, counsel, and companionship that she shared with her family and friends, are also components of the full value of Veronica Pollard's life to be fully compensated by the jury. The measure of such loss is your enlightened conscience as fair and impartial jurors. An award for loss of the intangible items is not reduced to present value. City of Macon v. Smith, 117 Ga. App. 363, 374, 160 S.E. 2d 622, 630-31 (1968).

The second element that constitutes the full value of the life of Veronica Pollard, is the economic value of her life. In arriving at this figure you may consider evidence of Veronica Pollard's prior earning capacity, probability of an increase or decrease of earning capacity in the future, health prior to the time of the negligence, life expectancy absent the defendant's negligence, work ethic, lifestyle, general character, and any other evidence that would assist you in determining the earning capacity absent the defendant's negligence.

You may also consider the economic value of the services that Veronica Pollard performed on behalf of her husband and children. The economic value of a decedent's services is not dependent upon direct or express evidence of the value of

the person's services by the hour, week or month. This may be determined from the

individual facts and circumstances of this case estimated in the light of your own

observations and experience, and to the satisfaction of your own consciences in

determining the amount that represents the economic value of the life of the

deceased.

O.C.G.A. § 51-4-1(1).

O.C.G.A. § 51-12-13.
Eldridge, Personal Injury and Property Damage, I supra. , S 10-6, p. 165-67,
Eldridge, supra., Wrongful Death Actions, supra.   §10-44, p. 506
Pollard v. Boatwright, 57 Ga. App. 565, 569 (2) (1938)
Southwestern Railroad v. Paulk, supra.; Elsberry v. Lewis, 140 Ga. App. 324,
327 (1976).
Boswell v. Barnhard, 96 Ga. 521(4), 23 S.E.2d 414
Atlantic C.C. R.R. v. Dougherty, 116 Ga. App. 438, 444, 157 S.E.2d 880;
Cobb & Eldridge, Standard Oil Co. v. Regan, 15 Ga. App. 571(9), 84 S.E.2d 69
Metropolitan St. R. Co. v. Johnson, 91 Ga. 466, 471, 18 S.E. 816.
Georgia Railroad Co. v. Tice, 124 Ga. 459, 469, 52 S.E. 916.
City of Macon v. Smith, 115 Ga. App. 363, 374, 160 S.E.2d 622 (1968)
Rhodes v. Baker, 116 Ga. App. 157, 156 S.E.2d 545 (1967).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,              )
                                 )
          Plaintiff              )
                                 )
          v.                     )          CA No. S-02-CV-764
                                 )          Judge Quarles
RAJ GUPTA, M.D., et al.,         )
                                 )
          Defendant              )

## Plaintiff's Proposed Jury Instruction No. 24

### Earnings, Future Loss of; Generally; Life Expectancy; Average Annual Earnings; Present Cash Value

a. **Loss of Earnings**

If you find that Veronica Pollard's earnings have been permanently reduced or destroyed, lost future earnings, just like lost past earnings, are to be determined on the basis of the earnings Plaintiff will lose, and there must be some evidence before you as to the amount of such earnings.

In determining lost future earnings, you should take into consideration that old age generally reduces the capacity to labor and earn money.

You may also take into consideration the proposition that Veronica Pollard's ability to earn money could have increased during some later periods of the her life, if it is authorized by the evidence.

b. **Life Expectancy**

You would also consider the life expectancy of the Plaintiff.

c. **Average Annual Earnings**

By taking the above factors as to earning capacity and life expectancy into consideration and applying them to this Plaintiff's life, you should determine what the average annual loss of future earnings probably would have been.

d. **Present Cash Value**

After you have done this, you may reduce the Plaintiff's gross loss of future earnings to their present cash value. You would do this by using a rate of interest of 5 percent per annum as a reduction factor.

e. **Lost Past Earnings**

In addition to awarding damages for loss of future earnings you may award damages for Veronica Pollard's actual loss of earnings from the time of the negligent injury to the date of her death. An award for lost past earnings need not be reduced to present value.

*Suggested Pattern Jury Instructions, Civil Cases, 3d Edition*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,   )
          )
  Plaintiff     )
          )
   v.      )  CA No. S-02-CV-764
          )  Judge Quarles
RAJ GUPTA, M.D., et al.,   )
          )
  Defendant    )

## Plaintiff's Proposed Jury Instruction No. 25

## Life Expectancy; Generally; Mortality Tables

a.  **Generally**

You may determine the life expectancy of a person when the person's age is shown without any other direct evidence on the subject.  You are also entitled to consider the evidence pertaining to the person's health, habits, surroundings, and method of living, in deciding this matter.

b.  **Mortality Tables**

There is another way in which you may determine the life expectancy of the Plaintiff.  There has been introduced into evidence a copy of the American Experience Mortality Table.  If you desire to determine from this table the life expectancy of a person, look up that person's age in one column, and across from the age column you will find the life expectancy of a person of that age.  This life expectancy shown on

any such table is just a guide that you may follow or not as you see fit, while considering the evidence as a whole.

If you use the mortality tables, you should take the average annual loss of future income of the Plaintiff, multiply it by the number of years of the Plaintiff's life expectancy, and that will give you the probable gross loss of future earnings. You should then reduce them to their present cash value by using a rate of interest of 5 percent per annum as a reduction factor.

If you find the Plaintiff's loss of future earnings is not permanent but will be reduced for some period of time into the future, you should then disregard the mortality table and award to the Plaintiff damages for loss of future earnings for such temporary period as you may find.

*Suggested Pattern Jury Instructions, Civil Cases, 3d Edition*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,      )
                            )
    Plaintiff             )
                            )
      v.                )    CA No. S-02-CV-764
                            )    Judge Quarles
RAJ GUPTA, M.D., et al.,     )
                            )
    Defendant      )

## Plaintiff's Proposed Jury Instruction No. 26

## Pain and Suffering; Generally; Mental

### a. **Generally**

Pain and suffering is another legal item of damages. Veronica Pollard's pain and suffering is measured by the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long Veronica Pollard may have suffered are for you to decide.

### b. **Mental**

Pain and suffering includes mental distress and suffering which Veronica Pollard endured, in addition physical pain and suffering. Any sense of anguish, shock and worry that she suffered by reason of her injuries may be included under mental pain and suffering. Loss of capacity to work or labor, separately from earnings, may be considered as an item causing mental suffering.

- 37 -

<u>Gibson's Prod. Co. of Albany, Inc. v. Mansfield</u>, 128 Ga.App. 186 (2), 196 S.E.2d

353 (1973).

*Suggested Pattern Jury Instructions, Civil Cases, 3d Edition*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,         )

                       )

      Plaintiff            )

                       )

      v.               )       CA No. S-02-CV-764

                       )       Judge Quarles

RAJ GUPTA, M.D., <u>et al.</u>,     )

                       )

      Defendant        )

## <u>Plaintiff's Proposed Jury Instruction No. 27</u>

## <u>Agency; Creation</u>

The relation of principal and agent arises whenever one person, expressly or by implication, authorizes another to act for the principal, or later approves the acts of another in the principal's behalf.  Business entities or Corporations such as Sterling Medical and Humana Military Healthcare, Inc., are regarded as persons in this instance.

Georgia Pattern Jury Instruction 06.010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,                    )
                                      )
        Plaintiff                     )
                                      )
        v.                            )        CA No. S-02-CV-764
                                      )        Judge Quarles
RAJ GUPTA, M.D., et al.,              )
                                      )
        Defendant                     )

## Plaintiff's Proposed Jury Instruction No. 28

## Agency; Proof of

In this case the plaintiff contends that Dr. Raj Gupta was an agent of

Humana Military Healthcare, Inc., at the time that Dr. Gupta was treating Veronica

Pollard. Before one can be bound by the acts of another who assumes to represent

him/her, proof of agency must be shown.

Agency, as well as authority of an agent, may be established by proof of

contract of agency, or by the principal's conduct and course of dealings. For

purposes of this instruction the principal is Humana Military Healthcare, Inc. If

one should hold out another as one's agent and by one's course of dealings

reasonably indicate that such person has certain authority, the one dealing with the

agent would be protected to the extent of the authority reasonably deducible from

the conduct of the parties.

You must determine the issue of agency in the light of all the facts and circumstances of the case.

**Georgia Pattern Jury Instruction 06.040**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT  POLLARD,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　)　　CA No. S-02-CV-764
　　　　　　　　　　　　　　　　)　　Judge Quarles
RAJ GUPTA, M.D., <u>et al.</u>,　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendant　　　　　　　　)

## <u>Plaintiff's Proposed Jury Instruction No. 29</u>

## <u>Agency; Established by Contract</u>

An employer is liable for the acts of a contractor if the wrongful act is the

violation of a duty imposed by express contract upon the employer.

O.C.G.A  . 51-2-5(3) (2002).

- 42 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,      )
     )
   Plaintiff      )
     )
   v.      )    CA No. S-02-CV-764
     )    Judge Quarles
RAJ GUPTA, M.D., et al.,      )
     )
   Defendant      )

## Plaintiff's Proposed Jury Instruction No. 30

## Agency; Right to Control Employee

The determining factor is the right of Humana Military Healthcare, Inc., to control Dr. Raj Gupta, and not the actual extent to which control is exercised. Warnock v. Elliott, 101 S.E.2d 591 (1957). Edwards-Warren Tire Co. v. Cole, Sanford & Whitemire, 373 S.E.2d 83 (Ga.App. 1988)

There is no one determinative factor that decides the issue of whether an employee is an independent contractor or an agent of the employer. Factors that you may consider to determine the extent of Humana Militaty Healthcare, Inc.'s right to control Dr. Raj Gupta, include the following:

(i)    The right of the employer to make additional plans and specifications; to impose his will in lieu of contractual provisions; and to direct the work;

(ii)    Contracts to perform a service rather than to accomplish a task;

- 43 -

(iii)    The employer s right to control the employee s time;

(iv)    The employer s right to inspect the employee s work;

(v)    The employer's right to terminate the contract or to fire an employee;

(vi)    Nature or skill of the employee s work;

(vii)   Method of payment; and

(viii)  Other aspects of the contract.

Harris v. City of Chattanooga, 507 F. Supp. 365 (N.D. Ga. 1980)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROOSEVELT POLLARD,           )
                             )
       Plaintiff             )
                             )
       v.                    )        CA No. S-02-CV-764
                             )        Judge Quarles
RAJ GUPTA, M.D., et al.,     )
                             )
       Defendant             )

## Plaintiff's Proposed Jury Instruction No. 31

## Agency; Independent Contractor

The employer generally is not responsible for torts committed by the

employee when the employee exercises an independent business and is not subject

to the immediate direction and control of the employer.  An employer is liable for

the negligence of the contractor

c. if the wrongful act is the violation of a duty imposed by express contract

upon the employer;

e. if the employer retains the right to direct or control the time and manner of

executing the work or interferes and assumes control so as to create the relation of

employer and employee or so that an injury results that is traceable to the

employer's interference.

The real test by which to determine whether a person was acting as the

employee of another at the time of injuring someone is to determine whether at that

- 45 -

particular time that person was subject to the other person's orders and control and

was liable to be discharged from the particular employment for disobedience of

orders or misconduct.

Georgia Pattern Jury Instruction 60.350

<u>**CERTIFICATE OF SERVICE**</u>

I hereby Certify that a copy of the foregoing Plaintiff's Proposed Jury Instructions were electronically filed and served on the following person this 3rd day of February, 2005:

Joan Cerniglia-Lowensen, Esquire
Morgan Shelsby Carlo Downs & Everton
4 North Park Drive #404
Hunt Valley, MD 21030

Catherine A. Hanrahan, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker
1341 G Street, N. W. - 5th Floor
Washington, DC 20005-3105

And delivered by hand on February 4, 2005 to the chambers of:

The Honorable William D. Quarles, Jr.
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, Maryland

_____/s/_____
Lesley S. Zork