IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROOSEVELT POLLARD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CA No. S-02-CV-764 |
| | ) | Judge Quarles |
| RAJ GUPTA, M.D., <u>et al.</u>, | ) | |
| | ) | |
| Defendant | ) | |

## Plaintiff's Proposed Jury Instruction No. 23

## Full Value of Life-Amended

     The plaintiff is entitled to recover the full value of Veronica Pollard's life. The full value of the deceased, as shown by the evidence, is the full value of the life of the deceased without deduction for necessary or other personal expenses of the deceased if that person had lived.

     The "full value of life" is comprised of two categories of damages: 1) those items having a proven monetary value, such as lost potential lifetime earnings, or services, reduced to present cash value; and 2) lost intangible items whose value cannot be precisely quantified, such as a parent's society, advice, example and counsel as determined by the enlightened conscience of the jury.

     In deciding monetary losses you should consider the gross sum that the deceased would have earned to the end of life had the deceased not been killed, reduced to its present value in determining the full value of the life of deceased.

     The full value of the life of the deceased is not limited to the amount of money that could have or would have been earned had the deceased not been killed. An award for the loss of intangible items is not reduced to present value.