IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROOSEVELT POLLARD, Individually and As Personal Representative of the Estate of Of Veronica Pollard,<br><br>    Plaintiffs,<br><br>    v.<br><br>RAJ GUPTA, M.D., *et al.*,<br><br>    Defendants | :<br>:<br>:<br>:<br>:<br>:  C.A. No.: S-02-764 WDQ<br>:<br>:<br>:<br>: |

## MEMORANDUM IN SUPPORT OF BILL OF COSTS

The defendant, Humana Military Healthcare Services, Inc., by counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, submits this Memorandum in support of the defendant's Bill of Costs. The defendant also submits the Affidavit of Catherine A. Hanrahan as verification of defendant's Bill of Costs. The Affidavit is attached as Exhibit 1 and incorporated herein by reference.

On February 16, 2005, the clerk entered judgment pursuant to the jury verdict in favor of the defendants on the claims brought by the plaintiff alleging medical malpractice. Pursuant to the Federal Rules of Civil Procedure, Rule 54, and the United States District Court for the District of Maryland, Rule 109, the defendant submits the Bill of Costs and Memorandum in support thereof, and seeks an award of costs against the plaintiff.

## ARGUMENT

Having prevailed in this action, the defendant is entitled to costs pursuant to Rule 54 of the Federal Rules of Civil Procedure. Rule 54(d)(1) states in pertinent part:

> "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys'

1

> fees shall be allowed as a course to the prevailing party unless the court otherwise directs; . .

28 U.S.C. § 1920 provides that a "judge or clerk of any court of the United States" may tax costs. § 1920 identifies taxable costs as follows:

1) fees of the Clerk and Marshall;

2) fees of the Court Reporter for all or any part of the stenographic necessarily obtained for use of the case;

3) fees and disbursements for printing and witnesses;

4) fees for exemplification and copies of papers necessarily obtained for use of the case;

5) docket fees under §1923 of this Title;

6) compensation of Court-appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under § 1828 of this Title.

A Bill of Costs should be filed in this case, and upon allowance, included in the Judgment or Decree.

In this case, Humana Military Healthcare Services, Inc. was sued solely based upon the alleged negligence of Dr. Gupta. The jury found in favor of Dr. Gupta, and hence, Humana Military Healthcare Services, Inc. is entitled to costs as part of the final Order entered in this case.

## COSTS ASSOCIATED WITH DEPOSITIONS

The defendant is entitled to costs associated with depositions. 28 U.S.C.§ 1920(4); Fed. R.Civ. P 54(d); *Advanced Business Systems and Supply Co., v. SCM Corporation*, 287 F. Supp. 143, 165 (d. Md. 1968) (deposition transcripts are taxable "when reasonably necessary for use in the case"); *Thomas v. Treasury Management Association, Inc.* 158 F.R.D. @ 371-72 (prevailing defendant costs for deposition transcripts as a reasonable and proper expense). In the case of *Charter v. Medical Corporation v. Cardin* 127 F.R.D. 111, (D. Md. 1989) the Court noted that

"in determining whether deposition costs are taxable, a court should consider the extent of the use of each deposition in pretrial motions, in cross examination or otherwise, and whether the taking of the deposition was reasonably necessary to parties' case in light of the particular situation existing at the time of taking … it is not necessary to taxation that the deposition was not introduced or otherwise used at trial." *Id.*

In this case, the depositions of the opposing parties were taken - two *de bene esse* depositions of plaintiff Veronica Pollard and one deposition of Sergeant Roosevelt Pollard for which the defendant incurred costs as identified in the Summary of Costs attached hereto as Exhibit 2. The defendant also participated in nine depositions that involved plaintiffs' expert witnesses and plaintiff witnesses for which the defendant incurred costs in the amount of $3,010.28 (see Hanrahan Affidavit Exhibit 1 and Summary of Costs).

The plaintiff took 12 depositions. The defendant was required to incur costs associated with these depositions and seeks an award for them in the amount of $3,523.64. See Hanrahan Affidavit paragraph 4 which sets forth the name of 12 deponents, the dates of deposition, the cost incurred for the deposition and also see the Summary of Costs attached as Exhibit 2. The defendant ordered transcripts of the 24 depositions identified herein, all which were reviewed and all of which were relied upon directly in preparing motions on behalf of Humana Military Healthcare Services, Inc., to include a Motion for Summary Judgment, several Motions in Limine, as well as relied upon in preparing cross examination of witnesses as trial. (See Hanrahan Affidavit, Exhibit 1, paragraphs 3 and 4, which sets forth the 23 deponents (Veronica Pollard twice), the dates of depositions and the cost incurred for the deposition.)

Lastly, the defendant also incurred costs of obtaining the transcription of the trial testimony of Dr. Mark Lippman and Dr. James Fiorica. The transcription of the trial testimony

was relied upon in moving for judgment as a matter of law during the trial of the case as well as for use in preparation of the cross-examination of plaintiff's experts. These costs totaled $360.40. (See Hanrahan Affidavit, Exhibit 1, paragraph 5).

## FEES FOR SERVICE OF SUBPOENAS

The defendant incurred fees for the service of process on two witnesses, who at the time of discovery were located within the subpoena power of this Court. Those two witnesses are Cheryl Naulty, MD and Ona Cates. Ona Cates had previously been employed by the United States government in Alexandria, Virginia, but at the time service was attempted had relocated to South Carolina. The fees associated with the attempted service and relocation are $205.00 as set forth in the Hanrahan affidavit at paragraph 7. In addition, the fees associated with service on Cheryl Naulty, MD are $230.00. See Hanrahan affidavit at paragraph 7. It was agreed by the parties that Dr. Naulty's deposition testimony would be used in lieu of her personal appearance.

## EXEMPLIFICATION AND COPIES OF PAPERS

This case generated over seven banker boxes of records, to include five binders of medical records. The costs associated with the copying of these materials as well as preparing materials for exemplification for use at trial are $711.97 as identified in paragraph 6 of the Hanrahan affidavit. This sum does not include all copying fees incurred throughout the case, only those fees incurred for exemplification of records, and duplication of materials as exhibits for trial and in support of dispositive and evidentiary motions.

197335.1

**OTHER COSTS INCURRED BUT NOT CLAIMED**

In defendant's filing for costs, defendant makes no claim for significant charges associated with Humana Military Healthcare Services, Inc.'s defense in this case. Those charges include costs of local and foreign travel, to include travel to the United Kingdom, postage, telecopier and attorneys' fees. See Hanrahan Affidavit, paragraph 8. By declining an opportunity to pursue payment for such costs, defendant respectfully submits that it has carefully reviewed and considered which costs in the instant case may be properly sought for an award of costs. 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)

**CONCLUSION**

The defendant is entitled to a cost award and submits an order for the Court's consideration. This Memorandum in accompanied by a verified Bill of Costs and an Affidavit of Counsel, and other relevant documentation to support defendant's claim for reimbursable costs.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER, LLP


 /s/ Catherine A. Hanrahan
Catherine A. Hanrahan
1341 G Street, N.W.
The Colorado Building, Suite 500
Washington, D.C.  20005
(202) 626-7660

Counsel for
Defendant Humana Military Health Service

197335.1

**CERTIFICATE OF SERVICE**

     I HEREBY certify that a true copy of the foregoing Memorandum in Support of Bill of Costs was electronically served, on this 2nd day of March, 2005 to:

>Bruce J. Klores, Esquire
>Lesley S. Zork, Esquire
>Bruce J. Klores & Associates, PC.
>915 15th Street, NW
>Washington, DC  20005
>
>
>Peter R. Masciola, Esquire
>601 Indiana Avenue, NW
>Suite 603
>Washington, DC  20004
>
>Joan Cerniglia-Lowensen, Esquire
>Morgan, Selsby, Carlo, Downs & Everton
>4 North Oak Drive
>Suite 404
>Hunt Valley, MD  21030
>
>Larry Adams, Esquire
>Assistant United States Attorney
>United States Attorney's Office
>6625 U.S. Court House
>101 W. Lombard Street
>Baltimore, MD  21201

           /s/ *Catherine A. Hanrahan*
    Catherine A. Hanrahan

197335.1