JUDGMENT

FILED: February 2, 2006

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

No. 05-1304
CA-02-764

ROOSEVELT POLLARD, as surviving spouse, and as Personal Representative of the Estate of Veronica Pollard, deceased

    Plaintiff - Appellant

  and

VERONICA POLLARD

    Plaintiff

v.

UNITED STATES OF AMERICA

    Defendant - Appellee

  and

RAJ R. GUPTA; STERLING MEDICAL CORPORATION; HUMANA MILITARY HEALTHCARE, INCORPORATED, a/k/a Humana Incorporated, a/k/a Humana Military Healthcare Services, Incorporated

    Defendants

--------------------
Appeal from the United States District Court for the District of Maryland at Baltimore
--------------------

In accordance with the written opinion of this Court filed this day, the Court reverses the judgment of the District Court.  This case is remanded to the District Court for further proceedings consistent with the Court's opinion.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate.

/s/ Patricia S. Connor
_____
            CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 05-1304

---

ROOSEVELT POLLARD, as surviving spouse, and as Personal Representative of the Estate of Veronica Pollard, deceased,

                                                        Plaintiff - Appellant,

and

VERONICA POLLARD,

                                                                Plaintiff,

versus

UNITED STATES OF AMERICA,

                                                     Defendant - Appellee,

and

RAJ R. GUPTA; STERLING MEDICAL CORPORATION; HUMANA MILITARY HEALTHCARE, INCORPORATED, a/k/a Humana Incorporated, a/k/a Humana Military Healthcare Services, Incorporated,

                                                              Defendants.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (CA-02-764)

---

Submitted: January 9, 2006                Decided: February 2, 2006

---

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

Bruce J. Klores, Lesley Zork, BRUCE J. KLORES AND ASSOCIATES, Washington, D.C.; Peter R. Masciola, Washington, D.C.; Robert A. Graham, Eugene R. Fidell, FELDESMAN TUCKER LEIFER FIDELL, L.L.P., Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Larry D. Adams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sergeant Roosevelt Pollard appeals the district court's dismissal of his medical malpractice claims against the United States. For the reasons that follow, we reverse and remand.

I.

This appeal arises out of a medical malpractice action brought by plaintiff-appellant Sergeant Roosevelt Pollard and his now deceased wife Veronica Pollard against the United States and various health care providers at the Dwight D. Eisenhower Army Medical Center ("DDEAMC") in Fort Gordon, Georgia. The relevant facts are as follows.

In early October 1998, Veronica Pollard sought treatment at DDEAMC, complaining of a mass in her right breast. J.A. 24. A biopsy performed that day showed atypical cells, and a surgical removal and biopsy of the tumor performed on October 14, 1998, confirmed that the mass was cancerous. Id. Immediately after removal, the tumor was sent to an active duty Army pathologist -- Dr. Stephen Adams -- for further analysis. Id. at 78-80.

On October 26, 1998, a team of physicians at DDEAMC met to discuss Mrs. Pollard's condition and to decide on a course of treatment. Id. at 61-65. The doctors did not have the benefit of Dr. Adams' analysis because he had not yet completed it. On December 1, 1998, Mrs. Pollard was scheduled to meet with a

civilian oncologist -- Dr. Raj Gupta -- working under contract at DDEAMC. However, Dr. Gupta discovered that the pathology reports necessary to advise Mrs. Pollard were not available and that Dr. Adams had not yet sent samples of the malignant tissue for laboratory testing. Id. at 78-81.

When Mrs. Pollard returned for a rescheduled appointment on December 15, 1998, Dr. Gupta had the pathology reports from Dr. Adams. Dr. Adams' reports described the tumor as .5 centimeters, but, according to the Pollards, it was more than twice that size (1.1 centimeters). Id. at 338, 421. Dr. Gupta relied on Dr. Adams' report in making his recommendations to Mrs. Pollard. Id. at 90. Dr. Gupta explained to Mrs. Pollard that the tumor was "very small," and that "tumors that are this small have a very good prognosis" and often do not require chemotherapy. Id. Dr. Gupta nevertheless recommended that Mrs. Pollard undergo chemotherapy. Id. However, Mrs. Pollard never underwent chemotherapy, due in part to her relocation to England (where Sgt. Pollard was assigned) in December 1998.

In June 2000, Mrs. Pollard was diagnosed with metastatic cancer in her chest wall and right breast. She returned to the United States for treatment at Walter Reed Army Medical Center in Washington, D.C., where she underwent several major surgeries. Despite the efforts of the doctors, Mrs. Pollard's cancer continued to spread. She died of metastatic cancer on December 29, 2003.

On March 11, 2002, the Pollards filed suit against the United States, alleging that the DDEAMC physicians negligently diagnosed and treated Mrs. Pollard's cancer.  The Pollards later amended their complaint to include causes of action against Dr. Gupta (Mrs. Pollard's primary treating oncologist), Sterling Medical Corporation (Dr. Gupta's immediate employer), and Humana Military Healthcare (the general contractor).

In December 2003, the United States filed a motion for summary judgment.  The majority of the United States' memorandum in support of its motion was dedicated to its argument that the district court lacked jurisdiction over the claims against the United States under the Federal Tort Claims Act ("FTCA") because the DDEAMC physicians were independent contractors, and the FTCA waives the United States' sovereign immunity only for torts committed by its employees and not for torts of independent contractors.  See id. at 382-94.  At places, however, the United States' jurisdictional arguments bled over into arguments on the merits, with the United States asserting that "the surgery and pathology services provided by DDEAMC . . . did not violate the standard of care or cause [Mrs. Pollard's] cancer."  Id. at 384; see also id. at 389-90.  The United States' assertions that its physicians were not negligent were unsupported by any citations to the record.

In February 2004, Sgt. Pollard filed a response to the United States' motion for summary judgment.  He argued that the district

court had jurisdiction because Dr. Gupta was an employee rather than an independent contractor. Id. at 420-21. Sgt. Pollard further argued that, even if Dr. Gupta was an independent contractor, the claims against the United States could not be dismissed for lack of jurisdiction in their entirety because the Pollards had also alleged that Dr. Adams was negligent, and it was undisputed that Dr. Adams was an employee of the United States. Id. at 421-22. Sgt. Pollard's memorandum briefly recited the facts underlying Dr. Adams' alleged negligence, including the two-month delay in producing the reports and the alleged misreporting of the tumor's size. Id. Sgt. Pollard's memorandum did not provide any citations to the record to support these allegations.

On June 30, 2004, the district court dismissed all of the claims against the United States for lack of jurisdiction. Id. at 563. The district court agreed with the United States that Dr. Gupta was an independent contractor and that his negligence thus could not subject the United States to liability under the FTCA. Id. at 555-58. As for the claim that Dr. Adams was negligent, the district court concluded that Sgt. Pollard "proffered no evidence" in support of his claims and that his "bare allegations" were "insufficient to overcome a motion for summary judgment." Id. at 558. However, rather than entering summary judgment for the United States with respect to the claims premised upon Dr. Adams' conduct,

-6-

the district court dismissed the claims against the United States in their entirety for lack of jurisdiction.

After the claims against the United States were dismissed, the remaining claims against Dr. Gupta and the other defendants were tried to a jury. The jury returned a verdict for the defendants, concluding that Dr. Gupta was negligent, but that his negligence did not cause Mrs. Pollard's injuries. Id. at 565.

II.

On appeal, Sgt. Pollard does not contest the district court's conclusion that Dr. Gupta was an independent contractor and that the claims against the United States were therefore properly dismissed for lack of jurisdiction insofar as they were premised upon his negligence. Instead, Sgt. Pollard argues only that the district court erred in dismissing the claims against the United States insofar as they were premised upon the actions of Dr. Adams because Dr. Adams was an employee of the United States. The United States does not dispute that Dr. Adams was an employee rather than an independent contractor.

The district court clearly erred in dismissing for lack of jurisdiction the claims against the United States insofar as they were premised upon allegations that Dr. Adams was negligent. The district court appeared to believe that whenever a claim brought against the United States under the FTCA fails, for whatever

-7-

reason, the appropriate course is to dismiss for lack of jurisdiction. See J.A. 558 ("When a court concludes that the United States is not liable for a party's actions pursuant to the FTCA, the proper practice is to dismiss the suit for want of jurisdiction."). To the extent that this was the district court's understanding, it was mistaken. Of course, when a court concludes that the FTCA does not waive the United States' sovereign immunity with respect to the claims at issue -- for example, because the claims allege torts committed by independent contractors rather than employees -- the proper course is to dismiss for lack of jurisdiction. See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). But where the claims fail, not because they do not come within the scope of the FTCA's waiver of sovereign immunity, but simply because of a lack of proof, the proper course is to enter judgment for the United States. Because it was uncontested that Dr. Adams was an employee of the United States -- and that the claims against the United States premised upon his conduct therefore fell within the scope of the FTCA's waiver of sovereign immunity -- it was error for the district court to dismiss those claims for want of jurisdiction.

In its brief on appeal, the United States argues that "[t]he district court's decision should be affirmed even if the more appropriate procedural vehicle would have been summary judgment rather than dismissal for lack of subject matter jurisdiction."

-8-

Appellee's Br. at 14.  The United States fails to grasp that dismissal for lack of jurisdiction and entry of summary judgment are distinct dispositions with different consequences.  We cannot affirm a judgment dismissing claims for lack of jurisdiction on the "alternate ground" that summary judgment would have been appropriate.  At very least, we would be required to reverse and remand with instructions to enter judgment for the United States.

Even if the United States had requested that we reverse and remand with instructions to enter summary judgment in its favor, we would decline to do so because the United States failed to meet its burden as the moving party.  The United States points out that the district court specifically addressed the claims premised upon Dr. Adams' conduct and concluded that, in the absence of any citations to the record, Sgt. Pollard's "bare allegations" of negligence were "insufficient to overcome a motion for summary judgment."  J.A. 558.  However, the district court misapplied the burden-shifting scheme associated with a motion for summary judgment.  Before the burden ever shifts to the non-movant to come forward with record evidence establishing a genuine issue of material fact, the movant must first carry the initial burden of "pointing out to the district court" those portions of the record that show "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); see also id. at 323 ("Of course, a party seeking summary judgment always bears the

-9-

initial responsibility of . . . identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.") (quoting Fed. R. Civ. P. 56(c)); Adickes v. S. H. Kress & Co., 398 U.S. 144, 160 (1970) ("[W]here the evidentiary matter in support of the motion [for summary judgment] does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.") (quoting Advisory Committee Note on 1963 Amendment to subdivision (e) of Rule 56.). Because the United States' assertions that Dr. Adams' conduct was not negligent were not supported by any citations to portions of the record showing a lack of a genuine issue of material fact, the burden of producing record evidence to the contrary never shifted to Sgt. Pollard. We cannot therefore remand with instructions to enter summary judgment for the United States on the ground that Sgt. Pollard failed to cite record evidence showing that Dr. Adams was negligent, for the burden to do so was never properly his, the United States having failed to carry its own burden.* Instead, we

---

*The United States also argues that summary judgment should be entered in its favor because any error committed by the district court was harmless in light of the jury's subsequent finding that Dr. Gupta's negligence did not cause Mrs. Pollard's injuries. We reject this argument. The fact that the jury found that Dr. Gupta's negligence did not cause Mrs. Pollard's injuries says nothing whatsoever about whether Dr. Adams' negligence, if any there be, caused Mrs. Pollard's injuries.

remand with instructions to adjudicate the summary judgment motion with respect to the claims premised upon Dr. Adams' conduct, with such supplemental briefing as the district court deems necessary.

## CONCLUSION

For the reasons stated herein, the judgment of the district court dismissing the claims against the United States is reversed insofar as the claims were premised upon Dr. Adams' actions, and the case is remanded for proceedings not inconsistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REVERSED AND REMANDED</u>